IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ALEJANDRA RAMOS and
MARIA ONELIA MACO CASTRO,

    Plaintiffs,

v.

JAVIER HOYLE and PATRICIA
PERALES,

    Defendants.

_____/

CASE NO.:

**08-CV-21809-Martinez-Brown**

FILED by _VT_ D.C.
ELECTRONIC

**JUNE 24, 2008**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## COMPLAINT

The Plaintiffs, ALEJANDRA RAMOS RAMOS ("RAMOS") and MARIA ONELIA MACO CASTRO ("MACO") alleges as follows:

## INTRODUCTION

1.    This is an action for damages against Defendants JAVIER HOYLE ("HOYLE") and Defendant PATRICIA PERALES ("PERALES"), husband and wife. This action is for the Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq* ("FLSA"), the Florida Minimum Wage Act, 2007 Fla. Stat. § 448.110 ("FMWA"), Breach of Contract, Fraud, and for violation of the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1589 *et. seq* ("TVPRA").

2.    Defendants HOYLE and PERALES employed Plaintiff RAMOS in Peru, Puerto Rico, and Key Biscayne, Florida, as a housekeeper and childcare provider from 2002 until 2005 and employed Plaintiff MACO in the same capacity in Key Biscayne, Florida, from 2006 until 2008.

1

DEUTSCH ROTBART ASSOCIATES, P.A.
BOCA RATON • FORT LAUDERDALE • MIAMI

3. Defendants HOYLE and PERALES lured Plaintiffs RAMOS and MACO into accompanying the Defendants to the United States and continuing in their employ with false promises about the nature of their employment, wages, benefits, and legal status.

4. Defendants HOYLE and PERALES, in addition, failed to maintain authorized immigration and employment status for Plaintiffs RAMOS and MACO, denied Plaintiffs adequate food and rest, refused requests for medical care, provided substandard living quarters, improperly threatened legal action or consequences, withheld passports and other documents, and otherwise acted in a disparaging and disrespectful manner.

## JURISDICTION AND VENUE

5. This is an action for damages, and is brought in part pursuant to 29 U.S.C. §§ 201 *et. seq*, and pursuant to the laws of the State of Florida.

6. Venue is proper in Miami-Dade County because Plaintiffs RAMOS and MACO, Defendant HOYLE, and Defendant PERALES presently resided in Miami-Dade County.

7. Venue is also proper in Miami-Dade County because it is where a significant portion of the material events complained of occurred and where all parties presently reside.

8. All conditions precedent to this action have been satisfied.

## PARTIES

9. Plaintiff RAMOS and MACO are and were, at all times material to the Complaint, residing in Miami-Dade County, Florida.

2

10.     Defendant HOYLE and Defendant PERALES are and were, at all times material to the Complaint, residing in Miami-Dade County, Florida.

## GENERAL ALLEGATIONS

11.     Plaintiffs RAMOS and MACO were employed by Defendant HOYLE and Defendant PERALES as housekeepers and childcare providers.

12.     Plaintiffs RAMOS and MACO each signed an employment contract with Defendant HOYLE, detailing wage per hour and hours per day, that Defendants presented at the United States Embassy in Peru.  Defendants failed to adhere to the terms of these contracts.  Plaintiffs RAMOS and MACO were never given copies of their employment contracts.

13.     Plaintiffs RAMOS and MACO were initially told by Defendants HOYLE and PERALES they would be responsible for specified duties but were required to perform numerous additional duties including but not limited to childcare, laundry, ironing, cooking, and cleaning.

14.     Defendants HOYLE and PERALES did not pay Plaintiffs RAMOS and MACO for all hours worked at a rate equivalent to the promised contract rate, the prevailing wage rate, or the minimum wage rate.

15.     Defendants HOYLE and PERALES routinely failed to pay Plaintiffs RAMOS and MACO the full amount of wages due, routinely failed to pay wages on time, and did not pay at all for several months.

16.     Defendants HOYLE and PERALES did not post required notices about Plaintiffs' employment rights.

3

17.     Defendant PERALES incorrectly advised Plaintiff RAMOS and MACO of the laws in the United States regarding wages, visa status and work authorization, and other rights.

18.     Defendants withheld Plaintiffs RAMOS' and MACO's passport and visa documentation throughout their entire employment, even after repeated requests by the Plaintiffs.

19.     Plaintiffs RAMOS and MACO slept in a converted closet adjacent to the garbage chute in Key Biscayne, Florida and were subjected to verbal abuse and disparaging treatment.

