IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ALEJANDRA RAMOS RAMOS and    CASE NO.:  08-CV-21809
MARIA ONELIA MACO CASTRO,    MARTINEZ/BROWN

   Plaintiffs,

v.

JAVIER HOYLE and PATRICIA
PERALES,

   Defendants.

_____/

## PLAINTIFF'S FIRST AMENDED COMPLAINT

The Plaintiffs, ALEJANDRA RAMOS ("RAMOS") and MARIA ONELIA MACO

CASTRO ("MACO") alleges as follows:

### INTRODUCTION

1. This is an action for damages against Defendants JAVIER HOYLE

("HOYLE") and Defendant PATRICIA PERALES ("PERALES"), husband and wife. This

action is for the Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§

201 *et. seq* ("FLSA"), the Florida Minimum Wage Act, 2007 Fla. Stat. § 448.110

("FMWA"), Breach of Contract, Fraud, and for violation of the Trafficking Victims

Protection Reauthorization Act, 18 U.S.C. § 1589 *et. seq* ("TVPRA").

2. Defendants HOYLE and PERALES employed Plaintiff RAMOS in Peru,

Puerto Rico, and Key Biscayne, Florida, as a housekeeper and childcare provider from

2002 until 2005 and employed Plaintiff MACO in the same capacity in Key Biscayne,

Florida, from 2006 until 2008.

3.      Defendants HOYLE and PERALES lured Plaintiffs RAMOS and MACO into accompanying the Defendants to the United States and continuing in their employ with false promises about the nature of their employment, wages, benefits, and legal status.

4.      Defendants HOYLE and PERALES, in addition, failed to maintain authorized immigration and employment status for Plaintiffs RAMOS and MACO, denied Plaintiffs adequate food and rest, refused requests for medical care, provided substandard living quarters, improperly threatened legal action or consequences, withheld passports and other documents, and otherwise acted in a disparaging and disrespectful manner.

## JURISDICTION AND VENUE

5.      This is an action for damages, and is brought in part pursuant to 29 U.S.C. §§ 201 *et. seq*, and pursuant to the laws of the State of Florida.

6.      Venue is proper in Miami-Dade County because Plaintiffs RAMOS and MACO, Defendant HOYLE, and Defendant PERALES presently resided in Miami-Dade County.

7.      Venue is also proper in Miami-Dade County because it is where a significant portion of the material events complained of occurred and where all parties presently reside.

8.      All conditions precedent to this action have been satisfied.

2

## PARTIES

9.     Plaintiffs RAMOS and MACO are and were, during the time when a significant portion of the material events complained of occurred, residing in Miami-Dade County, Florida.

10.     Defendants HOYLE and PERALES are and were, during the time when a significant portion of the material events complained of occurred, residing in Miami-Dade County, Florida.

## GENERAL ALLEGATIONS

11.     Plaintiffs RAMOS and MACO were employed by Defendant HOYLE and Defendant PERALES as housekeepers and childcare providers.

12.     Plaintiffs RAMOS and MACO each signed an employment contract with Defendant HOYLE, detailing wage per hour and hours per day, that Defendants presented at the United States Embassy in Peru.  Defendants failed to adhere to the terms of these contracts.  Plaintiffs RAMOS and MACO were never given copies of their employment contracts.

13.     Prior to signing the employment contract, Plaintiffs RAMOS and MACO were told by Defendants HOYLE and PERALES that they would be responsible only for specified duties but were required to perform numerous additional duties.

14.     Defendants HOYLE and PERALES did not pay Plaintiffs RAMOS and MACO for all hours worked at a rate equivalent to the promised contract rate, the prevailing wage rate, or the minimum wage rate.

15.     Defendants HOYLE and PERALES routinely failed to pay Plaintiffs RAMOS and MACO the full amount of wages due, routinely failed to pay wages on time, and did not pay at all for several months.

16.     Defendants HOYLE and PERALES did not post required notices about Plaintiffs' employment rights.

17.     Defendant PERALES incorrectly advised Plaintiff RAMOS and MACO of the laws in the United States regarding wages, visa status and work authorization, and other rights.

18.     Defendants HOYLE told Plaintiffs RAMOS and MACO prior to the signing of the employment contract that he needed their passports in order to secure a visa from the United States Embassy, then maintained control of the passports and visas during the entire period of their employment and refused repeated requests by Plaintiffs for the return of their documents.

19.     Plaintiffs RAMOS and MACO slept in a converted closet adjacent to the garbage chute in Key Biscayne, Florida and were subjected to verbal abuse and disparaging treatment.

