IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ALEJANDRA RAMOS and
MARIA ONELIA MACO CASTRO,

      Plaintiffs,

v.

JAVIER HOYLE and PATRICIA
PERALES,

      Defendants.
_____/

CASE NO.: 08-CV-21809
MARTINEZ/BROWN

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME TO SERVE THEIR RESPONSES AND OBJECTIONS TO PLAINTIFFS' INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION**

COMES NOW, Plaintiffs, ALEJANDRA RAMOS RAMOS and MARIA ONELIA MACO CASTRO, ("Plaintiffs") by and through their undersigned counsel, hereby file their response in opposition to *Defendants' Motion for Extension of Time to Serve Their Responses and Objections to Plaintiffs' Interrogatories and First Request for Production*.

1. This is a two (2) Plaintiff case alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq* ("FLSA"), the Florida Minimum Wage Act, 2007 Fla. Stat. § 448.110 ("FMWA"), Breach of Contract, Fraud, and for violation of the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1589 *et. seq* ("TVPRA").

2. On September 5, 2008, Plaintiffs' served their Interrogatories and First Request for Production on Defendants.

3. Defendants' responses where due on or before October 6, 2008.[1]

4. Rule 33(b) (4) of the Federal Rules of Civil Procedure provides:

> [t]he grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection [within 30 days after being served with the interrogatories] is waived unless the court, for good cause, excuses the failure.

Rule 34, dealing with requests for production of documents, contains a similar requirement that objections to requests for production be timely and stated with reasons, see Rule 34(b) (2), Fed.R.Civ.P, and the Advisory Committee Notes to the 1970 Amendment state that this subdivision "is essentially the same as that in Rule 33 ..." Therefore, "when a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived." *Pitts v. Francis,* 2008 WL 2229524 *2 (N.D. Fla. 2008) (citing, *In re United States,* 864 F.2d 1153, 1156 (5th Cir.1989)). The waiver operates even in situations where a party had a proper objection to a discovery request. *Third Party Verification, Inc. v. SignatureLink, Inc.,* 2007 WL 1288361 *3 (M.D. Fla. 2007) (holding "[a] party who fails to file timely objections waives all objections, including those based on privilege or work product.") (citing, *Ramirez v. County of Los Angeles,* 231 F.R.D. 407, 409 (C.D. Cal. 2005)) (additional citations omitted). See also, *Reliance Insurance Co. v. Core Carriers, Inc.*, 2008 WL 2414041 (M.D.Fla.) and *Morock v. Chautauqua Airlines, Inc.*, 2007 WL 4247767 (M.D.Fla.). (When a party fails to timely respond to discovery objections are deemed waived).

4. Moreover, in accordance with Local Rule General Appendices A, Discovery Practices Handbook III. A. (5), "Absent **compelling** circumstances, failure to assert objections to a request for production within the time period for a response

---

[1] Defendants even miscalculate the date that they were supposed to respond in their Motion as October 8, 2008, when in fact, their discovery responses were all due on October 6, 2008.

constitutes a waiver of grounds for objection, and will preclude a party from asserting the objection in a response to a motion to compel." (emphasis added)

5.   Similarly, in accordance with Local Rule General Appendices A, Discovery Practices Handbook IV. A. (5), "Absent **compelling** circumstances, failure to assert objections to an interrogatory within the time period for answers constitutes a waiver and will preclude a party from asserting the objection in a response to a motion to compel." (emphasis added).

6.   On October 13, 2008, more than seven (7) days after Defendants' responses were due, Plaintiffs' counsel took affirmative steps to email Defendants' counsel advising that she had not received any timely discovery responses.  Later that same day Defendants' counsel requested an extension of time to respond to discovery, at which time Plaintiffs' counsel had no objection to a five (5) day extension, but explained in light of the Federal Rules of Civil Procedure and the Local Rules, Defendants had waived any objections when making their responses to discovery. Defendants' counsel stated that it would be filing a Motion for Extension of Time to address the issue as it would not provide responses waiving its objections – when in fact Defendant already did so by virtue of failing to request an extension in a timely manner.

