UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number:  08-21809-CIV-MARTINEZ-BROWN

ALEJANDRA RAMOS and MARIA ONELIA
MACO CASTRO,

    Plaintiffs,

vs.

JAVIER HOYLE and PATRICIA PERALES,

    Defendants.
_____/

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS COUNTS II, IV, AND V**

    THIS CAUSE came before the Court upon Defendants' Motion to Dismiss Counts II, IV, and V from Plaintiffs' First Amended Complaint (D.E. No. 19).  Plaintiffs Alejandro Ramos ("Plaintiff" or "Ramos") and Maria Onelia Maco Castro ("Plaintiff" or "Castro") were formerly employed by Defendants Javier Hoyle and Patricia Perales ("Defendants") as housekeepers and childcare providers.  Plaintiff Ramos worked for Defendants from 2002 until 2005 and Plaintiff Castro worked for Defendants from 2006 until 2008.  Plaintiffs have filed a five-count complaint against Defendants, alleging violations of the Fair Labor Standards Act ("FLSA"), the Florida Minimum Wage Act, breach of contract, fraud, and a violation of the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1589 *et. seq*. ("TVPRA").  Defendants have moved to dismiss the Florida Minimum Wage Act claim asserted by Plaintiff Ramos in Count II, the fraud claim in Count IV, and the claim for a violation of the TVPRA in Count V.  After careful consideration, the Court denies Defendants' motion.

## I. Legal Standard

Defendants have moved to dismiss the First Amended Complaint for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6). When reviewing a complaint under Rule 12(b)(6), the court accepts all well-pleaded allegations as true and views the motion in the light most favorable to the non-moving party. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (quoting Fed. R. Civ. P. 8; *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). When pleading fraud, however, "a party must state with particularity the circumstances constituting fraud" while "[m]alice, intent knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

## II. Analysis

Defendants move to dismiss Counts II, IV, and V which allege, respectively, a violation of the Florida Minimum Wage Act, fraud, and a violation of the TVPRA. In their Reply Brief, Defendants have withdrawn their motion to dismiss as to Count II. Thus, the Court declines to consider the arguments made in relation to Count II. After careful consideration of Defendants' arguments regarding Counts IV and V, the Court finds these arguments are without merit and denies Defendants' motion to dismiss is denied.

    A.    **Count IV**

Defendants move to dismiss Plaintiffs' claim in Count IV for fraud, arguing that it is barred by the economic loss rule and that Plaintiffs have failed to state a claim for fraud. The

Court finds that Plaintiffs' claim for fraud is not barred by the economic loss rule and that Plaintiffs have sufficiently stated a claim for fraud.

First, the Court finds that Count IV is not barred by the economic loss rule. Under Florida law, "[t]he economic loss rule is a judicially created doctrine that sets forth the circumstances under which a tort action is prohibited if the only damages suffered are economic losses." *Indem. Ins. Co. v. Am. Aviation, Inc.*, 891 So.2d 532, 536 (Fla. 2004). In relevant part, this doctrine applies "when the parties are in contractual privity and one party seeks to recover damages in tort for matters arising from the contract." *Id*. The rule is "designed to prevent parties to a contract from circumventing the allocation of losses set forth in the contract by bringing an action for economic loss in tort." *Id*. However, "the economic loss rule does not bar tort actions based on fraudulent inducement and negligent misrepresentation." *D & M Jupiter, Inc. v. Friedopfer*, 853 So. 2d 485, 487 (Fla. 4th DCA 2003).

The test to determine whether a fraud claim is a well-established cause of action such as fraudulent inducement and negligent misrepresentation and not a claim which violates the economic loss rule, "is to ask if the fraud alleged is in an act of performance or in a term of the bargain." *Id*. "When the fraud 'relates to the performance of the contract the economic loss doctrine will limit the parties to their contractual remedies.'" *Allen v. Stephan Co.*, 784 So. 2d 456, 457 (Fla. 4th DCA 2000). However, "[i]f the fraud occurs in connection with misrepresentations, statements or omissions which cause the complaining party to enter into a transaction, then such fraud is fraud in the inducement and survives as an independent tort." *Id*.

Applying these principles, it is clear that the fraud claim in Count IV is not barred by the economic loss rule. Plaintiffs allege that Defendants knowingly "failed to disclose material

facts" regarding "the nature and terms and conditions of employment and the obtaining and maintenance of immigration status and employment authorization in the United States." (D.E. No. 17 at 20). Plaintiffs also allege that Defendants "intended that their false statement would persuade Plaintiffs to leave their homes and jobs in Peru to travel to the United States to work for the Defendants." *Id*. at 21. Such claims are not barred by the economic loss rule.[1] Thus, Plaintiffs' claim for fraudulent inducement in Count IV remains viable.

