IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ALEJANDRA RAMOS and                          CASE NO.:   08-CV-21809
MARIA ONELIA MACO CASTRO,                          MARTINEZ/BROWN

     Plaintiffs,

v.

JAVIER HOYLE and PATRICIA
PERALES,

     Defendants.

_____/

## PLAINTIFFS' MOTION TO SEVER COUNTERCLAIMS OR IN THE ALTERNATIVE FOR SEPARATE TRIAL OF COUNTERCLAIMS

Plaintiffs Alejandra Ramos ("Ramos") and Maria Onelia Maco Castro ("Maco"),

by and through undersigned counsel, hereby respectfully move to sever the Defendants'

counterclaims from the main case.1  Plaintiffs make this motion pursuant to Fed. R. Civ.

P. 21, which authorizes this court to sever any claim against a party.  In the alternative,

plaintiffs move to bifurcate the case for separate trial of the counterclaims pursuant to

Fed. R. Civ. P. 42(b).

## Overview

In this action, domestic workers Alejandra Ramos and Maria Onelia Maco Castro

allege that their former employers, Javier Hoyle and Patricia Perales, unlawfully induced

them to accompany them from Peru to the United States and continue in their employ

---

1 In accordance with Local Rule 7.1.A.3, undersigned counsel certifies that she conferred with
Defendants' counsel in a good faith effort to resolve the issues raised prior to filing this motion.
Defendants opposed the motion.

with false promises about the nature of their employment, wages, benefits and legal status.  Plaintiffs allege that Defendants failed to maintain Plaintiffs' immigration and employment status, denied Plaintiffs adequate food and rest, refused requests for medical care, provided substandard living quarters, improperly threatened legal action or consequences, withheld passports and other documents, and otherwise acted in a disparaging and disrespectful manner.  These actions and omissions constitute breach of contract, fraud, and violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), the Florida Minimum Wage Act, 2007 Fla. Stat. § 448.110 ("FMWA"), and the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. §§ 1589 et seq. ("TVPRA").

On June 24, 2008, Plaintiffs filed this action (DE 1), and on July 31, 2008, Plaintiffs filed an amended complaint (DE 12).  On August 18, 2008, Defendants moved to dismiss the fraud and trafficking claims (DE 19), which the Court denied on December 19, 2008 (DE 38).  On January 5, 2009, more than six months after this case was first filed, defendants filed four counterclaims spuriously alleging that Ms. Ramos had abused their child nearly four years ago: (assault, battery, intentional infliction of emotional distress, false imprisonment) (DE 45).

On date, Plaintiffs moved the Court for leave to file a supplemental complaint for FLSA retaliation, because Defendants' counterclaims lack basis in fact or law and were filed with a retaliatory motive. On January 30, 2009, the Court granted Plaintiffs' motion. (DE 55).

Defendants' counterclaims are not only spurious and retaliatory, but they are also irrelevant to Plaintiffs' claims for wages, fraud and civil trafficking.  Similarly,

Defendants' counterclaims provide no defense for not paying wages for hours actually worked.  Trying these exceedingly disparate causes of action together would also be highly prejudicial to Plaintiffs. Defendants' counterclaims involve a child who is not a party to the employment claims in this case, require the testimony of witnesses not involved in this case, and are governed by laws completely apart from and different than any of the legal claims or defenses in the underlying case.  Plaintiffs therefore ask the court to sever the Defendants' counterclaims, as well as Plaintiff Ramos' related FLSA retaliation supplemental complaint from the main action entirely.

**Argument**

**The court should sever the counterclaims from the main action under Fed. R.Civ. P. 21**

Severance is appropriate where different questions of fact and law are implicated, where different documents and witnesses are required, and where prejudice can be avoided.  Two types of severances or separations of claims are contemplated by the Federal Rules—one within the action itself, the other resulting in a second, or new action. *Acevido-Garcia v. Vera Monroig*, 351 F.2d 547, 558 (1st Cir. 2003).  Fed. R. Civ. P. 21 provides the mechanism for separating a case into separate actions, i.e., severance:  " *Any claim against a party may be severed and proceeded with separately."* Fed. R. Civ. P.  42(b) on the other hand, authorizes courts to divide a single action into separate trials that remain under the umbrella of the original solitary action. "'An order for a separate trial keeps the lawsuit intact while enabling the court to hear and decide one or more issues without trying all of the controverted issues at the same hearing.'"  *Id.* at 558-559 (citation omitted).  '"Separate trials usually will result in one

judgment, but severed claims become entirely independent actions to be tried, and judgment entered thereon, independently.'" *Id.*

