UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ALEJANDRA RAMOS and
MARIA ONELIA MACO CASTRO,

      Plaintiffs,

v.

JAVIER HOYLE and PATRICIA PERALES,

      Defendants.

CASE NO.: 08-CV-21809-MARTINEZ/BROWN

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO SEVER COUNTERCLAIMS

Defendants JAVIER HOYLE AND PATRICIA PERALES, collectively, the "Hoyles," hereby respond in opposition to Plaintiffs' Motion to Sever Counterclaims or in the Alternative for Separate Trial of Counterclaims ("Motion to Sever").

**BACKGROUND**

1. In 2002, Mr. and Mrs. Hoyle and Ms. Ramos executed an employment contract in Peru pursuant to which Ms. Ramos agreed to act as the Hoyle's housekeeper and nanny in Puerto Rico and later in Key Biscayne, Florida. In exchange, the Hoyles provided Ms. Ramos with a monthly salary, room and board, health care, and the legal fees associated with obtaining proper immigration authorization to work in the United States. In 2005, the Hoyles became aware that Ms. Ramos was abusing their son, P.H., and were preparing to fire Ms. Ramos on the family's next trip home to Peru. However, before the Hoyles could return to Peru and fire Ms. Ramos, Ms. Ramos found out about the Hoyles' plans and left her employment.

2. Subsequently, Ms. Ramos, together with Maria Onelia Maco Castro (also a former nanny for the Hoyles), brought a lawsuit against the Hoyles claiming that the Hoyles underpaid them and forced them to work. Their five count Complaint alleges that the Hoyles: (1) violated the Fair Labor Standards Act ("FLSA"), (2) violated the Florida Minimum Wage Act ("FMWA"), (3) breached their employment contracts, (4) engaged in fraud, and (5) violated the Trafficking Victims Protection Reauthorization Act ("TVPRA").

3. The Hoyles filed Counterclaims against Ms. Ramos for: (1) assault, (2) battery, (3) intentional infliction of severe emotion distress, and (4) false imprisonment.

4. Consequently, Ms. Ramos filed a Supplemental Complaint alleging a claim for retaliation in violation of FLSA.

5. Plaintiffs have asked the Court to sever the Counterclaims against Ms. Ramos from the trial on Plaintiffs' claims. In the alternative, Plaintiffs request separate trials.

6. The Hoyles oppose severance of the Counterclaims or a separate trial of the Counterclaims because (i) the Counterclaims arise out of the same transaction and occurrence as the rest of the claims and defenses in this action, (ii) the Counterclaims are related to the Hoyles' defenses, (iii) Plaintiffs' Supplemental Complaint is related to Plaintiffs' claims, (iv) the claims present common questions of fact and law, (v) only a few additional witnesses would be necessary at trial, and (vi) judicial economy would be served by adjudicating all the claims, counterclaims, and defenses together.

## ARGUMENT

Joining Claims and Consolidation.

7. Pursuant to Federal Rule of Civil Procedure 18, a "party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as

many claims as it has against an opposing party." Fed.R.Civ.P. 18(a).  This rule "permits a party to assert as many counterclaims 'as it has' against a party." *Dawley v. NF Energy Saving Corp. of Am.*, Case No. 6:07-cv-872-Orl-19DAB, 2008 WL 3889592 (M.D. Fla. Aug. 18, 2008).

8.  Pursuant to Federal Rule of Civil Procedure 42, [i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed.R.Civ.P. 42(a).  The purpose of consolidation is "to avoid: (1) overlapping trials containing duplicative proof; (2) excess cost incurred by all parties and the government; (3) the waste of valuable court time in the trial of repetitive claims; and (4) the burden placed on a new judge in gaining familiarity with the cases." *Vazquez Rivera v. Congar Int'l Corp.*, 241 F.R.D. 94, 95 (D.P.R. Jan. 25, 2007).

<u>The Counterclaims and Supplemental Complaint Should Not be Severed,
Nor Should Separate Trials Be Ordered</u>

9.  The Court should keep the claims and counterclaims together for all purposes, including trial, pursuant to Federal Rules of Civil Procedure 18(a) and 42(a).

