UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ALEJANDRA RAMOS and )
MARIA ONELIA MACO CASTRO, )   **CASE NO.: 08-CV-21809**
 )   **MARTINEZ/ BROWN**
    Plaintiffs, )

v. )
 )
JAVIER HOYLE and PATRICIA PERALES )
 )
    Defendants. )
_____)

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SUPPLEMENTAL COMPLAINT ALLEGING RETALIATION UNDER FLSA**

    Plaintiff Alejandra Ramos ("Ramos") and Plaintiff Maria Onelia Maco Castro ("Maco"), by and through undersigned counsel, hereby file their response to Defendants' Motion to Dismiss Plaintiffs' supplemental pleading alleging retaliation under the Fair Labor Standards Act. The Motion to Dismiss filed by Defendants Javier Hoyle and Patricia Perales finds no support in the law and must be denied in its entirety.

**INTRODUCTION**

    In this action, domestic workers Alejandra Ramos and Maria Onelia Maco Castro allege their former employers, Javier Hoyle and Patricia Perales, brought them from Peru to the United States with false promises about the nature of their employment, wages, benefits and legal status. Plaintiffs allege Defendants failed to maintain Plaintiffs' immigration and employment status, denied Plaintiffs adequate food, refused requests for medical care, provided substandard living quarters, improperly threatened legal action or consequences, withheld passports, and failed to pay them for hours worked. These actions and omissions constitute breach of contract, fraud, and violations of the Fair

1

Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), Florida Minimum Wage Act, 2007 Fla. Stat. § 448.110 ("FMWA"), and Trafficking Victims Protection Reauthorization Act, 18 U.S.C. §§ 1589 *et seq.* ("TVPRA").

On June 24, 2008, Plaintiffs filed this action (DE 1), and on July 31, 2008, Plaintiffs filed an amended complaint (DE 12). On August 18, 2008, Defendants moved to dismiss the fraud and trafficking claims (DE 19), which the Court denied on December 19, 2008 (DE 38). On January 5, 2009, more than six months after this case was first filed, Defendants filed four counterclaims spuriously alleging that Ms. Ramos had abused their child nearly four years ago: (assault, battery, intentional infliction of emotional distress, false imprisonment). (DE 45). On January 27, Plaintiff Ramos filed a supplemental complaint alleging that Defendants' counterclaims lacked basis in fact or law and constituted retaliation under FLSA. (DE 51). On January 29, 2009, the Court granted Plaintiff's motion to file a supplemental complaint for FLSA retaliation. (DE 55). The Court ordered Defendants to respond to Plaintiff's supplemental complaint by February 5, 2009. Id. On February 12, 2009, Defendants sought leave to file a late response to Plaintiff's supplemental complaint and filed a motion to dismiss Plaintiff's complaint alleging retaliation under FLSA. (DE 60, DE 61). On February 24, 2009, the Court accepted Defendants' late filing of a motion to dismiss Plaintiff's complaint alleging retaliation. (DE 72).

Plaintiffs respectfully ask the Court to deny Defendants' Motion to Dismiss Plaintiff's FLSA retaliation claim.

## **Standard**

On a motion to dismiss, the complaint must be construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party must be accepted as true. See Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986). A complaint does not need "detailed

factual allegations." Bell Atlantic Corp. V. Twombly, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007). Rather, the complaint need only assert "enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

## Analysis

Plaintiff Ramos asserts a valid claim for retaliation under the Fair Labor Standards Act ("FLSA") in the supplemental complaint.  Ms. Ramos notes that Defendants allege in their counterclaim that Ms. Ramos abused their child in Spring of 2005 and that they were aware at that time of the alleged abuse. Defendants did not file the counterclaim against Plaintiff Ramos until almost four years later, after Ms. Ramos engaged in the protected activity of filing this lawsuit asserting her employment rights. Plaintiff Ramos alleges that Defendants' spurious counterclaim has no basis in law or fact; would not have been filed but for Plaintiffs' complaint, and was filed in order to deter Plaintiff Ramos from seeking legal redress and to retaliate against her for filing a lawsuit asserting her employment rights. Ms. Ramos alleges that these actions violate the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3), which states:

