08-21809.og

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-21809-CIV-MARTINEZ/BROWN

ALEJANDRO RAMOS and
MARIA ONELIA MACO CASTRO,

    Plaintiffs,

vs.

JAVIER HOYLE and PATRICIA
PERALES,

    Defendants.
_____/

**SECOND ORDER DENYING AMENDED MOTION TO COMPEL**

**This matter** is before this Court on Defendants' Amended Motion to Compel...(D.E. 81), filed March 12, 2009. The Court has considered the motion, the response, the reply, and all pertinent materials in the file.

Plaintiffs characterize these discovery requests as harassment. For the most part, plaintiffs are correct. Initially, the format of this motion violates Local Rule 26.1.H.2. While this is a basis for denial of the motion, the Court will nonetheless address the issues on the merits.

With regard to request #6, the motion to compel is **DENIED**. This request seeks immigration papers from the time plaintiffs entered this country "up to and including the date of the response to this Request". The argument at pages 8-11 of the motion attempts to justify employment information and then, with no support whatsoever, lumps immigration status into the argument. It is totally without justification. As to the employment argument (document request #18), the motion to compel is **DENIED**. This is the document request equivalent of interrogatory 4. It seeks employment information for plaintiff after leaving the defendants.

The attempt to justify this request is based on allegations in the complaint that plaintiffs gave up employment opportunities in Peru to work for defendants. How this ties into justifying inquiry

into employment after leaving the defendants is a complete mystery. Defendants state that "[T]hese allegations insinuate that Plaintiffs gave up more lucrative employment in Peru to come to the U.S. to work for the Hoyles ..." (page 8 of the motion). In the first place, the Court notes that the use of the words "more lucrative" are defense counsel's - not allegations in the complaint, as is, coincidentally, the use of the word "insinuate". But, even accepting these words of art as fair comment, defendants then jump to the unsupported conclusion that "[A]s a result, [plaintiffs] current employment is relevant to this case."

More importantly, this issue has already been addressed by this Court - and that ruling was affirmed by the District Judge (see D.E. 42 and D.E. 57). Of extreme significance is the fact that this Court granted plaintiff's motion for protective order, in part, as to interrogatory 4 (the very part being sought herein), and that ruling was never appealed by defendants. This motion - as it applies to interrogatory 4 (and, for that matter document request 18), is nothing more than an attempt at a second bite at the apple... and thus is harassing and frivolous.

With regard to document requests 19 and 20, the motion to compel is **DENIED**, as moot (see reply at page 2, footnote 1).[1]

Finally, with regard to interrogatory 4 as answered, the motion to compel is **DENIED**. The response is what the response is ... what part of "unknown" is unclear? Incredibly, defendants concede that information that is lacking is readily understandable (see page 4 of the reply), but insist that better answers are needed because "this does not negate the fact that Plaintiffs' identification of these four employees in the manner done is completely meaningless to the Hoyles". They then argue that plaintiffs "could provide information on the third party who put Plaintiffs in contact with these employers, or Plaintiffs could explain how they came to work for these employers". These are arguable questions ... but not asked. Not surprisingly, no law has been cited to suggest that this is

---

[1] The Court had serious problems with these requests as well.

some requirement of responding to interrogatories ...perhaps because it is not.

Therefore, and the Court being otherwise fully advised in the premises it is hereby

**ORDERED AND ADJUDGED** that said motion be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of May, 2009.

STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Honorable Jose E. Martinez
    Counsel of record