08-21809.06

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-21809-CIV-MARTINEZ/BROWN

ALEJANDRO RAMOS and
MARIA ONELIA MACO CASTRO,

      Plaintiffs,

vs.

JAVIER HOYLE and PATRICIA
PERALES,

      Defendants.
_____/

## ORDER RE: PLAINTIFFS' SECOND MOTION TO COMPEL

**This matter** is before this Court on Plaintiffs' Second Motion to Compel..., filed April 13, 2009 (D.E. 101). The Court has considered the motion, the response, the reply and all pertinent materials in the file. Initially, the Court notes that this motion violates Local Rule 26.1.H.2 and can be denied on that basis. This is relevant because plaintiff has made a point of noting that amended responses were received "**after the Plaintiffs filed their motion to compel**" (page 2 of the reply).. and "people in glass houses ...".

Addressing the arguments on the merits, and the Court being otherwise fully advised in the premises it is hereby **ORDERED AND ADJUDGED** as follows:

1. With regard to interrogatories 1-3 the motion to compel is **DENIED**, based on the response and reply which appear to indicate that these matters are moot.

2. With regard to interrogatories 4-11[1]; the Court will not sustain the objection that they exceed the permissible number. It is unconscionable for defendants to suggest that they can file a

---

[1] The Court is excluding interrogatory 8 which is not a part of the motion.

counterclaim after plaintiff sends out discovery and then expect that the Court will not allow some discovery on the counterclaim. Therefore as to interrogatories 4, 5, 10, and 11 (whose only objection was to the number of interrogatories), the motion to compel is **GRANTED**.

3. With regard to interrogatory 6, the motion to compel is **GRANTED**. To the extent that defendants object on the basis that "this Interrogatory essentially requests that the Hoyles conduct an investigation ...", that is correct - but that "investigation" should have been done before the filing of the counterclaim. See FRCP 11. To the extent that the objection claims "that the Hoyles devise a theory of the case for Plaintiffs", the question asks for facts, not theories.

4. With regard to interrogatory 7, the motion to compel is **GRANTED**. The defendants placed health issues in their counterclaim. While it may be true that a visit to a gastroenterologist may not be relevant, the Court cannot rule it out. For example, histories are taken at such visits, and stress or other emotional components may well cause a visit to just such a doctor. Admissibility is quite another story - and for another date and time.

5. With regard to interrogatory 9, which is not stated in sufficient detail in either the motion or the reply (much less in compliance with the aforementioned local rule) the motion to compel is **DENIED**, as moot (see page 8 of the reply).

6. With regard to document requests 2, 3, 4, 7 and 13, the motion to compel is **DENIED**. Plaintiffs attempt to create a new test for production of documents beyond "care, custody, and/or control" ...one having the authority to obtain the information. Interestingly, while case law is cited concerning "control", none is cited for the proposition that it equates with "authority to obtain" and, in fact, "authority to obtain" is not even defined. Defendants can go to the drugstore, to use plaintiffs example, and <u>ask</u> (emphasis added) for prescription information, but they have no "control" over it. Drugstores may or may not release same - and in these HIPAA[2] days, it's more likely they will not - and defendants can't force them to release that info - short of a subpoena equally available to plaintiffs, because they have no "control" over the drugstore. Defendants can <u>ask</u> (emphasis added)

---

[2]Health Insurance Portability and Accountability Act.

their employers for records(request 7), but if they choose not to release them what, exactly, would plaintiffs have defendants do ?

7. With regard to document request 10, the motion to compel is **GRANTED**. There is simply no basis for the "narrowing sought by defendants.

8. Defendants shall have ten (10) days from the date of this order to comply with same.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 15th day of May, 2009.

STEPHEN T. BROWN
CHIEF UNITED STATES MAGISTRATE JUDGE

cc:   Honorable Jose E. Martinez
      Counsel of record