UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 08-21809-CIV-MARTINEZ-BROWN

ALEJANDRA RAMOS and MARIA ONELIA
MACO CASTRO,

    Plaintiffs,

vs.

JAVIER HOYLE and PATRICIA PERALES,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFF RAMOS' SUPPLEMENTAL COMPLAINT

THIS CAUSE came before the Court upon Defendants' Motion to Dismiss Plaintiff Ramos' Supplemental Complaint (D.E. No. 60). Plaintiffs Alejandro Ramos ("Plaintiff" or "Ramos") and Maria Onelia Maco Castro ("Plaintiff" or "Castro") were formerly employed by Defendants Javier Hoyle and Patricia Perales ("Defendants") as housekeepers and childcare providers. Plaintiff Ramos worked for Defendants from 2002 until 2005 and Plaintiff Castro worked for Defendants from 2006 until 2008. Plaintiffs have filed a five-count complaint against Defendants, alleging violations of the Fair Labor Standards Act ("FLSA"), the Florida Minimum Wage Act, breach of contract, fraud, and a violation of the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1589 *et. seq*. ("TVPRA"). Defendants answered and filed a four-count counterclaim against Plaintiff Ramos, alleging assault, battery, intentional infliction of severe emotional distress, and false imprisonment based upon Plaintiff Ramos's alleged abuse of their son, P.H. In response to this counterclaim, Plaintiff Ramos has filed a supplemental

complaint alleging a retaliation claim in violation of the FLSA against Defendants. Defendants have now moved to dismiss this supplemental retaliation claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. After careful consideration, the Court denies Defendants' motion to dismiss the supplemental complaint.

## I. Legal Standard

When reviewing a complaint under Rule 12(b)(6), the court accepts all well-pleaded allegations as true and views the motion in the light most favorable to the non-moving party. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (quoting Fed. R. Civ. P. 8; *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

## II. Analysis

Defendants move to dismiss this case, arguing that Plaintiff has failed to state a claim upon which relief may be granted because Plaintiff has failed to allege that Defendants subjected her to an adverse employment action.[1] After careful consideration, the Court finds this argument is without merit.

The FLSA's anti-retaliation provision makes it unlawful

---

[1] Defendants also argue that the retaliation claim is improper because it was entirely proper for them to file their counterclaim at the time when they did as this is when their answer was due. The Court is unclear if this was meant to be a separate argument, and the Court is also unclear what significance this vague assertion has in this motion to dismiss. The Court notes, however, that the fact that the counterclaims were filed at the appropriate time in this case in no way diminishes the viability of Plaintiff Ramos's retaliation claim.

> to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee.

29 U.S.C. § 215(a)(3). In order to demonstrate a prima facie case of retaliation under the FLSA, Plaintiff must demonstrate (1) that she engaged in protected activity under the FLSA; (2) that she subsequently suffered an adverse action by her employer; and (3) that a causal connection existed between the employee's activity and the adverse action. *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342-43 (11th Cir.2000). Here, Defendants have argued that the filing of a counterclaim cannot constitute the required "adverse action." This Court disagrees.

The Court agrees with those courts which have found that the assertion of a claim in litigation can constitute an adverse action and unlawful retaliation in violation of the FLSA. *See Darveau v. Detecon, Inc.*, 515 F. 3d 334 (4th Cir. 2008) (holding that "a plaintiff asserting a retaliation claim under the FLSA need only allege that his employer retaliated against him by engaging in an action 'that would have been materially adverse to a reasonable employee' because the 'employer's actions . . . could well dissuade a reasonable worker from making or supporting a charge of discrimination.'") (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006)); *Munroe v. Partsbase*, Inc., No. 08-80431-CIV, 2008 WL 4998777, at *2-3 (S.D. Fla. Nov. 20, 2008) (finding that the filing of a counterclaim can be a retaliatory action, but that the determination of retaliatory intent is a question of fact); *Orr v. James D. Julia, Inc.*, No. 07-51-B-W, 2008 WL 2605569 at *16 (D. Me. June 27, 2008) (finding that a compulsory counterclaim may constitute retaliation when it is totally baseless). In addition, it is well-settled that the FLSA protects former employees from retaliation as well as current employees. *Hodgson v. Charles*

*Martin Inspectors of Petroleum, Inc.*, 459 F.2d 303, 306 (5th Cir.1972).[2]  *See also Davreau*, 515 F. 3d at 342-44 (discussing Title VII and the FLSA and noting that both allow for former employees to file retaliation claims for actions occurring after having left their employment).  In this case, Plaintiff Ramos has alleged that her former employers filed a four-count counterclaim against her alleging child abuse with a retaliatory motive as the counterclaim had no basis in law or fact.  This assertion is sufficient to state a retaliation claim, and the Court denies Defendants' motion to dismiss.  Accordingly it is hereby:

**ORDERED AND ADJUDGED** that

Defendants' Motion to Dismiss Plaintiff Ramos' Supplemental Complaint (D.E. No. 60) is **DENIED**.  Defendants shall file their Answer to Plaintiff's Supplemental Complaint on or before **May 22, 2009**.  No extensions of this deadline will be granted.

DONE AND ORDERED in Chambers at Miami, Florida, this 15 day of May, 2009.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Brown
All Counsel of Record

---

[2] In *Bonner v. Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.