UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number:  08-21809-CIV-MARTINEZ-BROWN**

ALEJANDRA RAMOS and MARIA ONELIA
MACO CASTRO,

      Plaintiffs,

vs.

JAVIER HOYLE and PATRICIA PERALES,

      Defendants.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' PARTIAL MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' MOTION TO STRIKE

THIS CAUSE came before the Court upon Plaintiffs' Motion for Summary Judgment (D.E. No. 118) and Plaintiffs' Motion to Strike Defendants' Affidavits (D.E. No. 135). After careful consideration, this Court grants in part and denies in part Plaintiffs' Motion for Summary Judgment and denies Plaintiffs' Motion to Strike Defendants' Affidavits.

### I.  Relevant Factual and Procedural Background[1]

Plaintiffs Alejandro Ramos ("Plaintiff" or "Ramos") and Maria Onelia Maco Castro ("Plaintiff" or "Castro") were formerly employed by Defendants Javier Hoyle ("Defendant" or "Hoyle") and Patricia Perales ("Defendant" or "Perales") as housekeepers and childcare providers.  (D.E. No. 142 at 3).  Plaintiff Ramos worked for Defendants from August 2002 to June 2005, and Plaintiff Castro worked for Defendants from April 2006 to May 2008.  *Id.* Plaintiffs have filed a five-count complaint against Defendants, alleging violations of the Fair

---

[1]The facts are more specifically discussed in the analysis section.

Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), the Florida Minimum Wage Act, breach of contract, fraud and a violation of the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1589, *et seq*. ("TVPRA").  *See* (D.E. No. 17).  The Court previously denied Defendants' motion to dismiss Counts II, IV, and V of the First Amended Complaint.  *See* (D.E. No. 38).

Defendants answered and filed four counterclaims against Plaintiff Ramos, alleging assault, battery, intentional infliction of severe emotional distress, and false imprisonment based upon Plaintiff Ramos's alleged abuse of their son, P.H.  *See* (D.E. No. 45).  In response to these counterclaims, Plaintiff Ramos has filed a Supplemental Complaint, alleging a retaliation claim in violation of the FLSA against Defendants.  *See* (D.E. No. 51-2).[2]  Defendants moved to dismiss this Supplemental Complaint for failure to state a claim upon which relief may be granted, and this Court denied that motion.  *See* (D.E. No. 132).

Plaintiffs have now filed a partial motion for summary judgment and a motion to strike declarations filed by Defendants in support of their response to Plaintiffs' motion.

## II.  Legal Standard

A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  By its very terms, this standard provides that "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there will be

---

[2]Plaintiff Ramos also filed a motion for leave to file this supplemental complaint, which this Court granted.  *See* (D.E. No. 55).

no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48

(1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). An

issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find

for the non-moving party. *Anderson*, 477 U.S. at 248; *Matsushita Electric Indus. Co.,* 475 U.S.

at 586. It is "material" if it might affect the outcome of the case under the governing law.

*Anderson*, 477 U.S. at 248. In addition, in considering a motion for summary judgment, the

Court is required to view the evidence in the light most favorable to the non-moving party. *Id*. at

255.

If the moving party bears the burden of proof at trial, the moving party must establish all

essential elements of the claim or defense in order to obtain summary judgment. *See United

States v. Four Parcels of Real Prop. in Greene and Tuscaloosa Counties*, 941 F. 2d 1428, 1438

(11th Cir. 1991). The moving party "'must support its motion with credible evidence . . . that

would entitle it to a directed verdict if not controverted at trial.'" *Id*. (quoting *Celotex Corp. v.

Catrett*, 477 U.S. 317, 331 (1986) (Brennan, J., dissenting)). "If the moving party makes such an

affirmative showing, it is entitled to summary judgment unless the nonmoving party, in response,

'come[s] forward with significant, probative evidence demonstrating the existence of a triable

issue of fact.'" *Four Parcels of Real Prop. in Greene and Tuscaloosa Counties*, 941 F. 3d at 1438

(quoting *Chanel, Inc. v. Italian Activewear of Fla., Inc*., 931 F.3d 1472, 1477 (11th Cir. 1991)).

*See also* Fed. R. Civ. P. 56(e).

