UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number:  08-21809-CIV-MARTINEZ-BROWN**

ALEJANDRA RAMOS and MARIA
ONELIA MACO CASTRO,

    Plaintiffs,

vs.

JAVIER HOYLE and PATRICIA
PERALES,

    Defendants.
_____/

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses, the exhibits I have admitted in the record, and any stipulations entered into between the parties - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

The evidence you are to consider is only that provided through the official court translators. Although some of you may know Spanish, it is important that all jurors consider the same evidence. Therefore you must accept the English translation. Where there is more than one version of a translation, which is being given to you as a certified translation, you must determine which is the correct

translation based on your consideration of all the facts in evidence and all of the instructions given to you.

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

This case arises under the Fair Labor Standards Act ("FLSA"), the federal law that provides for the payment of minimum wages, and the Florida Minimum Wage Act ("FMWA"), which provides that employees must be paid the state-mandated minimum wage. For the purposes of this case, the Acts are analyzed in the same manner, and thus, a violation of the FLSA is also a violation of the FMWA. The Plaintiffs claim that the Defendants did not pay the Plaintiffs the minimum wage required by these laws. In order to prevail on these claims, Plaintiffs must prove each of the following facts by a preponderance of the evidence:

<u>First</u>:    That the Plaintiffs were employed by the Defendants during the time period involved;

<u>Second</u>:   That the Plaintiffs were employees engaged in commerce or in the production of goods for commerce; and

<u>Third</u>:   That the Defendants failed to pay the Plaintiffs the minimum wage required by law.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

The parties have stipulated or agreed to the first fact - - that the Plaintiffs were employed by the Defendants during the time period involved - - and you should consider it as established.

With regard to the second fact, the parties have also stipulated that Plaintiffs were domestic service workers within the meaning of the FLSA and the FMWA.

As a matter of law, the employment of persons in domestic services in households affects commerce. Thus, you should also consider this second fact as established.

The minimum wage required to be paid during the period of time involved in this case was $5.15 per hour from 2002 through 2004, $6.15 per hour beginning May 2, 2005, $6.40 per hour beginning on January 1, 2006, $6.67 per hour beginning on January 1, 2007, and $6.79 per hour beginning on January 1, 2008.

In determining whether an employer has paid the minimum wage, an employer is entitled to a credit for the reasonable costs of furnishing certain non-cash items, such as meals and lodging if furnished for the benefit of the employee and voluntarily accepted by the employee. Reasonable costs cannot be more than the actual costs of furnishing these items. Employers are required to keep records of these costs, and it is the employer's burden to demonstrate these costs.

In addition, in determining whether an employer has paid the minimum wage for all work done by an employee, one should consider that work not requested but suffered or permitted is work time. For example, an employee may voluntarily continue to work at the end of the shift. She may be a pieceworker, she may desire to finish an assigned task or she may wish to correct errors, paste work tickets, prepare time reports or other records. The reason is immaterial. The employer knows or has reason to believe that she is continuing to work and the

time is working time.

An employee who resides on his employer's premises on a permanent basis or for extended periods of time is not considered as working all the time she is on the premises. Ordinarily, she may engage in normal private pursuits and thus have enough time for eating, sleeping, entertaining, and other periods of complete freedom from all duties when she may leave the premises for purposes of her own.

For periods of free time (other than those relating to meals and sleeping) to be excluded from hours worked, the periods must be of sufficient duration to enable the employee to make effective use of the time. If the sleeping time, meal periods or other periods of free time are interrupted by a call to duty, the interruption must be counted as hours worked.

A plaintiff has the burden of proving that she performed work for which she was not properly compensated. The employer, however, has a duty to keep appropriate records of wages and hours worked and where an employer does not keep such accurate records a burden-shifting framework applies. This Court has already found that Defendants failed to keep accurate and proper records and thus, you must apply the burden-shifting framework.

Under this framework, an employee must first demonstrate that she has in fact performed work for which she was improperly compensated and produce sufficient evidence to show the amount and extent of that work as a matter of just

and reasonable inference. If you find that the employee has met this burden, the burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, you may award damages to the employee, even though the result is only approximate.

If you find that Plaintiffs have proved their claims, then you must turn to the question of damages which the Plaintiffs are entitled to recover. The measure of damages is the difference between what the Plaintiffs should have been paid and the amount that you find the Plaintiffs were actually paid.

The Plaintiffs are entitled to recover lost wages from the present time back to no more than two years before this lawsuit was filed on June 24, 2008, unless you find the employer either knew, or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA or the FMWA. If you find that the employer knew, or showed reckless disregard for the matter of whether, its conduct was prohibited by the FLSA or by the FMWA, the Plaintiff is entitled to recover lost wages from the present time back to no more than three years before this lawsuit was filed. You may award damages beyond three years if you find Plaintiffs were prevented from filing this action by extraordinary circumstances.

Plaintiffs next claim is for breach of contract. In this action, Plaintiffs entered into written contracts with Defendant Hoyle to work as domestic employees of the Defendants. A contract is an agreement establishing the parties' rights and duties.

The duties of Defendant Hoyle under this contract were to pay Plaintiffs $7 per hour for eight hours of work daily, including all the expenses of transportation, food, housing, and medical insurance in case of emergency during their stay in the United States of America.

The issues for your determination on the claim of breach of contract are: whether Defendant failed to perform his duties under the contract and, if so, whether the failure to perform was a legal cause of damages sustained by Plaintiffs.

Now, if you find that the Plaintiffs have failed to prove their breach of contract claim under these instructions, then, of course, your verdict will be for the Defendants. On the other hand, if you find for the Plaintiffs, you must then consider the Defendant's defenses to this claim.

