UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 08-21809-CIV-MARTINEZ-BROWN**

ALEJANDRA RAMOS and MARIA
ONELIA MACO CASTRO,

    Plaintiffs,

vs.

JAVIER HOYLE and PATRICIA
PERALES,

    Defendants.
_____/

## VERDICT FORM

### Fair Labor Standards Act and Florida Minimum Wage Act

1. Do you find from a preponderance of the evidence that Defendants failed to pay Plaintiffs the minimum wages required under the Fair Labor Standards Act and the Florida Minimum Wage Act?

Plaintiff Ramos:    Yes __✓__    No_____

Plaintiff Maco Castro:    Yes __✓__    No_____

*If you answered "no" to this question with regard to either plaintiff, that specific plaintiff is not entitled to any damages under the Fair Labor Standards Act or the Florida Minimum Wage Act, and it is unnecessary to answer question 2 as to that plaintiff.*

2. Each Plaintiff should be awarded the following amounts in minimum wage compensation as damages for violations of the Fair Labor Standards Act and Florida Minimum Wage Act:

Plaintiff Ramos:            Unpaid Minimum Wages in the Amount of $36,887

Plaintiff Maco Castro:      Unpaid Minimum Wages in the Amount of $18,230

### **Breach of Contract**

3.  Do you find from a preponderance of the evidence that Defendant Hoyle breached the contracts with Plaintiffs?

Plaintiff Ramos:            Yes __✓__            No _____

Plaintiff Maco Castro:      Yes __✓__            No _____

*If you answered "no" to this question with regard to either plaintiff, it is unnecessary to answer questions 4, 5, 6, 7, 8, and 9 as to that specific plaintiff.*

4.  Do you find from a preponderance of the evidence that Plaintiffs materially breached their contracts by leaving their employment, that this material breach occurred before Defendant Hoyle's breach, and that Defendant Hoyle was thus discharged from performing under the contract?

Plaintiff Ramos:            Yes _____           No __✓__

Plaintiff Maco Castro:      Yes _____           No __✓__

*If you answered "yes" to this question with regard to either plaintiff, it is unnecessary to answer questions 5, 6, 7, 8, and 9 as to that specific plaintiff.*

5.  Do you find from a preponderance of the evidence that Plaintiffs ratified Defendant Hoyle's breach of the contract?

Plaintiff Ramos:            Yes _____           No __✓__

Plaintiff Maco Castro:      Yes _____           No __✓__

*If you answered "yes" to this question with regard to either plaintiff, it is unnecessary to answer questions 6, 7, 8, and 9 as to that specific plaintiff.*

6.  Do you find from a preponderance of the evidence that Plaintiffs waived Defendant Hoyle's breach of contract?

Plaintiff Ramos:         Yes_____         No ✓

Plaintiff Maco Castro:   Yes_____         No ✓

*If you answered "yes" to this question with regard to either plaintiff, it is unnecessary to answer questions 7, 8, and 9 as to that specific plaintiff.*

7.  Do you find from a preponderance of the evidence that Plaintiffs are equitably estopped from asserting their breach of contract claim against Defendant Hoyle?

Plaintiff Ramos:         Yes_____         No ✓

Plaintiff Maco Castro:   Yes_____         No ✓

*If you answered "yes" to this question with regard to either plaintiff, it is unnecessary to answer questions 8 and 9 as to that specific plaintiff.*

8.  Do you find from a preponderance of the evidence that Plaintiffs are barred by the doctrine of laches from asserting their breach of contract claim against Defendant Hoyle?

Plaintiff Ramos:         Yes_____         No ✓

Plaintiff Maco Castro:   Yes_____         No ✓

*If you answered "yes" to this question with regard to either plaintiff, it is unnecessary to answer question 9 as to that specific plaintiff.*

9.  Each Plaintiff should be awarded the following amounts in damages for breach of contract:

Plaintiff Ramos:         Breach of Contract Damages  40,234

Plaintiff Maco Castro:   Breach of Contract Damages  24,869

## Trafficking Victims Protection Reauthorization Act

10. Do you find from a preponderance of the evidence on Plaintiffs' Trafficking Victims Protection Reauthorization Act ("TVPRA") claim that Defendants knowingly obtained Plaintiffs' labor or services by means of a scheme, plan or pattern intended to cause the Plaintiffs to believe that if the Plaintiffs did not perform such labor or services, Plaintiffs or another person would suffer serious harm or physical restraint?

Plaintiff Ramos:        Yes_____        No ✓

Plaintiff Maco Castro:  Yes_____        No ✓

11. Do you find from a preponderance of the evidence on Plaintiffs' TVPRA claim that Defendants knowingly obtained Plaintiffs' labor or services by means of the abuse or threatened abuse of law or the legal process?

Plaintiff Ramos:        Yes ✓              No_____

Plaintiff Maco Castro:  Yes ✓              No_____

*If you answered "no" as to **both** questions 10 and 11 as to either plaintiff, that specific plaintiff is not entitled to damages under the TVPRA, and it is unnecessary to answer questions 12, 13, or 14 as to that specific plaintiff.*

12. Do you find Defendants acted with malice or reckless indifference?

Plaintiff Ramos:        Yes ✓              No_____

Plaintiff Maco Castro:  Yes ✓              No_____

*If you answered "no" as to question 12 as to either plaintiff, that specific plaintiff is not entitled to punitive damages under the TVPRA, and it is unnecessary to answer question 13.*

13. Each Plaintiff should be awarded the following amount in punitive damages for their TVPRA claim.

Plaintiff Ramos:          TVPRA Punitive Damages  1000.

Plaintiff Maco Castro:    TVPRA Punitive Damages  1000.

14. Each Plaintiff should be awarded the following amount in compensatory damages for their TVPRA claim.

Plaintiff Ramos:          TVPRA Compensatory Damages  0

Plaintiff Maco Castro:    TVPRA Compensatory Damages  0

### Retaliation

15. Plaintiff Ramos should be awarded the following amount in damages for the retaliation claim:

Retaliation Damages  2500

SO SAY WE ALL.

This  7  day of  August , 2009, in Miami, Florida.

_____          Aug. 7, 2009
Foreperson (please sign)           Date

Foreperson (please print)