20.     Plaintiffs RAMOS and MACO were given insufficient food.

21.     Plaintiffs RAMOS and MACO were expected to be on duty all night when the Defendants HOYLE and PERALES' children were in the house. Plaintiffs RAMOS and MACO were required to be available for, and did in fact provide, regular nighttime childcare, in addition to their daytime duties.

22.     Defendants HOYLE and PERALES promised repeatedly to maintain legal immigration status and work authorization for Plaintiffs RAMOS and MACO but failed to do so.

23.     Defendants HOYLE and PERALES failed to file required immigration and tax documents and/or filed documents that were improper.  Defendants HOYLE and PERALES hired, met with, and instructed attorneys on how to handle immigration and employment matters pertaining to Plaintiffs without advising, consulting, or including Plaintiffs RAMOS and MACO.

DEUTSCH ROTBART   ASSOCIATES, P.A.

BOCA RATON  •  FORT LAUDERDALE  •  MIAMI

24.     Defendants HOYLE and PERALES made false statements to Plaintiffs RAMOS and MACO regarding their employment and immigration rights and status.

25.     Defendants HOYLE and PERALES improperly advised Plaintiffs RAMOS and MACO that Defendants HOYLE and PERALES did not have to pay promised wages because of deductions for visa, travel, food, and other costs.

26.     Defendants HOYLE and PERALES improperly advised Plaintiffs RAMOS and MACO not to discuss wages, working conditions, or immigration status with others in the United States.

27.     Defendants HOYLE and PERALES threatened Plaintiffs RAMOS and MACO with arrest, incarceration, and/or deportation if they sought to escape from the exploitive conditions.

## PLAINTIFF RAMOS STATEMENT OF FACTS

28.     Plaintiff RAMOS worked in Peru for Defendants HOYLE and PERALES for approximately four (4) months beginning early in 2002.

29.     In Peru, Plaintiff RAMOS was hired by Defendant PERALES to prepare meals for the family and cater for parties.

30.     Defendants HOYLE and PERALES hired Plaintiff RAMOS to come to the United States to take care of Defendants HOYLE and PERALES' child.  Defendant RAMOS was told that this would be her sole responsibility.

31.     Defendants HOYLE and PERALES were aware that Plaintiff RAMOS suffered from diabetes prior to retaining her as an employee and prior to recruiting her to come to the United States.

5

32.     Defendant HOYLE assisted Plaintiff RAMOS in obtaining a passport to travel with Defendants HOYLE and PERALES to the United States.  Plaintiff RAMOS has never had this passport since it was originally issued; it is in Defendant HOYLE'S possession.

33.     Defendants HOYLE and PERALES and Plaintiff RAMOS executed an employment contract with the following provisions at the United States Embassy in Peru:

     a.  Plaintiff RAMOS was promised seven dollars ($7.00) per hour, and was to work eight (8) hours a day from Monday through Friday;

     b.  Plaintiff RAMOS was not to work on Saturdays or Sundays; and,

     c.  Defendants HOYLE and PERALES were responsible for Plaintiff RAMOS' medical insurance and other benefits in the United States.

34.     Defendant HOYLE instructed Plaintiff RAMOS to sign the contract. Plaintiff RAMOS was not given an opportunity to read the contract.

35.     Plaintiff RAMOS never received a copy of the employment contract.

36.     Plaintiff RAMOS and Defendants HOYLE and PERALES then moved to Puerto Rico.  Before arriving in Puerto Rico, Defendants HOYLE and PERALES told Plaintiff RAMOS that she would only be responsible for childcare.

37.     While in Puerto Rico from approximately 2002 until 2004 Defendants HOYLE and PERALES demanded additional work not agreed to in the employment contract.  Plaintiff RAMOS was responsible for cleaning, ironing, washing, and cooking in addition to full-time supervision of the child.

DEUTSCH ROTBART ASSOCIATES, P.A.
BOCA RATON • FORT LAUDERDALE • MIAMI

38. Plaintiff RAMOS' childcare duties in Puerto Rico included sleeping in the same room as the Defendant's child and tending to him every time he woke up during the night. Defendants HOYLE and PERALES directed Plaintiffs RAMOS to sleep in the room with the child or to sleep in a room with a child monitor throughout the time of her employment.

39. Plaintiff RAMOS arrived in the United States in August 2002. Defendants HOYLES and PERALES lived in a four (4) bedroom house with a pool in Puerto Rico.