20.     Plaintiffs RAMOS and MACO were given insufficient food.

21.     Plaintiffs RAMOS and MACO were expected to be on duty all night when the Defendants HOYLE and PERALES' children were in the house. Plaintiffs RAMOS and MACO were required to be available for, and did in fact provide, regular nighttime childcare, in addition to their daytime duties.

4

22.     Defendants HOYLE and PERALES promised Plaintiffs RAMOS and MACO prior to and repeatedly throughout their employment that Defendants would maintain the Plaintiffs' legal status and work authorization but failed to do so.

23.     Defendants HOYLE and PERALES failed to file required immigration and tax documents and/or filed documents that were improper.  Defendants HOYLE and PERALES hired, met with, and instructed attorneys on how to handle immigration and employment matters pertaining to Plaintiffs without advising, consulting, or including Plaintiffs RAMOS and MACO.

24.     Defendants HOYLE and PERALES made false statements to Plaintiffs RAMOS and MACO regarding their employment and immigration rights and status.

25.     Defendants HOYLE and PERALES improperly advised Plaintiffs RAMOS and MACO that Defendants HOYLE and PERALES did not have to pay promised wages because of deductions for visa, travel, food, and other costs.

26.     Defendants HOYLE and PERALES improperly advised Plaintiffs RAMOS and MACO not to discuss wages, working conditions, or immigration status with others in the United States.

27.     Defendants HOYLE and PERALES threatened Plaintiffs RAMOS and MACO with arrest, incarceration, and/or deportation if they sought to escape from the exploitive conditions.

**PLAINTIFF RAMOS STATEMENT OF FACTS**

28.     Plaintiff RAMOS worked in Peru for Defendants HOYLE and PERALES for approximately four (4) months beginning on or about March 2002.

29.     In Peru, Plaintiff RAMOS was hired by Defendant PERALES to prepare meals for the family and cater for parties.

30.     Defendants HOYLE and PERALES hired Plaintiff RAMOS to come to the United States to take care of Defendants HOYLE and PERALES' child. Plaintiff RAMOS was told that this would be her sole responsibility and that additional staff would be employed to clean and carry out other household duties.

31.     Defendants HOYLE and PERALES were aware that Plaintiff RAMOS suffered from diabetes prior to retaining her as an employee and prior to recruiting her to come to the United States. When Defendants HOYLE and PERALES offered her a job in the United States, they promised that she would have adequate healthcare in the United States and that she would "do well" if she went with them to the United States.

32.     Defendant HOYLE assisted Plaintiff RAMOS in obtaining a passport to travel with Defendants HOYLE and PERALES to the United States. Defendant HOYLE told Plaintiff RAMOS prior to signing the employment contract that he needed possession of her passport in order to secure a visa, but in fact retained possession after the visa was granted. Plaintiff RAMOS never had possession of her passport since it was originally issued.

33.     Defendants HOYLE and Plaintiff RAMOS signed an employment contract at the Defendants' home in Peru then presented the signed contract, with the following provisions, to the best of information and belief, at the United States Embassy in Peru:

> a.   Plaintiff RAMOS was promised seven dollars ($7.00) per hour, and was to work eight (8) hours a day from Monday through Friday;
>
> b.   Plaintiff RAMOS was not to work on Saturdays or Sundays; and,

6

DEUTSCH ROTBART & ASSOCIATES, P.A.
BOCA RATON • FORT LAUDERDALE • MIAMI

      c.    Defendants HOYLE and PERALES were responsible for Plaintiff RAMOS' medical insurance and other benefits in the United States.

34.    Defendant HOYLE instructed Plaintiff RAMOS to sign the contract. Plaintiff RAMOS was not given an opportunity to read the contract.

35.    Plaintiff RAMOS never received a copy of the employment contract.

36.    Plaintiff RAMOS and Defendants HOYLE and PERALES then moved to Puerto Rico.  Before arriving in Puerto Rico, Defendants HOYLE and PERALES told Plaintiff RAMOS that she would only be responsible for childcare.

37.    While in Puerto Rico from approximately 2002 until 2004 Defendants HOYLE and PERALES demanded additional work not agreed to in the employment contract.  Plaintiff RAMOS was responsible for cleaning, ironing, washing, and cooking in addition to full-time supervision of the child.

38.    Plaintiff RAMOS' childcare duties in Puerto Rico included sleeping in the same room as the Defendant's child and tending to him every time he woke up during the night.  Defendants HOYLE and PERALES directed Plaintiffs RAMOS to sleep in the room with the child or to sleep in a room with a child monitor throughout the time of her employment.