7.   At no time prior to the date that all discovery was due did Defendants' counsel ever contact Plaintiffs' counsel to seek an extension of the time to respond to any of the discovery.  The law is rather clear and unequivocal as it pertains to discovery and the time for responding to same.  Failure to timely respond and object waives the

objection.  See *Reliance Insurance Co. v. Core Carriers, Inc.*, 2008 WL 2414041 (M.D.Fla.) and *Morock v. Chautauqua Airlines, Inc.*, 2007 WL 4247767 (M.D.Fla.).

8. Moreover, Defendants have not shown "good cause" for being relieved from such responsibility to timely filing complete responses without objections, other than to say that they miscalculated a deadline date, which does not justify the Court excusing Defendants' negligence as the Federal and Local Rules of Civil Procedure are made to be followed.

9. Being that this is a two plaintiff case, Plaintiffs are entitled to each serve interrogatories and request for production on Defendant.  Accordingly, the number of interrogatories served is not outside of the scope of Local Rule 26.1, nor is it unreasonable to think that Plaintiffs would combine their efforts in serving discovery requests on Defendants. In fact, Plaintiffs have served thirty (30) interrogatories on Defendants.  Nonetheless, Defendants' efforts to point this out in their Motion is of no consequence to the controlling issue of whether they have waived their objections.

10. As it is, Defendants have made no effort whatsoever to provide any discovery responses as of the filing of this pleading.

For the reasons set out above, Plaintiffs Alejandra Ramos and Onelia Maco respectfully request that the court deny Defendants' Motion for Extension Time and require all responses to discovery forthwith and tax Defendants' for Plaintiffs' fees and costs associated with having to respond to Defendants' Motion.

DEUTSCH ROTBART & ASSOCIATES, P.A.
BOCA RATON • FORT LAUDERDALE • MIAMI

Respectfully submitted,

DEUTSCH ROTBART & ASSOCIATES, P.A.
Counsel for Plaintiffs
7251 West Palmetto Park Road
Suite 206
Boca Raton, Florida 33433
Telephone:  561.361.8010
Facsimile:   561.361.8086


BY:   Erika Deutsch Rotbart s/.
        Erika Deutsch Rotbart, Esq.
        Florida Bar No.: 0047686

FLORIDA IMMIGRANT ADVOCACY CENTER
Counsel for Plaintiffs
3000 Biscayne Blvd.
Suite 400
Miami, Florida 33137
Telephone: 305.573.1106 ext. 1020
Facsimile: 305.576.6273

BY: Mary Gundrum s/.
        Mary Gundrum, Esq.
        Florida Bar No.: 0937339

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **October 14, 2008**, the foregoing document was electronically filed with the Clerk of the court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in a manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

DEUTSCH ROTBART & ASSOCIATES, P.A.
Counsel for Plaintiffs

BY:   Erika Deutsch Rotbart s/.
        Erika Deutsch Rotbart, Esq.
        Florida Bar No.: 0047686

FLORIDA IMMIGRANT ADVOCACY CENTER
Counsel for Plaintiffs

BY: <u>Mary Gundrum s/.</u>
    Mary Gundrum, Esq.
    Florida Bar No.: 0937339

**SERVICE LIST**
*ALEJANDRA RAMOS and MARIA ONELIA CASTRO*
*v. JAVIER HOYLE and PATRICIAL PERALES*
*CASE NO: 08-CV-21809 MARTINEZ/BROWN*

Stephen James Binhak
Greenberg Traurig, P.A.
1221 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717
E-mail: binhaks@gtlaw.com

Erika Deutsch Rotbart, Esq.
Deutsch Rotbart & Associates, P.A.
7251 West Palmetto Park Road
Suite 206
Boca Raton, FL 33433
Telephone: 561.361.8010
Facsimile: 561.361.8086
E-mail: edrotbart@comcast.net

FLORIDA IMMIGRANT ADVOCACY CENTER
3000 Biscayne Blvd.
Suite 400
Miami, Florida 33137
Telephone: 305.573.1106 ext. 1020
Facsimile: 305.576.6273
E-mail: mgundrum@fiacfla.org