The Court also finds Plaintiffs have sufficiently pleaded their fraud claim. Defendants argue in their motion that Plaintiffs failed to state a fraud claim because the claim only identified non-actionable future promises. Defendants correctly state that they can only be held responsible for fraud concerning a promise of future action if such promise was made without any intention of performing it. *Argonaut Dev. Group, Inc. v. SWF Funding Corp.*, 150 F. Supp. 2d 1348, 1364 (S.D. Fla. 2001) ("A promise made by a party as to its future conduct may serve as a predicate for a fraudulent inducement claim only if the promise is made without any intention of performing it."). Defendants argue, however, that the allegations in the complaint belie any claim that they never had any intention of performing the employment contract because as Plaintiffs allege, Defendants flew Plaintiffs to Puerto Rico and Key Biscayne and paid them for their services. However, Defendants misunderstand the promises at issue in the fraud claim. The promises at issue are promises regarding "the nature and terms and conditions of employment and the obtaining and maintenance of immigration status and employment authorization." (D.E. No. 17

---

[1]Plaintiffs have alleged that employment agreements existed detailing the wage per hour, the hours to be worked per day, and providing that Defendants would be responsible for Plaintiffs' medical insurance and benefits. *See* (D.E. No. 17 at 3, 6-7, and 13). Plaintiffs do not allege that the fraud related to the performance of any of these terms of the agreement.

at 20). These are promises which induced Plaintiffs to enter into the agreement in the first place. It is not the actual promise of employment itself which is at issue. Thus, Defendants' argument is without merit.

In their reply brief, Defendants argue for the first time that the fraud claim in Count IV should be dismissed because it was not pled with particularity. As this argument was first raised in the reply brief, it should not be considered by this Court. *See Powell v. Carey Int'l, Inc.*, 490 F.Supp.2d 1202, 1206 n. 4 (S.D.Fla.2006) (stating that "the Court cannot consider new arguments raised for the first time in a reply brief"). However, the Court finds that even if this Court were to reach Defendants' new arguments, such arguments are without merit as Plaintiffs have sufficiently plead their claim.

In order to state a claim for fraud, a plaintiff must allege

> (1) a false statement concerning a specific material fact; (2) the maker's knowledge that the representation is false; (3) an intention that the representation induces another's reliance; and (4) consequent injury by the other party acting in reliance on the representation.

*Lopez-Infante v. Union Cent. Life Ins.*, 809 So. 2d 13, 15 (Fla. 3d DCA 2002). Here, Plaintiffs have made sufficient allegations to meet the requirements of all four elements.

In the reply brief, Defendants first argue that Plaintiffs failed to particularly plead that Defendants had "superior knowledge" of the United States immigration laws, and thus they have failed to state a claim. Under Florida law, a misrepresentation as to law, which is an expression of an opinion, in contrast to a misrepresentation of fact, is not actionable. *Nagashima v. Busck*, 541 So. 2d 783, 783-84 (Fla. 4th DCA 1989). One exception to this rule can be where the party perpetuating the fraud has superior or peculiar knowledge. *Upledger v. Vilanor, Inc.*, 369 So. 2d

427, 429-30 (Fla. 2d DCA 1979).

Federal Rule of Civil Procedure 9(b) requires only that the circumstances constituting the fraud be plead particularly and states that "knowledge" may be alleged generally. Here, the Court finds sufficient general allegations of superior or peculiar knowledge. *See* (D.E. No. 17 at 6-16). Moreover, as the claim is plead, the misrepresentations were not purely of law. Plaintiffs allege that Defendants misrepresented that Defendants would maintain their immigration status, which is a misrepresentation of fact. *See* (D.E. No. 17 at 5, 20). In addition, misrepresentations regarding the maintenance of immigration status was just one of the categories of fraud listed in Count IV. Thus, the Court finds Defendants' argument is without merit.

Defendants also argue that Plaintiffs have failed to particularly plead that Defendants had no intention to keep their promises. However, the Court finds Plaintiffs have sufficiently pleaded facts that Defendants never intended to keep their promises. *See* (D.E. No. 17 at 7-11, 13-16). Just as Federal Rule of Civil Procedure 9(b) only requires "knowledge" to be alleged generally, it also only requires "intent" to be alleged generally. Whether or not there is evidence to support Plaintiffs' contentions is better addressed on a motion for summary judgment.

**B.   Count V**

Defendants also move to dismiss Count V, which alleges a violation of the TVPRA, arguing that Plaintiffs have failed to sufficiently state a claim. Plaintiffs specifically allege a violation of 18 U.S.C. § 1589 and 18 U.S.C. § 1590. After careful consideration, the Court finds Defendants' arguments are without merit, and the Court declines to dismiss Count V.