In exercising discretion to sever claims or order separate trials, courts must consider "1) whether the claims arise out of the same transaction or occurrence; 2) whether the claims present some common questions of law or fact; 3) whether settlement of the claims or judicial economy would be facilitated; 4) whether prejudice would be avoided if severance were granted; 5) whether different witnesses and documentary proof are required for the separate claims." *Wausau Business Insurance Co. v. Turner*, 204 F.R.D. 249, 250 (S.D.N.Y. 2001) 2

The court applied similar factors in *In re Zyprexsa Products Liability Litigation*, 2004 U.S. Dist. LEXIS 24542 (E.D.N.Y. Dec. 3, 2004).  In that case, a grandmother of children whose mother died in prison brought a constitutional claim on their behalf alleging that the mother was denied treatment for a serious medical condition. Defendants raised various defenses and brought claims against third parties, including a pharmaceutical company; so Plaintiffs amended to include the pharmaceutical company.  The court held that the case should be separated into two parts under Rule 21:  1) the medical treatment claims against county defendants; 2) the product liability claim against the company.  The court found that the claims 1) arose out of separate transactional issues; 2) implicate different questions of law; 3) the parties will not be

---

2 Court in <u>Wausau</u> granted motion to sever trial under R. 42(b) of third party defendant's complaint and fourth party insurer's claim involving same fire in synagogue because other parties were trial ready and new parties need time to conduct discovery.  Trial courts have discretion to employ either of these rules, which are considered under the same standard.  *Id.* citing *New York v. Hendrickson Bros., Inc.* 840 F.2d 1065 (2d Cir.), *cert denied*, 488 U.S. 848 (1988).

seriously prejudiced; 4) claims involve different witnesses, evidence and proof;  5) the products liability claims should involve the multidistrict litigation panel.3

**Several Factors Weight in Favor of Severance in This Case**

These factors favor severance of the counterclaims under Rule 21 in this case. First, the factual and legal issues raised by the counterclaims are significantly different from the employment-based issues in Plaintiffs' claims.  Plaintiffs assert wage claims alleging that they, domestic workers for Defendants, were not paid for hours actually worked.  Many of the same underlying facts supporting the wage claims also support the fraud and trafficking claims.  Similarly, Defendants' defenses, even the affirmative defenses, seem focused on their version of the same underlying factual scenario.   The employers, workers, witnesses of hours worked and conditions of the workplace, documents indicating hours worked are common to these claims and defenses.

Defendants' counterclaims of abuse against Plaintiff Ramos, however, rely on a totally different set of allegations and raise totally different issues of law.  They will require completely different proof, possibly including expert testimony, and could introduce intolerably prejudicial evidence, for example, in support of Defendants' claim of emotional distress.  These counterclaims simply have no bearing on whether the Plaintiffs were paid for the hours they actually worked.4  The facts on which Defendants

---

3 Nor is the power of the court to sever claims under Rule 21 limited to cases with many parties. In *E.S. v. Independent School District, No.196,* 135 F.3d 566, 568 (8th Cir. 1998), the court severed one count (IDEA) by a single plaintiff (mother of student) in complaint from the  others (ADA, Rehab Act, state human rights law claims) and it proceeded as a discrete, independent action.

4  *See Tab Express International v. Aviation Simulation Technology*, 215 F.R.D. 621 (D. Kan. 2003), where plaintiff flight training school sued training equipment distributor/manufacturer for various contract claims (fraudulent inducement, breach of contract, breach of warranty, negligent misrepresentation, unjust enrichment, breach of duty of good faith) arising from the parties' sales contract of flight simulators. Defendants brought counterclaims for a completely separate patent infringement claim between the same parties, but arising from plaintiffs' purchase and use of the device.  The court granted the school 's Rule

rely have nothing to do with whether Plaintiffs Ramos and Maco worked the hours they worked and were paid for those hours or not.5  Instead, facts that would establish the alleged abuse are completely apart from facts establishing hours worked, fraud in the inducement, or whether the women were working in an atmosphere of fear and threats of deportation.  The state laws forming the basis for each counterclaim are also completely different than the federal and state laws forming the basis of Plaintiffs' claims. Further, the issues are so different that there is no risk of inconsistent adjudications if the court severs the counterclaims.