10.  First, the Counterclaims arise out of the same transaction and occurrence as the rest of the claims and defenses in this action.  Plaintiffs have two basic claims that arise from their employment with the Hoyles.  The first set of allegations contends that the Hoyles failed to pay Plaintiffs sufficient wages.  The second set of allegations contends that the Hoyles kept Plaintiffs in a state of servitude.

11.  The Counterclaims also arise out of Ms. Ramos' employment with the Hoyles.  Ms. Ramos' job was to care for the Hoyles' son, P.H.  Moreover, Ms. Ramos' Supplemental Complaint arises from her FLSA claim that the Hoyles did not pay her adequately.  She claims that the Hoyles filed their Counterclaims in retaliation for Ms. Ramos bringing this lawsuit.

12. Accordingly, because the claims and counterclaims relate to Ms. Ramos employment and her contract, Plaintiffs' request for severance or separate trials should be denied. *See Dawley*, 2008 WL 3889592, at *2 ("the Court sees no advantage in severing the counterclaims, especially because they appear to relate to the same contracts that [plaintiff] contends were breached. Thus, a joint trial of the two sets of claims will lessen the expense of litigation and judicial labor because such claims involve many of the same facts.").

13. Second, the Counterclaims are directly linked to the Hoyles' defenses. As noted above, Ms. Ramos claims that the Hoyles kept her in a state of servitude. In fact, the opposite is true. Once the Hoyles learned that Ms. Ramos was abusing P.H., they planned to terminate Ms. Ramos' employment, and bring her back to Peru permanently. Ms. Ramos found out about this plan and abandoned the Hoyles before the trip.

14. Before leaving, Ms. Ramos left a handwritten letter which specifically says that she knows the Hoyles did not want her to give affection to P.H, and that she did not want to return to Peru.

15. The jury will consider these facts as the Hoyles' defenses or the Hoyles' Counterclaims. As a result, there is no benefit to severing the Counterclaims.

16. Third, in Ms. Ramos' Supplemental Complaint, Ms. Ramos claims that the Hoyles retaliated against her for filing her lawsuit by bringing the Counterclaims, in violation of FLSA. Consequently, regardless of how this claim comes to the jury, it must accompany evidence of the wage claim. Under the circumstances, severing the trial will require duplicate proceedings with the same evidence. This approach would create unnecessary and duplicative testimony, increase the costs to both parties, waste judicial resources, and present the possibility of inconsistent verdicts.

CASE NO.: 08-CV-21809-MARTINEZ/BROWN

17. Fourth, the Counterclaims and Supplemental Complaint present common questions of fact and law. As stated above, the Counterclaims arise from the same transaction and occurrence as the claims and defenses, and Ms. Ramos' wage claims and Supplemental Complaint both involve FLSA.

18. Fifth, virtually all of the witnesses who will appear at trial will testify on all of the claims, counterclaims, and defenses. Creating multiple proceedings will unnecessarily burden these witnesses and the Court.

19. Sixth, for all the reasons stated above, judicial economy would be served because it would be faster and cheaper for the parties and the Court to adjudicate all of the claims, counterclaims, and defenses together.

**WHEREFORE**, the Hoyles request that this Court deny Plaintiffs' Motion to Sever Counterclaims or in the Alternative for Separate Trial of Counterclaims, and enter an order that all the claims, counterclaims, and defenses be adjudicated in one action and have one trial.

Respectfully submitted,

GREENBERG TRAURIG, P.A.
*Counsel for Defendants*
1221 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

BY: /s/ Sandra J. Millor
    STEPHEN JAMES BINHAK
    Florida Bar No. 0736491
    binhaks@gtlaw.com
    SANDRA J. MILLOR
    Florida Bar No. 0013742
    millors@gtlaw.com

*CASE NO.: 08-CV-21809-MARTINEZ/BROWN*

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2009, I electronically filed the foregoing Defendants' Response in Opposition to Plaintiffs' Motion to Sever Counterclaims with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

          /s/ Sandra J. Millor
        SANDRA J. MILLOR

### Service List

**Erika Deutsch Rotbart, Esq.**
DEUTSCH ROTBART & ASSOCIATES, P.A.
7251 West Palmetto Park Road
Suite 206
Boca Raton, Florida 33433

**Mary Gundrum, Esq.**
**Jennifer Hill, Esq.**
FLORIDA IMMIGRANT ADVOCACY CENTER
3000 Biscayne Blvd.
Suite 400
Miami, Florida 33137