> It shall be unlawful for any person…to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee…

Defendants argue in their Motion to Dismiss ("Motion") that Ms. Ramos' claim is not valid because she alleges retaliation occurred when Defendants took an adverse non-employment action, i.e. filing a counterclaim, after Ms. Ramos had left Defendants' employ. Motion p. 5. Defendants argue Ms. Ramos' claim "makes no sense" because Ms. Ramos "was not subjected to any adverse employment action as a result of the Hoyles filing the Counterclaims, as required by FLSA[,]" when she engaged in protected activity "after voluntarily leaving her job with the Hoyles." Id.

3

Defendants cite one case in support of this position, *Uphoff-Figueroa v. Puerto Rico Elec. Power Auth.,* Case No. 03-1509(PG), 2006 U.S. Dist. LEXIS 37967 (D. P. R. June 7, 2006). In *Uphoff-Figueroa*, an employee alleged that his employer retaliated under FLSA. The court found the employee's complaint failed because it lacked any statement of facts asserting that the plaintiff engaged in protective activity, stating:

> [T]he complaint is simply devoid of allegations to sustain that [the employer] violated the FLSA's minimum wage and overtime provisions, that plaintiff complained, testified or instituted a proceeding against [the employer] for such alleged violations and that as a result, [the employer] retaliated against him.
> Id. at 5.

The court drew on the language of *Blackie v. Maine*, 75 F.3d 716 (1st Cir. Me. 1996) in stating that a plaintiff making a complaint against a current employer for retaliating by means of an adverse employment action must allege, at a minimum, that the adverse employment action came after and as a reprisal for the employee's protected activity. Id.  Neither the *Uphoff-Figueroa* nor the *Blackie* court, however, denied the possibility that retaliation under FLSA could take a form other than an adverse employment action or could be directed against former employees as well as current employees.  Defendants' argument, by suggesting that the *Uphoff-Figueroa* court established a rule for FLSA retaliation cases involving former employees and non-employment adverse actions, borders on the frivolous.

FLSA's anti-retaliation provision makes it unlawful to "discharge or in any other manner discriminate" in retaliation for engaging in protected activity. Courts have recognized that former employees can be subjected to retaliation. Employers can punish or discourage former employees, as much as current employees, by retaliating when they seek to assert their rights. *See, e.g., Hodgson v. Charles Martin Inspectors of Petroleum, Inc.*, 459 F.2d 303, 306 (5th Cir. 1972) (holding "[t]here is

no ground for affording any less protection to defendant's former employees than to its present employees"); *Smith v. BellSouth Telecomms., Inc.*, 273 F.3d 1303, 1308-10 (11th Cir. 2001) (cataloging broad interpretation given to term "employee" in the FLSA to cover also former employees, specifically including in the context of anti-retaliation provisions).

Courts have addressed retaliation taking the form of non-employment actions, including specifically the filing of counterclaims against employees asserting their rights. *Munroe v. Partsbase, Inc.*, 2008 U.S.Dist.LEXIS 97147, at * 8 (S.D.Fla. Nov. 20, 2008) (citing cases in which courts recognized the "in terrorem effect" of employers responding to employee complaints with counterclaims); *see also Darveau v. Detecon, Inc.*, 515 F.3d 334 (4th Cir. 2008) (recognizing that when an employer filed baseless state lawsuit against employee who had filed FLSA action there was actionable adverse employment action under FLSA); *Barnes v. Akal Security, Inc.*, 2005 U.S.Dist.LEXIS 12268 (D.Kan. June 20, 2005) (allegation that counterclaims would not have been filed but for Plaintiffs' filing of FLSA lawsuit and that counterclaim lacked basis in fact or law was sufficient to plead retaliatory claim). *See also Jacques v. DiMarzio, Inc.,* 216 F. Supp. 2d at 141-43 (defendant's counterclaims found *sua sponte* to be retaliatory, dismissal and sanctions issued *sua sponte*); *Gliatta v. Tectum, Inc.*, 211 F. Supp. 2d 992, 1008-09 (S.D. Ohio 2002) (counterclaim alleged to be retaliatory) (*citing EEOC v. Outback Steakhouse of Florida, Inc.*, 75 F. Supp. 2d 756 (N.D. Ohio 1999) (same)); *Cozzi v. Pepsi-Cola Gen. Bottlers, Inc.*, No. 96 C 7228, 1997 WL 312048, at *3 (N.D. Ill. June 6, 1997) (state court fraud lawsuit alleged to be retaliatory); *EEOC v. Seelye-Wright of South Have, Inc.,* 2006 U.S. Dist. LEXIS 2006 (W.D. Mich. 2006) (Defendant filed defamation claim against employee); *Urquiola v. Linen Supermarket, Inc.,* 1995 U.S. Dist. LEXIS 9902 (M.D. Fla. 1995) (denying motion to dismiss when plaintiff alleged defendant filed lawsuit for