In contrast, if the non-moving party bears the burden of proof at trial, the moving party

may obtain summary judgment simply by establishing the nonexistence of a genuine issue of

material fact as to any essential element of a non-moving party's claim or affirmative defense.

-3-

*Celotex*, 477 U.S. at 324. When the non-moving party bears the burden of proof, the moving party does not have to "support its motion with affidavits or other similar material *negating* the opponent's claim." *Id*. at 323 (emphasis in original). The moving party may discharge its burden in this situation by showing the Court that "there is an absence of evidence to support the nonmoving party's case." *Id*. at 324.  Once the moving party discharges its initial burden, a non-moving party who bears the burden of proof must "go beyond the pleadings and by [its] own affidavits or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. (quoting Fed. R. Civ. P. 56(e)). A non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

### III.  Analysis

Plaintiffs seek partial summary judgment on their claim for unpaid wages under the FLSA. Plaintiff Ramos also seeks summary judgment on the counterclaims asserted against her for assault, battery, intentional infliction of emotional distress, and false imprisonment, and on her supplemental claim for retaliation in violation of the FLSA.  Plaintiffs have also moved to strike Defendants' declarations submitted in opposition to Plaintiffs' motion for summary judgment. This Court denies Plaintiffs' motion to strike these declarations as the Court finds this unnecessary.  Instead, the Court discusses these declarations and their failings in its analysis of the parties' claims and has considered such failings in addressing Plaintiffs' partial motion for summary judgment. After careful consideration, this Court grants Plaintiffs' motion for summary judgment in part and denies it in part.

A.      **Unpaid Wages Under the FLSA**

Plaintiffs seek partial summary judgment on their claim for unpaid wages under the FLSA. Specifically, Plaintiffs seek summary judgment on their claim that Defendants are employers and Plaintiffs are employees who were employed under the meaning of the FLSA.  Plaintiffs also seek summary judgment on their claim that Defendants are liable for liquidated damages under the FLSA and on their claim that Defendants failed to keep accurate records of the time Plaintiffs worked.  This Court finds Plaintiffs are entitled to summary judgment on all of these issues except the issue of liquidated damages.

First, Defendants concede that Defendants are employers and Plaintiffs are employees who were employed under the meaning of the FLSA.  *See* (D.E. No. 129 at 3); (D.E. No. 142 at 5). Defendants, however, argue that it would be inappropriate to grant summary judgment on this issue until Plaintiffs prove that they are entitled to relief on their FLSA claim.  This Court disagrees and finds partial summary judgment on this issue is entirely appropriate.  As Defendants recognize in the Joint Stipulation, this is a concise issue of law on which there is agreement. (D.E. No. 142 at 4-5).  Thus, as there are no genuine issues of material fact on this issue, the Court grants Plaintiffs' motion in this regard, finding that Defendants are employers, and Plaintiffs are employees who were employed under the meaning of the FLSA.

Plaintiffs also seek summary judgment on their claim that their entitled to liquidated damages for Defendants failure to pay them their mandated minium wages.  Defendants again argue that it is inappropriate for this Court to grant summary judgment on this issue before Plaintiffs have demonstrated that they are entitled to unpaid wages.  This Court agrees.

"Under the FLSA a district court generally must award a plaintiff liquidated damages that

are equal in amount to actual damages." *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1272 (11th Cir. 2008).  29 U.S.C. § 216(b) provides that "[a]ny employer who violates the . . . [FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages . . . and in an additional equal amount as liquidated damages."  However, the Portal to Portal Act, 29 U.S.C. §§ 251-262, which amended the FLSA, provides that an employer who acted in good faith and under the reasonable belief that it was in compliance with the FLSA is not liable for liquidated damages.  This safe harbor provision specifically provides:

> if the employer shows to the satisfaction of the court that the act or omission giving rise to [the FLSA] action [for unpaid wages] was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title.

29 U.S.C. § 260.  The employer has the burden of demonstrating that he is entitled to the safe harbor provision, and the employer must demonstrate both subjective and objective good faith. *Rodriguez*, 518 F. 3d at 1272.