On the first defense, the issue for your determination is whether Plaintiffs materially breached their contracts by leaving their employment, and thus, discharged Defendant from performing under the contract. Once a party to a contract materially breaches the contract, the other party is released or discharged

from their obligations to perform under the agreement. To constitute a vital or material breach, a party's nonperformance must go to the essence of the contract. A party's failure to perform some minor part of his contractual duty cannot be classified as a material or vital breach. To prevail on this defense, Defendants must demonstrate by a preponderance of the evidence that Plaintiffs committed a material breach of the contracts before the alleged breach of the contracts by Defendant.

On the second defense, the issue for your determination is whether Plaintiffs ratified Defendant's breach of the contracts. Ratification is an intentional act. To prevail on this defense, Defendant must demonstrate by a preponderance of the evidence that the Plaintiffs accepted the benefits of Defendant's actions, had full knowledge of the material facts, and made an affirmative election showing their intention to adopt the unauthorized arrangement.

On the third defense, the issue for your determination is whether Plaintiffs waived Defendant's breach of the contracts. To prevail on this defense, Defendant must demonstrate by a preponderance of the evidence that Plaintiffs possessed, at the time of the waiver, a right, privilege, or advantage which could be waived, that Plaintiffs had actual or constructive knowledge of the right, privilege or advantage, and that Plaintiffs intended to relinquish their right, privilege, or advantage.

On the fourth defense, the issue for your determination is whether Plaintiffs are equitably estopped from asserting their breach of contract claims against Defendant. To prevail on this defense, Defendant must demonstrate by a preponderance of the evidence that Plaintiffs made a representation about a material fact that is contrary to a position Plaintiffs have later asserted and that Defendant detrimentally relied on Plaintiffs' earlier representation.

On the fifth defense, the issue for your determination is whether Plaintiffs are barred by the doctrine of laches from asserting their breach of contract claims against Defendant. To prevail on this defense, Defendant must demonstrate by a preponderance of the evidence that Plaintiffs delayed in asserting a known right or a claim; that the delay was not excusable, and that this delay unduly prejudiced Defendants.

If you find for the Plaintiffs on the breach of contract claim, and against the Defendants on their defenses to that claim, you will then consider the amount of money damages to be awarded to the Plaintiffs. Failure to perform one's duties under a contract is a legal cause of damage if it directly and in natural and continuous sequence produces or contributes substantially to producing damage, so that it can reasonably be said that, but for the failure to perform, the damage would not have occurred.

If you find for Plaintiffs, you should award Plaintiffs an amount of money

that a preponderance of the evidence shows will fairly and adequately compensate Plaintiffs for damages caused by Defendant's failure to perform. Plaintiffs are entitled to recover damages that will put them in the same position they would have been in if Defendant had performed his duties under the contract. However, Plaintiffs are entitled to recover only those damages that the parties reasonably could have anticipated, at the time they entered into the contract, probably would result from Defendant's failure to perform.

Plaintiffs also assert a claim for a violation of the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1589 *et. seq* ("TVPRA"). Specifically, Plaintiffs have alleged that Defendants violated sections 1589(2) and (3), section 1590, and section 1595. To prevail on a claim for a violation of these sections of the TVPRA, the Plaintiffs must establish:

<u>First</u>: that the Defendants knowingly obtained the labor or services of Plaintiffs;

<u>Second</u>: that the Plaintiffs' labor or services were obtained by means of a scheme, plan or pattern intended to cause the Plaintiffs to believe that if the Plaintiffs did not perform such labor or services, Plaintiffs or another person would suffer serious harm or physical restraint; or

<u>Third</u>: that the Plaintiffs' labor or services were obtained by means of the abuse or threatened abuse of law or the legal process.

The term "knowingly" means intentionally and voluntarily, and not because of ignorance, mistake, or accident.

The phrase "abuse or threatened abuse of law or the legal process" means use or threatened use of a law or legal process, whether administrative, civil or criminal, in any manner for any purpose for which the law was not designed, in order to exert pressure on another person to cause that person to take some action or refrain from taking some action.

The term "serious harm" includes both physical and non-physical types of harm. A threat of serious harm, therefore, need not involve any threat of physical

violence. It includes threats of any consequences, whether physical or nonphysical, that are sufficient under all the surrounding circumstances to compel or coerce a reasonable person of the same background and in the same circumstances to perform or to continue performing labor or services in order to avoid incurring that harm.

In considering the issue of the Plaintiffs' damages for their claim under the TVPRA, you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiffs' damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendants. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

The Plaintiffs also claim that the acts of the Defendants were done with malice or reckless indifference to the Plaintiffs' rights so as to entitle the Plaintiffs to an award of punitive damages in addition to compensatory damages.

If you find for the Plaintiffs, and if you further find that the Defendants did act with malice or reckless indifference to the rights of others, the law would allow you, in your discretion, to assess punitive damages against the Defendants as punishment and as a deterrent to others.

If you find that punitive damages should be assessed against the

Defendants, you may consider the financial resources of the Defendants in fixing the amount of such damages, and you may assess punitive damages against one or more of the Defendants, and not others, or against more than one Defendant in different amounts.

Finally, Plaintiff Ramos asserted a claim for retaliation in violation of the FLSA. The FLSA provides it is unlawful to retaliate against an employee for filing a complaint seeking payment of minimum wages under the act. This Court has already granted summary judgment, finding that Defendants unlawfully retaliated against Plaintiff Ramos by filing their counterclaims against her. The issue of damages, however, remains for you to determine. In order to recover damages on this claim, Plaintiff Ramos must demonstrate that she suffered damages as a proximate or legal result of Defendants' retaliatory actions. Such damages may include compensation for any mental anguish Plaintiff Ramos may have suffered as a result of Defendants' filing their counterclaims against her.

Of course, the fact that I have given you instructions concerning the issue of Plaintiffs' damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.