40. Defendants HOYLE and PERALES did not permit Plaintiff RAMOS to use any of the three (3) indoor bathroom facilities in the Puerto Rico home but was instructed by Defendants HOYLE and PERALES to use the outdoor bathroom.

41. Plaintiff RAMOS was instructed by Defendants HOYLE and PERALES to use the outdoor shower which had one wall and no overhead covering.

42. Plaintiff RAMOS was instructed by Defendants HOYLE and PERALES not to use the same dishes as the family used.

43. Defendants HOYLE and PERALES never returned Plaintiff RAMOS' passport, visa, or any other documents despite repeated requests throughout the duration of her employment. See ¶ 33.

44. Defendants HOYLE and PERALES threatened to report Plaintiff RAMOS to immigration for deportation if she tried to escape.

45. Defendant PERALES repeatedly told Plaintiffs RAMOS that the Defendants would urge law enforcement and immigration officials to pursue her should she ever escape, just as Defendant PERALES'S sister did in New York when a domestic employee escaped.

DEUTSCH ROTBART  ASSOCIATES, P.A.
BOCA RATON • FORT LAUDERDALE • MIAMI

46.   Defendant PERALES incorrectly advised Plaintiff RAMOS of the laws in the United States by falsely alleging that nannies can be prosecuted for *any* harm children might suffer while under their care.

47.   Plaintiff RAMOS was forced to work seven (7) days per week, instead of the stipulated five (5) days per week, without additional compensation.

48.   After several months, Plaintiff RAMOS was allowed roughly six (6) hours off each Sunday.

49.   Plaintiff RAMOS was paid four hundred dollars ($400.00) per month for the first six (6) months and thereafter five hundred dollars ($500.00) per month, which was well below the amount agreed to in the employment contract.

50.   Plaintiff RAMOS did not receive promised health insurance or access to medical services while Defendants HOYLE and PERALES employed her.

51.   On numerous occasions in 2002 and 2003, Defendants HOYLE and PERALES went out of town and left Plaintiff RAMOS alone in the house with no food or other provisions.

52.   While Defendants HOYLE and PERALES were out of town in August 2003 Plaintiff RAMOS collapsed.  She was taken to a doctor by an acquaintance.  The doctor advised Plaintiff RAMOS that she had medical problems related to diabetes and needed treatment.

53.   Upon Defendants HOYLE and PERALES' return, they forbade Plaintiff RAMOS from going to the follow-up medical appointment because it conflicted with her work schedule.  Defendants HOYLE and PERALES told Plaintiff RAMOS that if she wanted to seek medical advice, she might call a doctor in Peru.

8

54.    Defendant PERALES controlled what food Plaintiff RAMOS received.  The food was insufficient.

55.    In April 2004, Defendants HOYLE and PERALES moved to an apartment in Key Biscayne, Florida.  The Defendants promised Plaintiff RAMOS a raise.  Plaintiff RAMOS' salary did not increase.

56.    In Key Biscayne, Plaintiff RAMOS was required to sleep on a small bed in a converted closet adjoining the laundry room in the home of Defendants HOYLE and PERALES.  Plaintiff was separated only by a partition from the trash chute for the apartment and she could smell the odor.

57.    Plaintiff RAMOS went with Defendants HOYLE and PERALES to Peru for roughly two (2) weeks in 2002 and 2003 and roughly five (5) weeks in 2004 in or around the end of December each year. During that time, Plaintiff RAMOS continued her regular duties with the household for roughly one (1) week, and was only allowed to visit family. During those visits, Defendant HOYLE kept Plaintiff RAMOS' passport and other documents.

58.    Part of Plaintiff RAMOS' additional duties included cleaning up after the late-night parties that Defendants HOYLE and PERALES held at their home on Saturdays.

59.    Plaintiff RAMOS' health was deteriorating.  She often complained to Defendants HOYLE and PERALES about pain in her feet, headaches, and ovarian pain. Defendant PERALES gave her a general pain reliever.

60.    Plaintiff RAMOS repeatedly requested the promised medical insurance and medical care. Defendants HOYLE and PERALES told her that they could not afford

9

insurance and denied her the time off they had promised other than the roughly six (6) hours on Sunday.

61.     On or about February 2005, Plaintiff RAMOS asked if she could attend an English class offered on Sundays at a nearby church and at that time requested her passport to register.  Defendants HOYLE and PERALES denied her request for her passport and gave her only a copy of her passport.