39.    Plaintiff RAMOS arrived in the United States in August 2002.  Defendants HOYLES and PERALES lived in a four (4) bedroom house with a pool in Puerto Rico.

40.    Defendants HOYLE and PERALES did not permit Plaintiff RAMOS to use any of the three (3) indoor bathroom facilities in the Puerto Rico home but was instructed by Defendants HOYLE and PERALES to use the outdoor bathroom.

DEUTSCH ROTBART & ASSOCIATES, P.A.

BOCA RATON • FORT LAUDERDALE • MIAMI

41.     Plaintiff RAMOS was instructed by Defendants HOYLE and PERALES to use the outdoor shower which had one wall and no overhead covering.

42.     Plaintiff RAMOS was instructed by Defendants HOYLE and PERALES not to use the same dishes as the family used.

43.     Defendants HOYLE and PERALES never returned Plaintiff RAMOS' passport, visa, or any other documents despite repeated requests throughout the duration of her employment.  See ¶ 33.

44.     Throughout the period of Plaintiff RAMOS' employment, Defendants HOYLE and PERALES inaccurately assured Plaintiff RAMOS that she was "legal" so long as she stayed in their employ and improperly threatened to report Plaintiff RAMOS to immigrant authorities for detention and deportation if she tried to escape.

45.     Defendant PERALES repeatedly told Plaintiffs RAMOS that the Defendants would urge law enforcement and immigration officials to pursue her should she ever escape, just as Defendant PERALES'S sister did in New York when a domestic employee escaped.

46.     Defendant PERALES incorrectly advised Plaintiff RAMOS of the laws in the United States by falsely alleging that nannies can be prosecuted for *any* harm children might suffer while under their care.

47.     Plaintiff RAMOS was forced to work seven (7) days per week, instead of the stipulated five (5) days per week, without additional compensation.

48.     After several months, Plaintiff RAMOS was allowed roughly six (6) hours off each Sunday.

DEUTSCH ROTBART & ASSOCIATES, P.A.

BOCA RATON • FORT LAUDERDALE • MIAMI

49.     Plaintiff RAMOS was paid four hundred dollars ($400.00) per month for the first six (6) months and thereafter five hundred dollars ($500.00) per month, which was well below the amount agreed to in the employment contract.

50.     Plaintiff RAMOS did not receive promised health insurance or access to medical services while Defendants HOYLE and PERALES employed her.

51.     On several occasions in 2002 and 2003, Defendants HOYLE and PERALES went out of town and left Plaintiff RAMOS in the house with no food or other provisions. Defendants HOYLE and PERALES instructed Plaintiff RAMOS to carry out extra work duties.

52.     While Defendants HOYLE and PERALES were out of town in August 2003 Plaintiff RAMOS collapsed.  She was taken to a doctor by an acquaintance.  The doctor advised Plaintiff RAMOS that she had medical problems related to diabetes and needed treatment.

53.     Upon Defendants HOYLE and PERALES' return, they forbade Plaintiff RAMOS from going to the follow-up medical appointment because it conflicted with her work schedule.  Defendants HOYLE and PERALES told Plaintiff RAMOS that if she wanted to seek medical advice, she might call a doctor in Peru.

54.     Defendant PERALES controlled what food Plaintiff RAMOS received.  The food was insufficient.

55.     In April 2004, Defendants HOYLE and PERALES moved to an apartment in Key Biscayne, Florida. Defendants promised Plaintiff RAMOS a raise. Plaintiff RAMOS' salary did not increase.

DEUTSCH ROTBART & ASSOCIATES, P.A.

BOCA RATON • FORT LAUDERDALE • MIAMI

56.     In Key Biscayne, Plaintiff RAMOS was required to sleep on a small bed in a converted closet adjoining the laundry room in the home of Defendants HOYLE and PERALES.   Plaintiff was separated only by a partition from the trash chute for the apartment and she could smell the odor.

57.     Plaintiff RAMOS went with Defendants HOYLE and PERALES to Peru for roughly two (2) weeks in 2002 and 2003 and roughly five (5) weeks in 2004 in or around the end of December each year. During that time, Plaintiff RAMOS continued her regular duties with the household for roughly one (1) week, and was only allowed to visit family. During those visits, Defendant HOYLE kept Plaintiff RAMOS' passport and other documents.

58.     Part of Plaintiff RAMOS' additional duties included cleaning up after the late-night parties that Defendants HOYLE and PERALES held at their home on Saturdays.

59.     Plaintiff RAMOS' health was deteriorating.   She often complained to Defendants HOYLE and PERALES about pain in her feet, headaches, and ovarian pain. Defendant PERALES gave her a general pain reliever.