18 U.S.C. § 1589 provides in relevant part that

Whoever knowingly provides or obtains the labor or services of a person--

> (1) by threats of serious harm to, or physical restraint against, that person or another person;
> (2) by means of any scheme, plan, or pattern intended to cause the person to believe that, if the person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint; or
> (3) by means of the abuse or threatened abuse of law or the legal process

Plaintiffs allege a violation of both section 1589(2) and (3).

Defendants argue for the first time in their Reply brief that Plaintiffs have failed to state a claim under § 1589(2) because they have included only conclusory allegations to support their claim. However, upon review of the First Amended Complaint, the Court finds Plaintiffs have sufficiently stated their claim under section 1589(2), and it properly gives Defendants fair notice of what the claim is and the grounds for the claim. *See* (D.E. No. 17 at 4-16, 22-23).

Defendants argue in their motion that Plaintiffs have failed to state claim under § 1589(3) because a threat to Plaintiffs that they would lose their immigration status if they left Defendants' employment was a "truthful statement and not an abuse of legal process." This Court disagrees and finds Plaintiffs have sufficiently alleged that Plaintiffs remained in Defendants' employ "by means of the abuse or threatened abuse of law or the legal process." *See United States v. Garcia*, No. 02-CR-1105-01, 2003 U.S. Dist. LEXIS 22088, at *23 (W.D.N.Y. Dec. 2, 2003) (stating that where workers were threatened with deportation for violation of the immigration laws such threats "clearly fall within the concept and definition of 'abuse of legal process' since the alleged objective for same was to intimidate and coerce the workers into 'forced labor'").

Defendants also argue that Plaintiffs have failed to allege a violation of 18 U.S.C. § 1590. Section 1590 is entitled "trafficking with respect to peonage, slavery, involuntary servitude or forced labor" and provides penalties for a person who "knowingly recruits, harbors, transports,

provides, or obtains by any means, any person for labor or services in violation of this chapter." 18 U.S.C. § 1584 prohibits involuntary servitude.

Defendants argue that Plaintiffs have not alleged involuntary servitude as Defendants' possession of Plaintiffs' passport and immigration papers is not enough and because Plaintiffs' allegations demonstrate that Defendants left them alone on various occasions and regularly allowed them to leave the home. This Court disagrees and finds the allegations in the First Amended Complaint are sufficient.

First, the allegations in the First Amended Complaint are more than just that Defendants retained Plaintiffs' passports and immigration papers. Plaintiffs allege that in addition to keeping their passports and immigration papers, Defendants, among other things, restricted their food, violated their previous agreement made before Plaintiffs came to this country by increasing their work responsibilities, violated their previous agreement by failing to pay them their promised wages, forced them to live in a converted closet, instructed at least Plaintiff Castro not to talk to certain persons because they had encouraged Plaintiff Ramos to escape, threatened to report Plaintiffs for detention and deportation if they tried to escape, and threatened to encourage and urge law enforcement and immigration officials to pursue Plaintiffs if they ever escaped. See (D.E. No. 17 at 3-16, 22-23). This sufficiently states a claim for involuntary servitude.

In addition, the Court finds the fact that Plaintiffs had the opportunity to escape to be irrelevant. Physical restraint is not required. *See, e.g., United States v. Alzanki*, 54 F. 3d 994, 1000 (1st Cir. 1995) ("In sum, the requisite compulsion under section 1584 obtains when an individual, through an actual or threatened use of physical or legal coercion, intentionally causes the oppressed person reasonably to believe, given her 'special vulnerabilities,' that she has no

alternative but to remain in involuntary service for a time."); *United States v. King*, 840 F.2d 1276, 1278-79 (6th Cir.1988) (stating that involuntary servitude "occurs when (a) the servant believes that he or she has no viable alternative but to perform service for the master (b) because of (1) the master's use or threatened use of physical force, or (2) the master's use or threatened use of state-imposed legal coercion ( i.e., peonage), or (3) the master's use of fraud or deceit to obtain or maintain services where the servant is a minor, an immigrant or one who is mentally incompetent"); *United States v. Warren*, 772 F.2d 827, 833 (11th Cir. 1985) (stating in considering a criminal case brought pursuant to 18 U.S.C. § 1584 that it was irrelevant whether a "worker had the opportunity to escape" and that it was sufficient that "defendant . . .placed him in such fear of physical harm that he is afraid to leave").  Accordingly, it is hereby:

**ORDERED AND ADJUDGED** that

Defendants' Motion to Dismiss Counts II, IV, and V from Plaintiffs' First Amended Complaint **(D.E. No. 19)** is **DENIED**.  Defendants shall file an Answer to the Complaint **on or before January 5, 2008.**  No extensions of this deadline will be granted.

DONE AND ORDERED in Chambers at Miami, Florida, this 19 day of December, 2008.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Brown
All Counsel of Record