Plaintiff Ramos' supplemental claim similarly should be tried with Defendants' counterclaims because the facts underlying the retaliation claim relate to the falsity of the child abuse allegations and the conduct of Defendants in bringing their counterclaims, the parties are not the same as the parties in the Plaintiffs' main employment claims, and the legal issues are distinct from the primary employment issues. .Plaintiff Ramos' supplemental complaint alleges that Defendants' counterclaims have no basis in fact, would not have been filed but for Plaintiffs' complaint, and are designed to retaliate against Plaintiff Ramos for filing a case against Defendants. The FLSA retaliation claim is based on the falsity of Defendants' counterclaims and the conduct of Defendants <u>after</u> Plaintiffs' complaint was filed, facts again completely apart

---

21 motion to sever the counterclaims, acknowledging the different issues of fact and law and the prejudice to the plaintiff school.

5 There is little more than a peripheral connection between the counterclaims and the main complaint. Just as plaintiffs' claims against one defendant can be severed because they are peripherally connected to the action and the administration of justice will be advanced, *Koh v. Microtek International*, 250 F. Supp. 2d 627, 632  (E.D. Va. 2003), so to can defendants' unrelated counterclaims be severed.  Any claim may be severed and proceeded with separately.  *Reid v. General Motors Corp.*, 240 F.R.D. 260 (E.D.Tex. 2007) (ordering severance of plaintiffs' distinct patent infringement claims against one defendant).

from those relevant to the employment claims for pay for hours worked, fraud, trafficking, and breach of contract.

Moreover, the facts alleged in the counterclaims against Plaintiff Ramos involve inevitably highly-charged allegations of child abuse. Even though they are false, the trial of these allegations in a case regarding employment rights would be unduly prejudicial to Plaintiffs.  These charged allegations are likely to consume and distract the jury, and any notion of fairness related to a process intended to arrive at the truth of whether the women were paid for the hours actually worked, fraudulently induced into the employment, and housed in an atmosphere of fear and oppression, will be lost.  The jury examining the truth of what happened to these domestic workers will be confused, not only by the completely separate factual scenario, but by four state laws they will be asked to consider allegations of a peripheral nature which have nothing to do with the employment claims in the amended complaint.  The likelihood of jury confusion[6] and prejudice is exceptional, and weighs in favor of severing the counterclaims.

Courts have recognized and severed claims that are far less highly charged than the assault and battery claims asserted in the counterclaims here. [7]  In fact, courts have

_____

6 Plaintiffs claimed misappropriation and conversion of trade secrets, breach of contract and breach of fiduciary duty in *Baxter Travernol Labs v. Le May*, 536 F. Supp 247 (S.D. Ohio 1982).  The court severed trial of these claims with defendants' counterclaims alleging "sham litigation" (and defamation and anti-trust) saying that bifurcation is appropriate when claims involve different factual proof.  The court said that the "*presentation of such divergent legal theories and factual evidence in one trial could, of course, lead to jury confusion.*"  *Id.* at 253.

7 *See Bailey v. Bd. Of County Commissioners of Alachua County*, 956 F.2d  1112, 1128, 1130 (11th Cir. 1992) Questions about district court's refusal to sever claims (procedural due process claim from false arrest claims) while not held abuse of discretion, influenced appellate court to reverse jury award and order new trial against two defendants.  If procedural due process claims against these defendants had been severed from the others, evidence that came in on the arrest claims may not have prejudiced them. *See also Official Comm. of Unsecured Creditors v. Shapiro*, 190 F.R.D. 352 (E.D.Pa. 2000) (whether severance is warranted depends on balancing considerations including avoidance of prejudice to either party).

dismissed permissive counterclaims such as Defendants' counterclaims here in other FLSA cases. *See Zambrano v. Chic Marine of Lauderdale, Inc.*, 2001 U.S.Dist. LEXIS 25342 (S.D.Fla. June 4, 2001) (claim brought under FLSA for non-payment of wages; counterclaim for misappropriation of trade secrets dismissed as permissive and prejudicial to plaintiff and co-plaintiff and lack of jurisdiction); *Richardson v. Trainer*, 2003 U.S.Dist. LEXIS 13829 (S.D.Fla. July 1, 2003) (claims brought under FLSA, Title VII, Florida Civil Rights Act for lack of pay and sexual harassment in workplace. Counterclaim for slander and invasion of privacy dismissed as permissive counterclaims finding that "mere fact that state law claims arise from the same employment relationship not sufficient to make claims compulsory." The court also found lack of jurisdiction. )

In addition, while some parties and witnesses will be the same, many will be different. For example, Defendants have listed doctors and psychologists as witnesses, who, if the case were severed, would not participate in the main trial of the employment, fraud and trafficking claims. Defendants have also raised claims not only for themselves, but on behalf of the child himself, thereby making him a possible witness.