intentional infliction of emotional distress and defamation in retaliation for discrimination charge).

Plaintiff Ramos has sufficiently stated a claim for FLSA retaliation, and Plaintiffs thus respectfully request that Defendants' Motion to Dismiss be denied in its entirety.

>Respectfully submitted,
>
>DEUTSCH ROTBART & ASSOCIATES, P.A.
>Counsel for Plaintiffs
>4755 Technology Way, Suite 106
>Boca Raton, Florida 33431
>Telephone:  561.361.8010
>Facsimile:   561.361.8086
>
>BY:    Erika Deutsch Rotbart s/.
>       Erika Deutsch Rotbart, Esq.
>       Florida Bar No.: 0047686
>
>FLORIDA IMMIGRANT ADVOCACY CENTER
>Counsel for Plaintiffs
>3000 Biscayne Blvd., Suite 400
>Miami, Florida 33137
>Telephone: 305.573.1106 ext. 1020
>Facsimile: 305.576.6273
>
>BY: Mary Gundrum s/.
>    Mary Gundrum, Esq.
>    Florida Bar No.: 0937339
>    Jennifer Hill, Esq.
>    Florida Bar No.:  0041151

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **February 27, 2009**, the foregoing document was electronically filed with the Clerk of the court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in a manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

DEUTSCH ROTBART & ASSOCIATES, P.A.
Counsel for Plaintiffs

BY:   Erika Deutsch Rotbart s/.
         Erika Deutsch Rotbart, Esq.
         Florida Bar No.: 0047686

FLORIDA IMMIGRANT ADVOCACY CENTER
Counsel for Plaintiffs

BY:   Mary Gundrum s/.
         Mary Gundrum, Esq.
         Florida Bar No.: 0937339
         Jennifer Hill, Esq.
         Florida Bar No.:  0041151

## SERVICE LIST
*ALEJANDRA RAMOS and MARIA ONELIA CASTRO*
*v. JAVIER HOYLE and PATRICIAL PERALES*
*CASE NO:  08-CV-21809 MARTINEZ/BROWN*

Stephen James Binhak, Esq.
Sandra Millor, Esq.
Greenberg Traurig, P.A.
1221 Brickell Avenue
Miami, Florida 33131
Telephone:  (305) 579-0500
Facsimile:  (305) 579-0717
E-mail: binhaks@gtlaw.com
E-mail: millors@gtlaw.com

Erika Deutsch Rotbart, Esq.
Deutsch Rotbart & Associates, P.A.
4755 Technology Way, Suite 106
Boca Raton, FL 33431
Telephone:  561.361.8010
Facsimile:   561.361.8086

Mary Gundrum, Esq.
Jennifer Hill, Esq.
FIAC, 3000 Biscayne Blvd., Suite 400
Miami, Florida 33137
Telephone: 305.573.1106 ext. 1020
Facsimile: 305.576.6273
Email:  mgundrum@fiacfla.org
Email: jhill@fiacfla.org