This Court finds that the very nature of the inquiry regarding the entitlement to liquidated damages rests upon a finding of liability, and an examination of the motivations behind any act or omission which resulted in the liability.  Thus, the Court finds that summary judgment is inappropriate on this issue. Plaintiffs have not sought summary judgment on the issue of liability under the FLSA.  Thus, the Court denies Plaintiffs' motion for summary judgment on the issue of liquidated damages.

Finally, Plaintiffs seek summary judgment on the issue of whether Defendants failed to keep accurate records of Plaintiffs' time worked.  Plaintiffs argue that there are no genuine issues

of material fact that Defendants did not keep such records, and thus, they are entitled to appropriate presumptions, instructions, and the burden-shifting framework articulated in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946) should apply to their unpaid wages claim at trial. Defendants again argue that it is inappropriate for this Court to grant summary judgment on this issue without first finding that Defendants have violated the FLSA.  Defendants also argue that Defendants did in fact maintain records of Ramos's time from January 2002 through December 2003.  After careful consideration, this Court finds Plaintiffs are entitled to summary judgment on the issue of the application of the burden-shifting framework at trial.

An FLSA plaintiff "has the burden of proving that he performed work for which he was not properly compensated."  *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).  The employer, however, has a duty under the FLSA to keep appropriate records of wages and hours worked.  *Id.*  In situations where the employer has failed to keep proper and accurate records, the United States Supreme Court has recognized that it would be improper "to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work."  *Id*.

Instead, the Supreme Court has erected a burden-shifting standard that applies where an employer has failed to keep proper and accurate records.  The Supreme Court has held that

> in such situation[s] . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.  The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence.  If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

*Anderson*, 328 U.S. at 687-88.  Plaintiffs are asking this Court to grant partial summary judgment in its favor by finding that Defendants did not keep accurate and proper records, and thus, at trial, the above burden-shifting framework will apply when Plaintiffs are attempting to prove that they are entitled to unpaid wages.

The Court disagrees with Defendants' unsupported argument that this Court cannot grant partial summary judgment on this issue and must first find that Defendants are liable under the FLSA.  Defendants concede that they did "not maintain complete records" for Plaintiffs.  (D.E. No. 129 at 8).  Indeed, the undisputed evidence in the record is that Defendants kept no records recording hours worked by Plaintiff Castro. (D.E. No. 118-3 at 135); (D.E. No. 118-4 at 100-101). With respect to Plaintiff Ramos, Defendants only kept records for 2003. (D.E. No. 118-3 at 116-17); (D.E. No. 118-4 at 99-100); (D.E. No. 129-4 at 10-12).  These records for Plaintiff Ramos in 2003, however, do not include the total hours worked each workday as required, 29 C.F.R. 516.2(a)(7), and by Defendants' own admission the 2003 records were based on estimations of hours worked each week.  (D.E. No. 188-3 at 119) (wherein Defendant Hoyle testified that the 2003 records of weekly hours worked for Plaintiff Ramos were based on "an approximate number of hours worked during each week.").  Thus, there is no dispute that the 2003 records for Plaintiff Ramos are not accurate and proper records.

Therefore, the Court grants summary judgment on this issue, finding that Defendants did not keep proper and accurate records of wages and hours worked by Plaintiffs.  Thus, the Court finds that at trial, the burden-shifting framework articulated above in *Anderson* will apply.  The Court's decision, however, is limited on this issue to this narrow holding.  The Court is not making any finding as to liability or as to the application of this test.  To the extent that Plaintiffs

-8-

are also arguing that they are in fact entitled to the "just and reasonable inference" that they

performed work for which they were improperly compensated, the Court finds that genuine issues

of material fact remain as to this issue.  Plaintiffs in moving for summary judgment have not

offered any evidence with regard to the total amount of hours for which they are seeking

compensation or what evidence they are relying on to establish such hours.[3]  Thus, such an

inference would be improper and impossible at this time.  Thus, the Court grants in part and

denies in part Plaintiffs' partial motion for summary judgment on the FLSA issues.