62.     On or about February 2005, Plaintiff RAMOS asked again for the promised raise. Defendant PERALES told Plaintiff RAMOS that she would never get a raise and would "never be my equal."

63.     In the last four (4) months that Plaintiff RAMOS worked for Defendants HOYLE and PERALES, they did not pay her at all.

64.     Plaintiff RAMOS finally escaped after the working conditions worsened and her health deteriorated.  Plaintiff RAMOS left after a demanding day, during which, like many others, she was required to prepare food for a party, attend to Defendants HOYLE and PERALES' requests during the party, and clean-up after the party had ended until roughly 4 a.m.

65.     Plaintiff PERALES wrote a letter to Defendants HOYLE and PERALES explaining her departure and asking them not to fulfill their earlier threats to report her.

66.     Plaintiff RAMOS left the telephone, keys, and bible she had been given by Defendants HOYLE and PERALES.

67.     After leaving, Plaintiff RAMOS' diabetes continued to worsen.  On or about three months after leaving, she was treated for a detached retina and kidney infection, complications from diabetes that had gone untreated.

10

68.    About four months after leaving, Plaintiff RAMOS received treatment for her continuing eye and kidney problems at Jackson Memorial Hospital.   Jackson Memorial Hospital requested her passport.  At that point, Plaintiff RAMOS contacted Defendants HOYLE to request her passport.  Defendant HOYLE alleged that he turned her passport over to immigration.

## PLAINTIFF MACO'S STATEMENT OF FACTS

69.    On or about April 3, 2006, Defendant HOYLE contacted Plaintiff MACO at her sister's house in Peru to request that she come to the United States to take care of the Defendants' children.

70.    Defendant HOYLE instructed Plaintiff MACO to go to the office of his employer, the International Business Machine (IBM) corporation, and leave her passport with a specific office employee identified by Defendant HOYLE.  Plaintiff MACO left her passport with that employee for Defendant HOYLE'S attention.

71.    Defendant HOYLE directed Plaintiff MACO to meet him at the office/embassy.  On April 5, 2006, Defendant HOYLE and Plaintiff MACO went to the U.S. Embassy in Peru for Plaintiff MACO's visa interview.

72.    At the Embassy, Defendant HOYLE and Plaintiff MACO executed the employment contract with the following provisions:

        a.    Plaintiff MACO was promised seven dollars and fifty cents ($7.50) per hour, for a total of twelve hundred dollars ($1,200) per month, and was to work eight (8) hours a day;

11

b.    Defendants HOYLE and PERALES were responsible for Plaintiff MACO's benefits in the United States, including medical insurance, vacation, and other benefits.

73.    Plaintiff MACO was never given, and did not retain, a copy of the executed employment contract when she left the Embassy.

74.    During the journey to the United States, Defendant HOYLE told Plaintiff MACO that these employment contracts were only for visa purposes, employers do not actually pay the wages specified in the contracts, and Defendants HOYLE and PERALES would pay only eight hundred dollars ($800) per month to Plaintiff MACO.

75.    When Plaintiff MACO began employment with Defendants HOYLE and PERALES Key Biscayne, Florida in April, 2006, Defendants demanded additional work not originally agreed to in the employment contract.  Plaintiff MACO was responsible for cleaning, ironing, washing, and cooking in addition to full-time supervision of the children.

76.    Plaintiff MACO's additional duties also included cooking for and cleaning up after the late-night parties or special events that Defendants HOYLE and PERALES held at their home.

77.    Plaintiff MACO was forced to work six (6) or seven (7) days per week instead of the stipulated five (5) days per week, without additional compensation.

78.    Plaintiff MACO was only paid eight hundred dollars ($800.00) per month from April 2006 until October 2006, and subsequently one thousand dollars ($1,000.00) per month from November 2006 until May 2008, which was well below the amount agreed to in the employment contract. Plaintiff MACO did not receive paid medical

12

insurance, vacation, or other promised benefits while Defendants HOYLE and PERALES employed her.

79.     Plaintiff MACO was not paid for the month of December 2007, and Plaintiff MACO's monthly salary was an amount less than the contract stated and late numerous times.

80.     Defendants HOYLE and PERALES incorrectly advised Plaintiff MACO that her wages were properly reduced because Plaintiff MACO had the added benefit of legal status and alleged that deductions for the costs of visa processing and travel costs were proper.

81.     Plaintiff MACO was forced to live in a converted closet in Defendant HOYLE and PERALES' apartment.  It was separated only by a partition from the trash chute and laundry room and Plaintiff MACO could constantly smell the odor from the trash.