60.     Plaintiff RAMOS repeatedly requested the promised medical insurance and medical care. Defendants HOYLE and PERALES told her that they could not afford insurance and denied her the time off they had promised other than the roughly six (6) hours on Sunday.

61.     On or about February 2005, Plaintiff RAMOS asked if she could attend an English class offered on Sundays at a nearby church and at that time requested her

DEUTSCH ROTBART & ASSOCIATES, P.A.
BOCA RATON • FORT LAUDERDALE • MIAMI

passport to register.   Defendants HOYLE and PERALES denied her request for her passport and gave her only a copy of her passport.

62.    On or about February 2005, Plaintiff RAMOS asked again for the promised raise. Defendant PERALES told Plaintiff RAMOS that she would never get a raise and would "never be my equal."

63.    In the last four (4) months that Plaintiff RAMOS worked for Defendants HOYLE and PERALES, they did not pay her at all.

64.    Plaintiff RAMOS finally escaped on or about June 27, 2005, after the working conditions worsened and her health deteriorated. Plaintiff RAMOS feared that she would die if she continued to lack access to medical care. Plaintiff RAMOS left after a demanding day, during which, like many others, she was required to prepare food for a party, attend to Defendants HOYLE and PERALES' requests during the party, and clean up after the party had ended until approximately 4 a.m.

65.    Plaintiff PERALES wrote a letter to Defendants HOYLE and PERALES explaining her departure and asking them not to fulfill their earlier threats to report her.

66.    Plaintiff RAMOS left the telephone, keys, and bible she had been given by Defendants HOYLE and PERALES.

67.    Since leaving, Plaintiff RAMOS has suffered severe and continuing health problems related to diabetes. On or about three months after leaving, she was treated for a detached retina and kidney infection, complications from diabetes that had gone untreated.

68.    About four months after leaving, on or about October 2005, Plaintiff RAMOS received treatment for her continuing eye and kidney problems at Jackson

11

DEUTSCH ROTBART & ASSOCIATES, P.A.

BOCA RATON • FORT LAUDERDALE • MIAMI

## PLAINTIFF MACO'S STATEMENT OF FACTS

69.    On or about April 3, 2006, Defendant HOYLE contacted Plaintiff MACO at her sister's house in Peru to request that she come to the United States to provide childcare and promised Plaintiff MACO that he would make all arrangements to allow her to travel and work legally and that she would receive pay comparable to similar workers in the United States and would get "all the benefits" including access to medical care.

70.    Defendant HOYLE instructed Plaintiff MACO to go to the office of his employer, the International Business Machine (IBM) corporation, and leave her passport with a specific office employee identified by Defendant HOYLE.  Plaintiff MACO left her passport with that employee for Defendant HOYLE'S attention.

71.    Defendant HOYLE directed Plaintiff MACO to meet him at the IBM office in Peru. At the IBM office, Defendant HOYLE instructed Plaintiff MACO to sign the employment contract, then they went together to the United States Embassy in Peru for the visa interview.

72.    At the United States Embassy, Defendant HOYLE and Plaintiff MACO presented the employment contract with the following provisions, to the best of information and belief:

DEUTSCH ROTBART & ASSOCIATES, P.A.

BOCA RATON • FORT LAUDERDALE • MIAMI

a.   Plaintiff MACO was promised seven dollars and fifty cents ($7.50) per hour, for a total of twelve hundred dollars ($1,200) per month, and was to work eight (8) hours a day;

b.   Defendants HOYLE and PERALES were responsible for Plaintiff MACO's benefits in the United States, including medical insurance, vacation, and other benefits.

73.   Plaintiff MACO was never given, and did not retain, a copy of the executed employment contract when she left the Embassy.

74.   During the journey to the United States, Defendant HOYLE told Plaintiff MACO that these employment contracts were only for visa purposes, employers do not actually pay the wages specified in the contracts, and Defendants HOYLE and PERALES would pay only eight hundred dollars ($800) per month to Plaintiff MACO.

75.   When Plaintiff MACO began employment with Defendants HOYLE and PERALES Key Biscayne, Florida in April, 2006, Defendants demanded additional work not originally agreed to in the employment contract.  Plaintiff MACO was responsible for cleaning, ironing, washing, and cooking in addition to full-time supervision of the children.

76.    Plaintiff MACO's additional duties also included cooking for and cleaning up after the late-night parties or special events that Defendants HOYLE and PERALES held at their home.

77.   Plaintiff MACO was forced to work six (6) or seven (7) days per week instead of the stipulated five (5) days per week, without additional compensation.

DEUTSCH ROTBART & ASSOCIATES, P.A.