Lastly, Plaintiffs will be irreparably prejudiced by the inability to conduct meaningful discovery on the counterclaims if they are tried together with Plaintiffs' employment claims. While on January 23, 2009, the court extended the time for discovery until February 23, regrettably this does not allow Plaintiffs enough time to serve and receive responses to written discovery requests regarding the counterclaims (which under the Federal Rules allow for a 30-day response time), deal with objections,

and if necessary, move to compel, much less to depose all the witnesses after Plaintiffs obtain documents. Since Defendants have produced *no records related to the counterclaim* to date, and Plaintiffs have received no responses to third party subpoenas, there is insufficient time to review documents, depose defendants' witnesses or to identify defense witnesses.  Thus, it would be extremely prejudicial to be unable to fully develop a defense to these highly charged counterclaims.  Courts have ordered severance in cases in which facts regarding new claims cannot be timely developed in order to be ready for trial with the main case.  *See Gail v. New Eng. Gas Co., 247 F.R.D. 282, 286 (D.R.I. 2008)* (granting a motion to bifurcate trials where Defendants brought third-party claims at end of discovery period and "denial of the motion for separate trials would require that the trial of the plaintiffs' claims against [defendant] be further postponed in order to afford the third-party defendants a fair opportunity to conduct discovery…"  *See also Davis & Cox v. Summa Corp., 751 F.2d 1507, 1517 (9th Cir. Cal. 1985)* (granting motion where "discovery on the counterclaims issues was not finished [and] without the severance order, the trial of the complaint issues would needlessly have been delayed for a substantial period.")

**In the alternative, Plaintiffs ask that the Court bifurcate trial of the counterclaims under Fed R. Civ. Pro. 42(b) to avoid confusion, delay and undue prejudice to the plaintiffs and to serve the interests of justice**

Fed. R. Civ. P. 42(b) provides that "for convenience, *to avoid prejudice*, to expedite and economize, the court may order a *separate trial* of one or more separate issues, claims, cross-claims, *counterclaims*, or third-party claims." (emphasis added). "This rule empowers the court to sever those issues which, if tried with the main issues, would lead to confusion, delay, additional expense, or undue prejudice."  *Value Line*

9

*Fund, Inc., v. Marcu*s, 161 F. Supp. 533, 537 (S.D. N.Y. 1958) (court found defendants

"erroneously oversimplified the fundamentally different character of the two cases for it

is indisputable that the issues of fact and law raised in suit for rescission" of contract for

sale of stock case are "distinguishable from … counterclaim charging libel and slander."

*Id).*  Even though the slander alleged in that case arose as a result of the transaction

which brought about suit and could be a defense to the original action, the court ordered

severance of the counterclaim.

In exercising its discretion to consolidate8 or sever, a court must determine

whether specific risks of prejudice and possible confusion are greater than the risk of

inconsistent adjudications of common facts and issues and weigh the burden on parties,

witnesses, judicial resources, including the length of time required and expense of

concluding the cases.  *Hendrix v. Raybestos-Manhattan*, 776 F.2d 1492 (11th Cir.

1985).9

Under Fed. R. Civ. P. 21 and 42 (b), courts may sever counterclaims from the

underlying case in chief.  *Stanley v. Bray Terminal*, 197 F.R.D. 224, 230 (N.D. N.Y.

---

8 Courts have refused to consolidate actions with more facts in common that are alleged here.  See *Kelly v. Kelly*, 911 F. Supp.  66 (N.D.N.Y. 1996) (in dispute between relatives over their mother's estate, court found that events giving rise to, and the nature of, an action for slander and another for fraud and undue influence are separate and distinct; court refused to consolidate even though some witnesses and parties were the same, because issues were dissimilar and combining the two cases would create considerable confusion in minds of jury).  Similarly, in *Walker v. H.Councill Trenholm State Technical College*, 2007 U.S.District LEXIS 28458 (M.D. Ala. Apr. 17, 2007), court denied defendants' motion to consolidate because job applications for same positions were denied for different discriminatory reasons, claims relied on different legal theories and distinct facts, and potential for jury confusion or prejudice to plaintiffs outweighed the benefits.