> **B.**      **Counterclaims for Assault, Battery, Intentional Infliction of Emotional
> Distress, and False Imprisonment against Plaintiff Ramos**

Plaintiff Ramos also seeks summary judgment on the counterclaims asserted against her

for assault, battery, intentional infliction of emotion distress, and false imprisonment.  These

claims all relate to Defendants' allegations that Plaintiff Ramos abused their son, P.H.  Plaintiff

argues that Defendants cannot produce sufficient evidence to demonstrate assault, battery, or

intentional infliction of emotional distress because there is no admissible evidence that such abuse

ever occurred.  In addition, Plaintiff argues that Defendants cannot demonstrate false

imprisonment because there is no evidence that P.H. was restrained against his will, deprived of

liberty, or harmed in any way by Ramos.  After careful consideration, this Court grants summary

-----

[3]The Court finds Plaintiffs' argument in their Reply brief that "Defendants' own
statements allow for a reasonable inference that at least some unpaid wages are owed," (D.E. No.
135 at 3), is not sufficient to demonstrate that an inference should be established as to all wages
sought in this case.  This issue will be considered in full at trial, and the Court finds it would be
inappropriate to try to separate this small amount out, especially as Plaintiffs did not argue with
any specificity as to the amount of wages they were seeking or the evidence they were relying
upon in seeking such wages in their original motion.  *See Powell v. Carey Int'l, Inc.*, 490
F.Supp.2d 1202, 1206 n.4 (S.D. Fla. 2006) (stating that "the Court cannot consider new
arguments raised for the first time in a reply brief.").

judgment in Plaintiff Ramos's favor on these claims.

Plaintiff argues that Defendants cannot prove assault,[4] battery,[5] or intentional infliction of emotional distress[6] because there is no evidence of any intentional threatened contact, no evidence of the intentional infliction of a harmful or offensive contact, and no evidence of outrageous conduct, resulting in severe emotional distress. More specifically, Plaintiff argues that these is no evidence that Ramos abused P.H. or threatened to abuse P.H. Defendants did not submit a statement of material facts in opposition to Plaintiff's motion for summary judgment. The Court, however, takes what Defendants allege are the disputed genuine issues of material fact which remain on this issue from Defendants' Response.[7]

---

[4]To prove civil assault, Defendants as counterclaimants must demonstrate "an intentional, unlawful offer of corporal injury to another by force, or force unlawfully directed toward another under such circumstances as to create a fear of imminent peril, coupled with the apparent present ability to effectuate the attempt." *Doe v. Epstein*, 611 F. Supp. 2d 1339, 1343 (S.D. Fla. 2009).

[5]To prove civil battery, Defendants as counterclaimants must demonstrate an "'intentional infliction of a harmful or offensive contact upon the person of another.'" *Battiste v. Lamberti*, 571 F. Supp.2d 1286, 1307 (S.D. Fla. 2008) (quoting *Sullivan v. Atl. Fed. Sav. & Loan Ass'n*, 454 So.2d 52, 54 (Fla. 4th DCA 1984)).

[6]Finally, to prove intentional infliction of emotional distress, Defendants as counterclaimants must demonstrate:
   (1)   The wrongdoer's conduct was intentional or reckless, that is, he intended his behavior when he knew or should have known that emotional distress would likely result;
   (2)   the conduct was outrageous, that is, as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community;
   (3)   the conduct caused emotional distress; and
   (4)   the emotional distress was severe.
*LeGrande v. Emmanuel*, 889 So.2d 991, 994-95 (Fla. 3d DCA 2004) (quoting *Clemente v. Horne*, 707 So.2d 865, 866 (Fla. 3d DCA 1998)).

[7]The Court acknowledges that it could simply deem admitted all of Plaintiffs' well supported facts in their statement as Defendants did not controvert these facts in an opposing statement. *See* S.D. Local Rule 7.5(D). The Court, however, has chosen to consider the facts