82.     Defendant PERALES controlled what food Plaintiff MACO received.  The food was insufficient.

83.     Defendants HOYLE and PERALES promised Plaintiff MACO that she would be able to return to Peru for the Christmas holiday in 2006, but then denied Plaintiff MACO the chance to go.

84.     Defendants HOYLE and PERALES returned to Peru for a month in both 2006 and 2007 and left Plaintiff MACO one hundred dollars ($100.00) to buy food in anticipation for the family's return, for which they wanted receipts.  Defendants left no money or provisions for Plaintiff MACO during the period in which the family was out of the country.  Plaintiff MACO was also given additional duties during this period.

13

DEUTSCH ROTBART ASSOCIATES, P.A.

85.   Defendant HOYLE failed to file correctly for Plaintiff MACO's visa extensions and employment authorization throughout her employment with Defendants. Defendant HOYLE repeatedly told Plaintiff MACO that her visa status and employment authorization was in order.

86.   Defendants HOYLE and PERALES withheld Plaintiff MACO'S passport and other documents and did not return them despite repeated requests during her term of employment.

87.   Defendants' repeatedly and improperly threatened that Plaintiff MACO would lose her valid immigration status, be arrested, and be deported if she escaped from employment.

88.   Defendant PERALES accompanied Plaintiff MACO to a nearby park where children and nannies congregated and pointed out specific individuals with whom Plaintiff MACO could not speak. Defendant PERALES indicated that some nannies were "bad" because they previously had "put ideas" about escaping into the mind of Plaintiff RAMOS.

89.   Defendant PERALES repeatedly told Plaintiff MACO that she would "lose everything," including salary and valid immigration and employment status, if Plaintiff MACO followed the example of Plaintiff RAMOS in escaping.

90.   Defendant PERALES repeatedly told Plaintiff MACO that the Defendants would encourage law enforcement and immigration officials to pursue her should she ever escape, just as Defendant PERALES'S sister did in New York when a domestic employee escaped.

14

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

91.   Plaintiffs RAMOS and MACO re-allege and reincorporate by reference the allegations contained in paragraphs 1 through 92 as though fully set forth herein.

92.   At all times relevant to this action, Plaintiffs RAMOS and MACO were employees of the Defendants within the meaning of Fair Labor Standards Act ("FLSA") 29 U.S.C. § 203(e).

93.   At all times relevant to this action, Defendants were Plaintiffs RAMOS and MACO'S employers within the meaning of the FLSA 29 U.S.C. § 203(d).

94.   At all times relevant to this action, Plaintiffs RAMOS and MACO'S were employed by Defendants within the meaning of the FLSA 29 U.S.C. § 203(g).

95.   At all times relevant to this action, Plaintiffs RAMOS and MACO were engaged in commerce within the meaning of 29 U.S.C. § 206(a).

96.   At all times relevant to this action, Plaintiffs RAMOS and MACO were employed as domestic employees within the meaning of 29 U.S.C. § 206(f).

97.   Defendants HOYLE and PERALES violated 29 U.S.C. §§ 201 *et. seq* by failing to pay Plaintiffs RAMOS and MACO at least the federally mandated minimum wage per hour for all the hours they worked.

98.   Defendants made unlawful deductions from wages of Plaintiffs RAMOS and MACO including inter alia expenses for point-of-hire travel, visa, food, and housing expenses.

99.   Defendants failure to pay Plaintiffs their mandated minimum wages were willful violations of FLSA within the meaning of 29 U.S.C § 255(a).

15

100. As a consequence of Defendants HOYLE and PERALES' violations of Plaintiffs RAMOS and MACO'S rights under the FLSA, Plaintiffs RAMOS and MACO are entitled to unpaid minimum wages, plus an additional equal amount in liquidated damages, attorneys' fees, and court costs, pursuant to 29 U.S.C. § 216(b).

101. Extraordinary circumstances prevented Plaintiffs RAMOS and MACO from asserting a claim against Defendants HOYLE and PERALES for their wrongful conduct, despite due diligence by Plaintiffs. Plaintiffs RAMOS and MACO were actively misled by Defendants regarding their cause of action. Due to Defendants' misrepresentation of the law, Plaintiffs were unable to obtain critical information illustrating the existence of their claim.

## COUNT II
## FLORIDA MINIMUM WAGE ACT

102. Plaintiffs RAMOS and MACO re-allege and reincorporate by reference the allegations contained in paragraphs 1 through 92 as though fully set forth herein.