BOCA RATON • FORT LAUDERDALE • MIAMI

78.     Plaintiff MACO was only paid eight hundred dollars ($800.00) per month from April 2006 until October 2006, and subsequently one thousand dollars ($1,000.00) per month from November 2006 until May 2008, which was well below the amount agreed to in the employment contract. Plaintiff MACO did not receive paid medical insurance, vacation, or other promised benefits while Defendants HOYLE and PERALES employed her.

79.     Plaintiff MACO was not paid for the month of December 2007, and Plaintiff MACO's monthly salary was an amount less than the contract stated and late numerous times.

80.     Defendants HOYLE and PERALES incorrectly advised Plaintiff MACO that her wages were properly reduced because Plaintiff MACO had the added benefit of legal status and alleged that deductions for the costs of visa processing and travel costs were proper.

81.     Plaintiff MACO was forced to live in a converted closet in Defendant HOYLE and PERALES' apartment.  It was separated only by a partition from the trash chute and laundry room and Plaintiff MACO could constantly smell the odor from the trash.

82.     Defendant PERALES controlled what food Plaintiff MACO received.  The food was insufficient.

83.     Defendants HOYLE and PERALES promised Plaintiff MACO that she would be able to return to Peru for the Christmas holiday in 2006, but then denied Plaintiff MACO the chance to go.

DEUTSCH ROTBART & ASSOCIATES, P.A.
BOCA RATON • FORT LAUDERDALE • MIAMI

84.    Defendants HOYLE and PERALES returned to Peru for a month in both 2006 and 2007 and left Plaintiff MACO one hundred dollars ($100.00) to buy food in anticipation for the family's return, for which they wanted receipts.  Defendants left no money or provisions for Plaintiff MACO during the period in which the family was out of the country.  Plaintiff MACO was also given additional duties during this period.

85.    Defendants HOYLE and PERALES failed to file correctly for Plaintiff MACO's visa extensions and employment authorization throughout her employment with Defendants. Defendant HOYLE repeatedly and inaccurately told Plaintiff MACO that her visa status and employment authorization was in order, even after January 2007 when, to best of information and belief, Defendant HOYLE's own immigration status had changed to make him ineligible under immigration law to continue sponsoring Plaintiff MACO as a domestic employee.

86.    Defendants HOYLE and PERALES withheld Plaintiff MACO'S passport and other documents and did not return them despite repeated requests during her term of employment.

87.    Defendants' repeatedly and improperly threatened that Plaintiff MACO would lose her valid immigration status, be arrested, and be deported if she escaped from employment.

88.    Defendant PERALES accompanied Plaintiff MACO to a nearby park where children and nannies congregated and pointed out specific individuals with whom Plaintiff MACO could not speak. Defendant PERALES indicated that some nannies were "bad" because they previously had "put ideas" about escaping into the mind of Plaintiff RAMOS.

15

DEUTSCH ROTBART & ASSOCIATES, P.A.
B O C A   R A T O N   •   F O R T   L A U D E R D A L E   •   M I A M I

89.     Defendant PERALES repeatedly told Plaintiff MACO that she would "lose everything," including salary and valid immigration and employment status, if Plaintiff MACO followed the example of Plaintiff RAMOS in escaping.

90.     Defendant PERALES repeatedly told Plaintiff MACO that the Defendants would encourage law enforcement and immigration officials to pursue her should she ever escape, just as Defendant PERALES'S sister did in New York when a domestic employee escaped.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

91.     Plaintiffs RAMOS and MACO re-allege and reincorporate by reference the allegations contained in paragraphs 1 through 92 as though fully set forth herein.

92.     At all times relevant to this action, Plaintiffs RAMOS and MACO were employees of the Defendants within the meaning of Fair Labor Standards Act ("FLSA") 29 U.S.C. § 203(e).

93.     At all times relevant to this action, Defendants were Plaintiffs RAMOS and MACO'S employers within the meaning of the FLSA 29 U.S.C. § 203(d).

94.     At all times relevant to this action, Plaintiffs RAMOS and MACO'S were employed by Defendants within the meaning of the FLSA 29 U.S.C. § 203(g).

95.     At all times relevant to this action, Plaintiffs RAMOS and MACO were engaged in commerce within the meaning of 29 U.S.C. § 206(a).

96.     At all times relevant to this action, Plaintiffs RAMOS and MACO were employed as domestic employees within the meaning of 29 U.S.C. § 206(f).

DEUTSCH ROTBART & ASSOCIATES, P.A.