9 Under Rule 42(b), the court can order a separate trial "to advance judicial economy, to avoid the possibilities of confusion, to further convenience, to avoid delay and prejudice, and to serve the ends of justice." *American National Red Cross v. Travelers Indemnity Co. of Rhode Island*, 924 F. Supp. 304, 306 (D.D. C.  1996).In *Red Cross*, the court bifurcated the trial, recognizing the potential for prejudice by combining the issue of coverage with the issue of bad faith.  The court acknowledged that certain evidence may be presented more than once, and certain witnesses may have to testify more than once.

2000).10.   When deciding whether to sever, courts generally consider whether the issues sought to be tried separately are 1) significantly different from one another; 2) triable by jury or court; 3) have a different discovery posture; 4) require the testimony of different witnesses and documentary proof; and 5) whether prejudice will result if severance is not granted.  *Id.* (citations omitted).  The Fifth Circuit has stated that Rule 42 is appropriately applied when the "issue to be tried must be so distinct and separable from the others that a trial of it alone may be had without injustice." *McDaniel v. Anheuser-Busch*, 987 F.2d 298, 305 (5th Cir. 1993).11

Here, Plaintiffs have described how the claims are significantly different from each other, 12  how the counterclaims are in a different discovery posture, how different witnesses and documentary support will be required to support and defend the main claims as opposed to the counterclaims against one Plaintiff, and the prejudice that will be experienced if trial of the counterclaims is not separated from trial of the main claims.  Severance or separation of trials will also serve the ends of justice.  Defendants will not be prejudiced because they will still have their day in court.  The issues to be tried are so distinct and separable from the issues in the main case that trial of it alone may be had without injustice.

---

10 Court denied severance in foreclosure case where mortgagees raised such related counterclaims as breach of contract, fraudulent inducement, etc.

11 *McDaniel* was cited with approval in *Reid v. General Motors Corp.*, 240 F.R.D. 260 (E.D. Tex. 2007) (granting motion to sever instead of to bifurcate because severance addressed some of the common proof issues).

12  In *Chateau De Ville Productions v. Tams-Witmark Music Library*, 1977 U.S. Dist. LEXIS 17045 (S.D.N.Y.  Mar. 7, 1977) the court granted plaintiff theatre's motion for separate trial related to defendants' counterclaims against two of plaintiffs for damages in claiming they breached licensing agreements in case in which plaintiffs alleged violations of Sherman Anti Trust Act and Clayton Act.  The court reasoned that even though the counterclaims arise out of the same licensing agreements as are involved in plaintiffs' antitrust claims, the *legal and factual issues are entirely, or almost entirely, independent.*  Joint consideration of plaintiffs' class claims and counterclaims as to only two of plaintiffs would lead to unnecessary confusion.

**CONCLUSION**

Therefore, the Plaintiffs respectfully request that the court sever the

counterclaims from the Plaintiffs' claims in this case or, in the alternative, bifurcate trial

of the issues in the counterclaims.

Respectfully submitted,


DEUTSCH ROTBART & ASSOCIATES, P.A.

Attorney for Plaintiffs
7251 West Palmetto Park Road, Suite 206
Boca Raton, Florida 33433
Telephone:  561.361.8010

Facsimile:  561.361.8086

BY:   Erika Deutsch Rotbart s/.
        Erika Deutsch Rotbart, Esq.

        Florida Bar No.: 0047686


FLORIDA IMMIGRANT ADVOCACY CENTER
Counsel for Plaintiffs
3000 Biscayne Blvd.
Suite 400
Miami, Florida 33137
Telephone: 305.573.1106 ext. 1020
Facsimile: 305.576.6273

BY: Mary Gundrum s/.
        Mary Gundrum, Esq.
        Florida Bar No.: 0937339

BY: Jennifer Hill s/.
        Jennifer Hill, Esq.
        Florida Bar No.: 0041151

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1.A.3

**I HEREBY CERTIFY** that on **February 4, 2009**, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in a manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

FLORIDA IMMIGRANT ADVOCACY CENTER
Counsel for Plaintiffs
3000 Biscayne Blvd.
Suite 400
Miami, Florida 33137
Telephone: 305.573.1106 ext. 1020
Facsimile: 305.576.6273

BY: Jennifer Hill s/.
     Jennifer Hill, Esq.
     Florida Bar No.: 0041151

13