First, Defendants argue that genuine issues of fact remain because P.H. on different occasions stated that Plaintiff Ramos abused him.  Specifically, Defendants rely on Defendant Perales's testimony that P.H. told her that Ramos sucked his tongue.  (D.E. No. 129 at 10); (D.E. No. 118-4 at 33-34).  Defendants also rely on Defendant Hoyle's testimony that P.H. told him that Ramos sexually abused him.  (D.E. No. 129 at 10); (D.E. No. 129-3 at 18-19).  Hoyle testified that P.H. stated that Ramos would suck his tongue and touch his penis.  (D.E. No. 129-3 at 21).  All of this evidence, however, relates to what another person, P.H., told Defendants, and thus, such evidence is inadmissible hearsay.  Fed. R. Evid. 801, 802. Defendants "cannot use inadmissable hearsay to defeat summary judgment when that hearsay will not be reducible to admissible form at trial." *Pritchard v. Southern Co. Servs*., 92 F. 3d 1130, 1135 (11th Cir. 1996); s*ee also Macuba v. Deboer*, 193 F.3d 1316, 1325 (11th Cir.1999) (To be admissible on summary judgment, evidence offered for its truth "would [have to] be admissible at trial under an exception to the hearsay rule."). Here, Defendants have not offered any indication that this evidence will become admissible at trial.  Thus, this evidence does not create a genuine issue of material fact.

Defendants also argue that other people told them that Ramos was abusing P.H. Defendants rely on Perales's testimony that a friend of the family who was working as a household employee told her that she saw Ramos put P.H. to bed in "a strange way."  (D.E. No. 129-2 at 6).  She also told Perales that Ramos lay on top of P.H. and then rubbed him, "doing something strange to him in the bed."[8]  *Id*.  This evidence is again a statement made by another

stated in Defendants' Response.

[8]In their response, Defendants state that Perales testified that both she and the other household employee witnessed this incident.  *See* (D.E. No. 129-2 at 6).  However, upon review of the testimony cited by Defendants, Perales never states that she actually saw this incident;

-11-

person to Defendant and is inadmissible hearsay. Without any indication that this evidence will become admissible at trial, it is also insufficient to create a genuine issue of material fact.

Defendants also argue that Defendant Perales once observed an incident that demonstrates abuse. Specifically, Perales testified that she knocked on the bathroom door when Ramos was in there and asked where P.H. was. (D.E. No. 129-2 at 7). P.H. was in the bathroom with Ramos and the door was locked. *Id*. Perales testified that this was not "normal." *Id*. The Court finds, however, that it is unclear how this incident demonstrates abuse. Perales does not state that Ramos was abusing P.H. in the bathroom or that he was somehow upset to be in the bathroom with Ramos. Perales's statement that this was not "normal behavior" is speculative and conclusory at best. The Eleventh Circuit "has consistently held that conclusory allegations without specific supporting facts have no probative value," and thus, are not sufficient to defeat summary judgment. *Evers v. General Motors Corp*., 770 F.2d 984, 986 (11th Cir.1985).

Finally, both Defendants have submitted declarations that they argue provide evidence that there are genuine issues of material fact or more specifically, provide evidence that Ramos abused P.H. The declarations, however, again reference inadmissible evidence and are at best vague and conclusory. Thus, these declarations also fail to create a genuine issue of material fact.

First, the declarations repeat the inadmissible evidence discussed above regarding P.H.'s statements to Defendants that Ramos abused him. (D.E. No. 129-6 at 1); (D.E. No. 129-7 at 1). This evidence remains inadmissible and insufficient to create a genuine issue of material fact.

The declarations also again state that Perales observed that Ramos would keep P.H. in her room and bathroom with the door closed and when Perales asked why, her responses were

---

rather, she states that she was told about it. *Id*.

"unsatisfactory." (D.E. No. 129-6 at 1); (D.E. No. 129-7 at 1). As discussed above, this evidence is vague and conclusory at best, and it is unclear why a nanny having a child in a room with a closed door is of any significance. This sheer speculation without more is not enough to create a genuine issue of material fact.

The Defendants' declarations also note that P.H. had anguish and suffered from nervousness, constipation, and frustration. (D.E. No. 129-6 at 2); (D.E. No. 129-7 at 2). Defendants state in their declarations that P.H. was taken to psychologists and that Perales told these doctors that P.H. was abused. (D.E. No. 129-6 at 2); (D.E. No. 129-7 at 1-2). These allegations, however are again vague and conclusory. There is no evidence or explanation as to why P.H.'s "anguish" or other problems demonstrate that he was abused, nor is there any evidence that any doctor or psychologist ever diagnosed him as having been abused. Perales's own unsupported conclusion that she repeated to doctors that P.H. was abused is not evidence sufficient to create a genuine issue of material fact. Thus, the Court finds no genuine issues of material fact remain as to Defendants' counterclaims of assault, battery, and intentional infliction of emotional distress, and this Court grants summary judgment in Plaintiff Ramos's favor on these claims.