103. At all times relevant to this action, Plaintiffs RAMOS and MACO were employees of the Defendants within the meaning of Florida Minimum Wage Act ("FMWA") 2007 Fla. Stat. § 448.109(1)(a).

104. At all times relevant to this action, Defendants were Plaintiffs RAMOS' and MACO'S employers within the meaning of the FMWA 2007 Fla. Stat. § 448.109(1)(a).

105. At all times relevant to this action, Plaintiffs RAMOS and MACO were employed by Defendants within the meaning of the FMWA 2007 Fla. Stat. § 448.109(1)(a).

16

106.  Defendants HOYLE and PERALES violated 2007 Fla. Stat. § 448.110 *et. seq* by failing to pay Plaintiffs RAMOS and MACO at least the state mandated minimum wage.

107.  Defendants failed to prominently display required notice advising employees of right to be paid minimum wage per hour under state law pursuant to 2007 Fla. Stat. § 448.109(2)-(3).

108.  As a consequence of Defendants HOYLE and PERALES' violations of Plaintiffs RAMOS' and MACO'S rights under the FMWA, Plaintiffs RAMOS and MACO are entitled to bring a civil action in a court of law against the Defendants to recover unpaid minimum wages, plus an additional equal amount in liquidated damages, attorneys' fees, and court costs, pursuant to 2007 Fla. Stat. §§ 448.109(3), 448.110 (6)(c)(1).

**COUNT III**
**BREACH OF CONTRACT**

109.  Plaintiffs RAMOS and MACO re-allege and reincorporate by reference the allegations contained in paragraphs 1 through 92 as though fully set forth herein.

110.  Defendants HOYLE and PERALES offered, and Plaintiffs RAMOS accepted, to obtain and maintain immigration status and provide a contract for employment at a wage rate of seven dollars ($7.00) per hour in exchange for Plaintiffs' labor.

111.  Defendants HOYLE and PERALES offered, and Plaintiffs MACO accepted, to obtain and maintain immigration status and provide a contract for employment at a wage rate of seven dollars fifty cents ($7.50) per hour in exchange for Plaintiffs' labor.

DEUTSCH ROTBART ASSOCIATES, P.A.
BOCA RATON • FORT LAUDERDALE • MIAMI

112.   Plaintiffs RAMOS and MACO advanced consideration for the promises set out in the employment contract in that both Plaintiffs left their work and family in Peru and traveled to the United States.

113.   Plaintiffs   RAMOS   and   MACO   surrendered   other   employment opportunities, incurred other financial losses in reasonable reliance and performed work based on these agreements.

114.   Defendants HOYLE and PERALES breached this contract in that they did not pay Plaintiff RAMOS at a wage rate of seven dollars ($7.00) for each hour worked.

115.   Defendants HOYLE and PERALES breached this contract in that they did not pay Plaintiff MACO at a wage rate of seven dollars fifty cents ($7.50) for each hour worked.

116.   Plaintiffs RAMOS and MACO suffered and continue to suffer economic damages as a direct result of Defendants HOYLE and PERALES' breach.

117.   Plaintiffs are entitled to recover any and all damages available to them in an amount to be proven at trial.

## COUNT IV
## FRAUD

118.   Plaintiffs RAMOS and MACO re-allege and reincorporate by reference the allegations contained in paragraphs 1 through 92 as though fully set forth herein.

119.   Defendants HOYLE and PERALES knowingly made materially false and deceptive statements and representations to Plaintiffs RAMOS and MACO regarding the nature and terms and conditions of employment and the obtaining and maintenance of immigration status and employment authorization in the United States.

DEUTSCH ROTBART   ASSOCIATES, P.A.

BOCA RATON  •  FORT LAUDERDALE  •  MIAMI

120.   Defendants HOYLE and PERALES knowingly failed to disclose material facts to Plaintiffs RAMOS and MACO regarding the nature, terms and conditions of employment and the procedures for maintaining of immigration status and employment authorization, as well as providing tax documents and making required tax payments, relevant to their employment in the United States.

121.   Defendants HOYLE and PERALES intended that their false statements would persuade Plaintiffs to leave their homes and jobs in Peru to travel to the United States to work for the Defendants and to continue in the Defendants' employ.

122.   Plaintiffs reasonably relied on the representations of Defendants HOYLE and PERALES and had no reason to believe these representations were false.

123.   Plaintiffs were entitled to rely on Defendants' representations.

124.   As a direct and proximate result of Defendants HOYLE'S and PERALES'S knowing, willing, and intentional actions, Plaintiffs have suffered injury.