BOCA RATON • FORT LAUDERDALE • MIAMI

97.     Defendants HOYLE and PERALES violated 29 U.S.C. §§ 201 *et. seq* by failing to pay Plaintiffs RAMOS and MACO at least the federally mandated minimum wage per hour for all the hours they worked.

98.     Defendants made unlawful deductions from wages of Plaintiffs RAMOS and MACO including inter alia expenses for point-of-hire travel, visa, food, and housing expenses.

99.     Defendants failure to pay Plaintiffs their mandated minimum wages were willful violations of FLSA within the meaning of 29 U.S.C § 255(a).

100.    As a consequence of Defendants HOYLE and PERALES' violations of Plaintiffs RAMOS and MACO'S rights under the FLSA, Plaintiffs RAMOS and MACO are entitled to unpaid minimum wages, plus an additional equal amount in liquidated damages, attorneys' fees, and court costs, pursuant to 29 U.S.C. § 216(b).

101.    Extraordinary circumstances prevented Plaintiffs RAMOS and MACO from asserting a claim against Defendants HOYLE and PERALES for their wrongful conduct, despite due diligence by Plaintiffs.  Plaintiffs RAMOS and MACO were actively misled by Defendants regarding their cause of action.  Due to Defendants' misrepresentation of the law, Plaintiffs were unable to obtain critical information illustrating the existence of their claim.

## <u>COUNT II</u><br>FLORIDA MINIMUM WAGE ACT

102.    Plaintiffs RAMOS and MACO re-allege and reincorporate by reference the allegations contained in paragraphs 1 through 92 as though fully set forth herein.

DEUTSCH ROTBART & ASSOCIATES, P.A.

BOCA RATON • FORT LAUDERDALE • MIAMI

103.   At all times relevant to this action, Plaintiffs RAMOS and MACO were employees of the Defendants within the meaning of Florida Minimum Wage Act ("FMWA") 2007 Fla. Stat. § 448.109(1)(a).

104.   At all times relevant to this action, Defendants were Plaintiffs RAMOS' and MACO'S employers within the meaning of the FMWA 2007 Fla. Stat. § 448.109(1)(a).

105.   At all times relevant to this action, Plaintiffs RAMOS and MACO were employed by Defendants within the meaning of the FMWA 2007 Fla. Stat. § 448.109(1)(a).

106.   Defendants HOYLE and PERALES violated Fla. Stat. § 448.110 *et. seq* by willfully failing to pay Plaintiffs RAMOS and MACO at least the state mandated minimum wage. Extraordinary circumstances prevented Plaintiffs RAMOS and MACO from asserting a claim against Defendants HOYLE and PERALES for their wrongful conduct, despite due diligence by Plaintiffs. Plaintiffs RAMOS and MACO were actively misled by Defendants regarding their cause of action. Due to Defendants' misrepresentation of the law, Plaintiffs were unable to obtain critical information illustrating the existence of their claim.

107.   Defendants failed to prominently display required notice advising employees of right to be paid minimum wage per hour under state law pursuant to 2007 Fla. Stat. § 448.109(2)-(3).

108.   As a consequence of Defendants HOYLE and PERALES' violations of Plaintiffs RAMOS' and MACO'S rights under the FMWA, Plaintiffs RAMOS and MACO are entitled to bring a civil action in a court of law against the Defendants to recover unpaid minimum wages, plus an additional equal amount in liquidated damages,

DEUTSCH ROTBART & ASSOCIATES, P.A.
BOCA RATON • FORT LAUDERDALE • MIAMI

attorneys' fees, and court costs, pursuant to 2007 Fla. Stat. §§ 448.109(3), 448.110 (6)(c)(1).

### COUNT III
### BREACH OF CONTRACT

109.   Plaintiffs RAMOS and MACO re-allege and reincorporate by reference the allegations contained in paragraphs 1 through 92 as though fully set forth herein.

110.  Defendants HOYLE and PERALES offered, and Plaintiffs RAMOS accepted, to obtain and maintain immigration status and provide a contract for employment at a wage rate of seven dollars ($7.00) per hour in exchange for Plaintiffs' labor.

111.  Defendants HOYLE and PERALES offered, and Plaintiffs MACO accepted, to obtain and maintain immigration status and provide a contract for employment at a wage rate of seven dollars fifty cents ($7.50) per hour in exchange for Plaintiffs' labor.

112.   Plaintiffs RAMOS and MACO advanced consideration for the promises set out in the employment contract in that both Plaintiffs left their work and family in Peru and traveled to the United States.

113.   Plaintiffs RAMOS and MACO surrendered other employment opportunities, incurred other financial losses in reasonable reliance and performed work based on these agreements.