Next, Plaintiff also argues that Defendants cannot prove false imprisonment because there is no evidence that P.H. was restrained against his will or deprived of liberty. In order to prove false imprisonment, Defendants must prove "'the unlawful restraint of a person against his will, the gist of which action is the unlawful detention of the plaintiff and deprivation of his liberty.'" *Geidel v. City of Bradenton Beach*, 56 F. Supp. 2d 1359, 1367 (M.D. Fla. 1999) (quoting *Johnson v. Weiner*, 19 So. 2d 699, 700 (Fla. 1944)). Defendants argue that genuine issues of material fact

-13-

remain as to this issue because Defendants have offered evidence that Ramos kept P.H. in rooms with doors closed contrary to their instructions.  However, this evidence does not meet any of the elements of a false imprisonment claim.  There is no evidence that P.H. was in these rooms against his will or that he was being abused or suffering any harm in these rooms.  Defendants make the conclusory statement that "[i]t is reasonable for a [three and a half year old] child . . . to feel confined and unable to leave when the adult molesting him is his nanny."  (D.E. No. 129 at 13).  However, as discussed above, Defendants have not offered any admissible evidence that Ramos was molesting P.H.  Thus, the Court also grants summary judgment on Defendants' false imprisonment claim against Ramos.

## C.    Plaintiff Ramos's Supplemental Claim for Retaliation

Finally, Plaintiff Ramos seeks summary judgment on her supplemental claim for retaliation in violation of the FLSA.  "Retaliation claims under the FLSA are analyzed using the familiar *McDonnell Douglas* framework applied to retaliation claims under Title VII, the ADEA and the ADA."  *Burnette v. Northside Hosp*., 342 F. Supp. 2d 1128, 1133 (N.D. Ga. 2004).  In order to demonstrate a prima facie case of retaliation under the FLSA, Plaintiff must demonstrate (1) that she engaged in protected activity under the FLSA; (2) that she subsequently suffered an adverse action by her employer; and (3) that a causal connection existed between the employee's activity and the adverse action.  *Wolf v. Coca-Cola Co.*, 200 F. 3d 1337, 1342-43 (11th Cir. 2000). If a plaintiff demonstrates a prima facie case, a defendant has the burden of coming forward with a legitimate non-retaliatory reason for their adverse employment action.  *Id*.  If a Defendant meets their burden, the burden then shifts back to Plaintiff to demonstrate that the proffered non-retaliatory reason is a pretext.  *Id*.

-14-

Plaintiff argues that she has established a prima facie case of retaliation and that she is entitled to summary judgment. Defendants do not challenge Plaintiff's ability to establish the first element and third element of her prima facie case.[9]  Instead, Defendants argue that Plaintiff cannot meet the second element of her prima facie case because the filing of their counterclaims was not an adverse employment action. In addition, Defendants argue that Plaintiff's retaliation claim is barred by the Florida litigation privilege.  After careful consideration, the Court finds that Plaintiff Ramos is entitled to summary judgment on this claim.

Defendants have argued that Plaintiff cannot demonstrate that she suffered an adverse employment action. "For Plaintiff to prevail on her retaliation claim, she must demonstrate that Defendants' counterclaims (1) were filed for a retaliatory motive and (2) lack reasonable basis in fact or law." *Munroe v. Partsbase*, Inc., No. 08-80431-CIV, 2009 WL 413721, *8 (S.D. Fla. Feb. 18, 2009).  The Court finds no genuine issues of material fact remain as to either prong of this claim.

First, Plaintiff has submitted evidence that the counterclaims were filed for a retaliatory motive, and Defendants have not offered any evidence sufficient to dispute this evidence.