125.   In reasonable reliance on Defendants' false representations regarding immigration status, employment authorization, and employment terms and conditions, Plaintiffs RAMOS and MACO were denied medical treatment, legal immigration status, employment authorization, and tax payments on their behalf.

126.   The unlawful conduct of Defendants HOYLE and PERALES, as alleged in this Complaint, was and continues to be fraudulent and oppressive in that Defendants HOYLE and PERALES acted with full knowledge of the consequences to Plaintiffs RAMOS and MACO with the intent to violate the statutory, contractual and other employment rights of Plaintiffs RAMOS and MACO.

DEUTSCH ROTBART   ASSOCIATES, P.A.

BOCA RATON  •  FORT LAUDERDALE  •  MIAMI

127.   Defendants showed willful, conscious, wanton, and reckless disregard for Plaintiffs RAMOS' and MACO'S rights and for the deleterious consequences and unjust hardship placed upon Plaintiffs RAMOS and MACO.

128.   Plaintiffs RAMOS and MACO are entitled to any and all damages including, but not limited to, compensatory and punitive damages in an amount to be proven at trial.

**COUNT V**
**VIOLATION OF THE TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT**

129.   Plaintiffs RAMOS and MACO re-allege and reincorporate by reference the allegations contained in paragraphs 1 through 92 as though fully set forth herein.

130.   Defendants HOYLE and PERALES violated the Trafficking Victims Protection Reauthorization Act ("TVPRA") 18 U.S.C. § 1589(2) by knowingly attempting and obtaining the labor and services of Plaintiffs using a scheme, plan or pattern, which in the totality of the circumstances, was intended to coerce Plaintiffs to believe they would suffer serious harm if they were to leave the employ of Defendants.

131.   As a consequence of the Defendants' scheme and actions, Plaintiffs RAMOS and MACO were isolated within the home and forced to live in conditions causing psychological harm.   Food rations, passports, and wages were withheld at various times during their respective periods of employment.

132.   Defendants HOYLE and PERALES violated 18 U.S.C. § 1589(3) by knowingly providing and obtaining the labor and employment of Plaintiffs by means of threatened abuse of the law or legal process.

20

DEUTSCH ROTBART ASSOCIATES, P.A.
BOCA RATON • FORT LAUDERDALE • MIAMI

133.   Defendants threatened Plaintiffs RAMOS and MACO with deportation and or loss of legal status as a means of obtaining compliance with the terms of employment which constitutes an abuse of the legal process under 18 U.S.C. §1589(3).

134.   Plaintiffs RAMOS and MACO are authorized to bring these civil claims against the defendants pursuant to the civil remedies provision of the TVPRA 18 U.S.C § 1595.

135.   Plaintiffs suffered injury as a proximate result of these actions.

136.   Plaintiffs are entitled to compensatory and punitive damages in an amount to be determined at trial and any other relief including attorney's fees and costs.

137.   Defendants HOYLE and PERALES violated 18 U.S.C. § 1590 by knowingly recruiting, harboring, transporting and obtaining Plaintiffs RAMOS and MACO for labor and services in violation of the TVPRA.

138.   Defendants knowingly and willfully held Plaintiffs RAMOS and MACO in involuntary servitude by removing, confiscating, and keeping Plaintiffs' passports and other immigration documents in their possession and refusing to provide them to Plaintiffs.

139.   Plaintiffs RAMOS and MACO are authorized to bring these civil claims against the defendants pursuant to the civil remedies provision of the TVPRA 18 U.S.C § 1595.

140.   Plaintiffs suffered injury as a proximate result of these actions.

141.   Plaintiffs are entitled to compensatory and punitive damages in an amount to be determined at trial and any other relief including attorney's fees and costs.

DEUTSCH ROTBART  ASSOCIATES, P.A.

BOCA RATON • FORT LAUDERDALE • MIAMI

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs RAMOS and MACO respectfully requests this Court to:

    a.  Award Plaintiffs' RAMOS and MACO's unpaid wages;

    b.  Award Plaintiffs any and all damages available to them including, but not limited to compensatory, liquidated, and punitive;

    c.  Award Plaintiffs their reasonable attorneys' fees and costs; and,

    d.  For such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs RAMOS and MACO demand a jury by trial on each and every claim set forth herein.