114.   Defendants HOYLE and PERALES breached this contract in that they did not pay Plaintiff RAMOS at a wage rate of seven dollars ($7.00) for each hour worked.

DEUTSCH ROTBART & ASSOCIATES, P.A.
BOCA RATON • FORT LAUDERDALE • MIAMI

115.   Defendants HOYLE and PERALES breached this contract in that they did not pay Plaintiff MACO at a wage rate of seven dollars fifty cents ($7.50) for each hour worked.

116.   Plaintiffs RAMOS and MACO suffered and continue to suffer economic damages as a direct result of Defendants HOYLE and PERALES' breach.

117.   Plaintiffs are entitled to recover any and all damages available to them in an amount to be proven at trial.

**COUNT IV**
**FRAUD**

118.   Plaintiffs RAMOS and MACO re-allege and reincorporate by reference the allegations contained in paragraphs 1 through 92 as though fully set forth herein.

119.   Prior to and at the time of executing an employment contract and throughout the period of employment, Defendants HOYLE and PERALES knowingly made materially false and deceptive statements and representations about existing facts and knowingly made materially false and deceptive statements and representations about future actions with no intent to fulfill those promises to Plaintiffs RAMOS and MACO regarding the nature and terms and conditions of employment and the obtaining and maintenance of immigration status and employment authorization in the United States.

120.   Defendants HOYLE and PERALES knowingly failed to disclose material facts to Plaintiffs RAMOS and MACO regarding the nature, terms and conditions of employment and the procedures for maintaining of immigration status and employment authorization, as well as providing tax documents and making required tax payments, relevant to their employment in the United States.

20

DEUTSCH ROTBART & ASSOCIATES, P.A.

BOCA RATON • FORT LAUDERDALE • MIAMI

121.   Defendants HOYLE and PERALES intended that their false statements would persuade Plaintiffs to leave their homes and jobs in Peru to travel to the United States to work for the Defendants and to continue in the Defendants' employ.

122.   Plaintiffs reasonably relied on the representations of Defendants HOYLE and PERALES and had no reason to believe these representations were false.

123.   Plaintiffs were entitled to rely on Defendants' representations.

124.   As a direct and proximate result of Defendants HOYLE'S and PERALES'S knowing, willing, and intentional actions, Plaintiffs have suffered injury.

125.   In reasonable reliance on Defendants' false representations regarding immigration status, employment authorization, and employment terms and conditions, Plaintiffs RAMOS and MACO were denied medical treatment, legal immigration status, employment authorization, and tax payments on their behalf and suffered physical and emotional injury, incurred legal liabilities and harm to their present and future immigration and employment status, and other injuries.

126.   The unlawful conduct of Defendants HOYLE and PERALES, as alleged in this Complaint, was and continues to be fraudulent and oppressive in that Defendants HOYLE and PERALES acted with full knowledge of the consequences to Plaintiffs RAMOS and MACO with the intent to violate the statutory, contractual and other employment rights of Plaintiffs RAMOS and MACO.

127.   Defendants showed willful, conscious, wanton, and reckless disregard for Plaintiffs RAMOS' and MACO'S rights and for the deleterious consequences and unjust hardship placed upon Plaintiffs RAMOS and MACO.

DEUTSCH ROTBART & ASSOCIATES, P.A.
BOCA RATON • FORT LAUDERDALE • MIAMI

128.   Plaintiffs RAMOS and MACO are entitled to any and all damages including, but not limited to, compensatory and punitive damages in an amount to be proven at trial.

## COUNT V
## VIOLATION OF THE TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT

129.   Plaintiffs RAMOS and MACO re-allege and reincorporate by reference the allegations contained in paragraphs 1 through 92 as though fully set forth herein.

130.   Defendants HOYLE and PERALES violated the Trafficking Victims Protection Reauthorization Act ("TVPRA") 18 U.S.C. § 1589(2) by knowingly attempting and obtaining the labor and services of Plaintiffs using a scheme, plan or pattern, which in the totality of the circumstances, was intended to coerce Plaintiffs to believe they would suffer serious harm if they were to leave the employ of Defendants.

131.   As a consequence of the Defendants' scheme and actions, Plaintiffs RAMOS and MACO were isolated within the home and forced to live in conditions causing psychological harm.   Food rations, passports, and wages were withheld at various times during their respective periods of employment.

132.   Defendants HOYLE and PERALES violated 18 U.S.C. § 1589(3) by knowingly providing and obtaining the labor and employment of Plaintiffs by means of threatened abuse of the law or legal process.