---

[9]With regard to the first element, there is no question that Plaintiff Ramos participated in a statutorily protected activity when she filed her formal complaint alleging violations under the FLSA.  With regard to the third element, the timing of Defendants' assertion of its counterclaims establishes causation.  In this action, it is undisputed that Defendants did not seek to file any claims relating to the claims asserted in their counterclaims until after this action was filed. (D.E. No. 142 at 3).  *See Kreinik v. Showbran Photo,02-1172*(RMB)(DF), 2003 WL 22339268, *8 (S.D.N.Y. Oct. 14, 2003) (finding that a plaintiff could challenge a defendant's counterclaims as retaliatory, where, as here, the claims could have been asserted earlier, but were instead asserted only after the plaintiff had initiated the action seeking to vindicate his federal rights).  In addition, shortly before this action, it is undisputed that Defendants stated that while they had not previously pursued civil or criminal action against Plaintiff for her alleged abuse of P.H. if she filed her action including her FLSA claims this would "necessarily include developing and proving . . . [the] facts [relating to the abuse]."  (D.E. No. 118-14 at 3).

Defendants argue that there is a dispute of fact regarding their intentions in bringing their counterclaims. They have submitted evidence that they delayed in asserting the counterclaims against Ramos because they did not know where to find her or if she was even still in the United States. Specifically, both Defendants state in their declarations that Ramos left their employment without any notice and without leaving any contact information. (D.E. No. 129-6 at 2); (D.E. No. 129-7 at 2). Because Defendants "did not know where Ms. Ramos was . . . [they] assumed that . . [they] could not bring a claim against her in the United States for molesting P.H." (D.E. No. 129-6 at 3); (D.E. No. 129-7 at 2). Defendants state that it was only after they received Plaintiffs' demand letter in this case in May of 2008 that they became aware of Ramos's whereabouts. (D.E. No. 129-6 at 3); (D.E. No. 129-7 at 2). Defendants' "counsel responded to this letter and stated that . . . [Defendants] would bring claims against Ms. Ramos for the molestation of . . . [their] son." (D.E. No. 129-6 at 3); (D.E. No. 129-7 at 3-4).

There is, however, an inherent inconsistency in Defendants' statements made in their declarations and Defendant Perales's prior deposition testimony. Defendant Perales previously testified that suit was not brought against Ramos for the following reasons:

> I had mercy on her. I thought it would be better [sic] she goes away. I didn't want my son's name to appear in any police record or court record, and that is why I didn't do anything. I just wanted her to go away, and now that she has decided that I have--whatever she claims of me--I want you to know that she has done a lot of damage to my son to me and to my husband, and all my family, including my brother, my mother, and everybody.

(D.E. No. 118-5 at 80). Perales cannot now completely change her story as to the reason why she did not bring suit against Ramos and expect to defeat summary judgment. *See Van T. Junkins and Associates, Inc. v. U.S. Industries, Inc.*, 736 F.2d 656, 657 (11th Cir.1984) ("When a party has

given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony.").

In addition, the actual letter sent by counsel referred to by both Defendants in their declarations is also inconsistent with Defendants' statements in their declarations regarding this letter. This letter actually states:

> Mr. Hoyle and Ms. Perales never pursued civil or criminal action against Ms. Ramos for her conduct.[10]  They chose instead to let her leave without incident out of mercy. It should be obvious, though, that if Ms. Ramos initiates a lawsuit, the process will necessarily include developing and proving these facts.

(D.E. No. 118-14 at 3). Thus, this letter referenced by Defendants is not just a statement that now that Defendants knew Ramos's whereabouts they were going to bring suit against her for abuse. Counsel's statement in this letter is that Defendants have had mercy on Ramos in the past and chosen not to pursue their claims against her; however, if Ramos filed her suit against Defendants then Defendants would in turn bring their claims relating to the abuse against her.

Both Defendant Perales's deposition and their counsel's letter demonstrate the retaliatory motive of Defendants. Even if this Court were to accept the statements in the declarations despite their inconsistencies with prior testimony and their mischaracterization of actual evidence submitted in this case, it is unclear how Defendants' alleged failure to know Ramos's whereabouts until she sent them a demand letter explains the undisputed statements in the record that Defendants did not intend to bring the counterclaims unless Ramos filed this lawsuit. *See* (D.E. No. 118-5 at 80); (D.E. No. 118-14 at 3). Thus, the Court finds it undisputed that

---

[10]In the letter, counsel previously stated that "Ms. Ramos repeatedly molested Mr. Hoyle's and Ms. Perales' son." (D.E. No. 118-14 at 3).

Defendants had a retaliatory motive in filing their counterclaims.