Respectfully submitted,

DEUTSCH ROTBART & ASSOCIATES, P.A
Counsel for Plaintiffs
7251 West Palmetto Park Road
Suite 206
Boca Raton, Florida 33433
Telephone:  561.361.8010
Facsimile:   561.361.8086

BY: __Erika Deutsch Rotbart s/.__
     Erika Deutsch Rotbart, Esq.
     Florida Bar No.: 0047686

FLORIDA IMMIGRANT ADVOCACY CENTER
Counsel for Plaintiffs
3000 Biscayne Blvd.
Suite 400
Miami, Florida 33137
Telephone: 305.573.1106 ext. 1020
Facsimile: 305.576.6273

BY: __Mary Gundrum s/.__
     Mary Gundrum, Esq.
     Florida Bar No.: 0937339

22

DEUTSCH ROTBART   ASSOCIATES, P.A.
BOCA RATON • FORT LAUDERDALE • MIAMI

**CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing, and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of the Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**

ALEJANDRA RAMOS and
MARIA ONELIA MACO CASTRO

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **DADE**
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS** JANIOR HOYLE AND
PATRICIA PERALES

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **DADE**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
DEUTSCH RUTBART & ASSOCIATES, P.A.
7251 W. PALMETTO PARK ROAD, SUITE 206
BOCA RATON FL 33433
AND MARY GUNDRUM, FLORIDA IMMIGRANT ADVOCACY CENTER

ATTORNEYS (IF KNOWN)

M08CV 21809 - Martinez - Brown

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
**DADE**, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X ONE BOX ONLY)

☐1. U.S. Government   ☒3. Federal Question
   Plaintiff              (U.S. Government Not a Party)
☐2. U.S. Government   ☐4. Diversity
   Defendant             (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF
(For Diversity Case Only)                    AND ONE FOR DEFENDANT

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☒1 | Incorporated of Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☒3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Declaratory Relief, Breach of Contract, Defamation

29 USC §201 ; Fla. Min. Wage Act 948.110
18 USC §1589

**Iva.** 5 days estimated (for both sides) to try entire case

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐610 Agriculture | ☐422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | | ☐620 Other Food & Drug | ☐423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐310 Airplane  ☐362 Personal Injury-Med Malpractice | ☐625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐315 Airplane Product Liability  ☐365 Personal Injury-Product Liability | ☐630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐320 Assault, Libel & Slander  ☐368 Asbestos Personal Injury Product Liability | ☐640 R.R. & Truck | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐330 Federal Employers' Liability | ☐650 Airline Regs. | | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) B | ☐340 Marine | ☐660 Occupational Safety/Health | ☐820 Copyrights  ☐830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐345 Marine Product Liability  **PERSONAL PROPERTY** | ☐690 Other | ☐840 Trademark | ☐ 850 Securities/ Commodities/ Exchange |
| ☐ 160 Stockholder's Suits | ☐350 Motor Vehicle  ☐370 Other Fraud | | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12USC3410 |
| ☐ 190 Other Contract | ☐355 Motor Vehicle Product Liability  ☐371 Truth in Lending B | | | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐360 Other Personal Injury  ☐380 Other Personal Property Damage | | ☐861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| | ☐385 Property Damage Product Liability | | ☐862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | ☐863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **B PRISONER PETITIONS** | ☐864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| | | | ☐865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | **A LABOR** | ☐ 950 Constitutionality of State Statutes |
| ☐ 220 Foreclosure B | ☐ 442 Employment | ☐ 530 General* | ☒710 Fair Labor Standards Act | ☐ 890 Other Statutory Actions* * A or B |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐720 Labor Management Relations B | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other* | ☐730 Labor Management Reporting & Disclosure Act | **A FEDERAL TAX SUITS** |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights *A or B | ☐740 Railway Labor Act | ☐870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 290 All Other Real Property | | | ☐790 Other Labor Litigation | ☐871 IRS-Third Party 26 USC 7609 |
| | | | ☐791 Employee Ret. Inc. Security Act B | Declaratory relief and state law claims for defamation |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

☒1. Original   ☐2. Removed from   ☐3. Remanded from   ☐4. Refiled   ☐5. Multidistrict Litigation   ☐
Proceeding      State Court        Appellate Court     7. Appeal to District Judge from
                                                       ☐5. Transferred from another district
                                                       (Specify)Magistrate Judgment

**VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23 | DEMAND $ _____ | Check YES only if demanded in complaint: ☐YES JURY DEMAND: ☐NO

**VIII. RELATED** (See Instructions): (SEE ATTACHED)

30.00   543496