133.   Defendants threatened Plaintiffs RAMOS and MACO with deportation and or loss of legal status as a means of obtaining compliance with the terms of employment which constitutes an abuse of the legal process under 18 U.S.C. §1589(3).

DEUTSCH ROTBART & ASSOCIATES, P.A.
BOCA RATON • FORT LAUDERDALE • MIAMI

134.   Plaintiffs RAMOS and MACO are authorized to bring these civil claims against the defendants pursuant to the civil remedies provision of the TVPRA 18 U.S.C § 1595.

135.   Plaintiffs suffered injury as a proximate result of these actions.

136.   Plaintiffs are entitled to compensatory and punitive damages in an amount to be determined at trial and any other relief including attorney's fees and costs.

137.   Defendants HOYLE and PERALES violated 18 U.S.C. § 1590 by knowingly recruiting, harboring, transporting and obtaining Plaintiffs RAMOS and MACO for labor and services in violation of the TVPRA.

138.   Defendants knowingly and willfully held Plaintiffs RAMOS and MACO in involuntary servitude by removing, confiscating, and keeping Plaintiffs' passports and other immigration documents in their possession and refusing to provide them to Plaintiffs.

139.   Plaintiffs RAMOS and MACO are authorized to bring these civil claims against the defendants pursuant to the civil remedies provision of the TVPRA 18 U.S.C § 1595.

140.   Plaintiffs suffered injury as a proximate result of these actions.

141.   Plaintiffs are entitled to compensatory and punitive damages in an amount to be determined at trial and any other relief including attorney's fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs RAMOS and MACO respectfully requests this Court to:

a.   Award Plaintiffs' RAMOS' and MACO's unpaid wages;

DEUTSCH ROTBART & ASSOCIATES, P.A.

BOCA RATON  •  FORT LAUDERDALE  •  MIAMI

b.  Award Plaintiffs any and all damages available to them including, but not limited to compensatory, liquidated, and punitive;

c.  Award Plaintiffs their reasonable attorneys' fees and costs; and,

d.  For such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs RAMOS and MACO demand a jury by trial on each and every claim set forth herein.

Respectfully submitted,

DEUTSCH ROTBART & ASSOCIATES, P.A.
Counsel for Plaintiffs
7251 West Palmetto Park Road
Suite 206
Boca Raton, Florida 33433
Telephone:  561.361.8010
Facsimile:   561.361.8086

BY:   Erika Deutsch Rotbart s/.
        Erika Deutsch Rotbart, Esq.
        Florida Bar No.: 0047686

FLORIDA IMMIGRANT ADVOCACY CENTER
Counsel for Plaintiffs
3000 Biscayne Blvd.
Suite 400
Miami, Florida 33137
Telephone: 305.573.1106 ext. 1020
Facsimile: 305.576.6273

BY: Mary Gundrum s/.
      Mary Gundrum, Esq.
      Florida Bar No.: 0937339

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **July 31, 2008**, the foregoing document was electronically filed with the Clerk of the court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in a manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

DEUTSCH ROTBART & ASSOCIATES, P.A.
Counsel for Plaintiffs

BY: __ Erika Deutsch Rotbart s/. __
        Erika Deutsch Rotbart, Esq.
        Florida Bar No.: 0047686

FLORIDA IMMIGRANT ADVOCACY CENTER
Counsel for Plaintiffs

BY: Mary Gundrum s/.
        Mary Gundrum, Esq.
        Florida Bar No.: 0937339

## SERVICE LIST
*ALEJANDRA RAMOS RAMOS and MARIA ONELIA CASTRO*
*v. JAVIER HOYLE and PATRICIAL PERALES*
*CASE NO:  08-CV-21809 MARTINEZ/BROWN*

Stephen James Binhak, Esq.
Greenberg Traurig, P.A.
1221 Brickell Avenue
Miami, Florida 33131
Telephone:  (305) 579-0500
Facsimile:  (305) 579-0717
E-mail: binhaks@gtlaw.com

Erika Deutsch Rotbart, Esq.
Deutsch Rotbart & Associates, P.A.
7251 West Palmetto Park Road
Suite 206
Boca Raton, FL 33433
Telephone:  561.361.8010
Facsimile:   561.361.8086
E-mail:  edrotbart@comcast.net

DEUTSCH ROTBART & ASSOCIATES, P.A.
BOCA RATON • FORT LAUDERDALE • MIAMI

FLORIDA IMMIGRANT ADVOCACY CENTER
Mary Gundrum, Esq.
3000 Biscayne Blvd.
Suite 400
Miami, Florida 33137
Telephone: 305.573.1106 ext. 1020
Facsimile: 305.576.6273
E-mail:  mgundrum@fiacfla.org