It is, however, not enough to find a retaliatory motive; the counterclaims at issue must also be baseless for this Court to find retaliation.  Here, this Court finds that Defendants' counterclaims are baseless as they lack a reasonable basis in fact.  Defendants again cite the evidence already discussed in the section relating to these counterclaims and argue that their counterclaims are not baseless.  As the Court concluded above, however, Defendants have not submitted any evidence sufficient to defeat summary judgment on the counterclaims nor have they submitted any evidence sufficient to demonstrate that their claims are not baseless for purposes of summary judgment.  *See Munroe*, 2009 WL 413721 at *9 (finding that "'the ultimate standard for determining whether a counterclaim has a "reasonable basis" is whether there is a genuine issue of material fact.'") (quoting *Barnes v. Akal Sec., Inc*. 2005 WL 1459112, at *4-*5 (D. Kan. June 20, 2005)).  Thus, the Court finds that no genuine issues of material fact remain as to Plaintiff's retaliation claim.

Defendants also argue that as a matter of law Plaintiff's retaliation claim is barred by the Florida litigation privilege. Florida courts apply a "litigation privilege," which "affords absolute immunity for acts occurring during the course of judicial proceedings. The privilege initially developed to protect litigants and attorneys from liability for acts of defamation, but has since been extended to cover all acts related to and occurring within judicial proceedings." *Jackson v. BellSouth Telecommunications*, 372 F. 3d 1250, 1274-5 (11th Cir. 2004). Defendants argue that because their counterclaims are a matter of state law and because these claims were asserted during the course of this litigation, the claim for retaliation under the FLSA is barred by the Florida litigation privilege. This Court, however, declines to find that this state privilege extends

to bar Plaintiff's federal cause of action for retaliation under the FLSA.

"A state absolute privilege purporting to confer immunity from suit cannot defeat a federal cause of action." *Steffes v. Stepan Co.*, 144 F. 3d 1070, 1074 (7th Cir. 1998). *See Kimes v. Stone*, 84 F.3d 1121, 1127 (9th Cir. 1996) (finding that California's litigation privilege did not bar plaintiff's suit under 42 U.S.C. § 1983); *Rosania v. Taco Bell of America, Inc.*, 303 F. Supp. 2d 878, 888-89 (N.D. Ohio 2004) (finding that a litigation privilege did not bar plaintiff's retaliation claim under the FMLA, which was based on Defendant's filing of counterclaims); *see also Martinez v. California*, 444 U.S. 277, 284 n. 8 (1980) (stating that "[a] construction of the federal statute which permitted a state immunity defense to have controlling effect would transmute a basic guarantee into an illusory promise; and the supremacy clause of the Constitution insures that the proper construction may be enforced."). In such circumstances, "a state privilege much yield." *Blevins v. Hudson & Keyse, Inc.*, 395 F. Supp. 2d 662, 667 (S.D. Ohio 2004). Thus, this Court finds that the Florida litigation privilege does not bar Plaintiff's federal retaliation claim, and as no genuine issues of material fact remain as to this claim, the Court grants summary judgment in Plaintiff's favor on the retaliation claim.

       **ORDERED AND ADJUDGED** that

       1.       Plaintiffs' Motion for Summary Judgment (D.E. No. 118) is **GRANTED in part** and **DENIED in part**.  Plaintiffs are granted summary judgment on their FLSA claims in that the Court finds that Defendants are employers and Plaintiffs are employees who were employed under the meaning of the FLSA.  Plaintiffs are also granted summary judgment on their FLSA claims in that the Court finds that Defendants failed to keep accurate records and that the burden-shifting framework in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946) will apply at trial.

-19-

Plaintiff Ramos is also granted summary judgment on the counterclaims for assault, battery, intentional infliction of emotional distress, and false imprisonment, which were asserted against her and on her claim for retaliation in violation of the FLSA. The motion for summary judgment is denied in all other respects.  A final judgment will be entered separately as to those issues and claims upon which summary judgment has been granted.

     2.     Plaintiffs' Motion to Strike Defendants' Affidavits (D.E. No. 135) is **DENIED**.

     DONE AND ORDERED in Chambers at Miami, Florida, this 16 day of July, 2009.

_____
JOSÉ E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Brown
All Counsel of Record

-20-