UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| ALEJANDRA RAMOS and<br>MARIA ONELIA MACO CASTRO,<br><br>Plaintiffs,<br><br>v.<br><br>JAVIER HOYLE and PATRICIA PERALES,<br><br>Defendants. | CASE NO.: 08-CV-21809-<br>MARTINEZ/BROWN |

**DEFENDANTS' MOTION TO AMEND FINAL JUDGMENT**

Javier Hoyle and Patricia Perales (collectively, the "Hoyles"), by and through their undersigned counsel, file this Motion to Amend Final Judgment.

Alejandra Ramos and Maria Onelia Maco Castro worked for the Hoyles as domestic employees in Puerto Rico and Florida. Ms. Ramos and Ms. Castro essentially claimed the Hoyles tricked them into accepting their jobs, failed to pay them properly, mistreated them, and kept them against their will in violation of the federal anti-slavery statute.

Ms. Ramos and Ms. Maco sued the Hoyles for: (1) violation of the Fair Labor Standards Act ("FLSA"), (2) violation of the Florida Minimum Wage Act ("FMWA"), (3) breach their employment contracts, (4) fraud, and (5) violation of the Trafficking Victims Protection Reauthorization Act ("TVPRA"). The Court entered judgment as a matter of law against Ms. Ramos and Ms. Maco on the fraud claim. After a trial, the jury found against the Hoyles on the FLSA, FMWA, breach of contract, and TVPRA claims.

The Court should amend the Final Judgment because it contains three defects. First, on the wages statutes claims, the jury awarded Ms. Ramos wages in excess of what was appropriate

under the applicable law and jury instructions.  Second, for Ms. Ramos and Ms. Maco, the jury provided a double recovery (i.e., the jury awarded contract wages and minimum wages simultaneously).  Third, there is no evidence to support the awards under the TVPRA or retaliation claims.  These errors create a manifest injustice.

## I. Background

A. <u>Procedural Background</u>.

From July 29, 2009 through August 5, 2009, the Court conducted a jury trial.  At the close of Ms. Ramos' and Ms. Maco's case, the Court granted the Hoyles' motion for judgment as a matter of law on the fraud claim.

On August 7, 2009, the jury found the Hoyles liable on the FLSA, FMWA, breach of contract, and TVPRA claims.  On the FLSA and FMWA claims, the jury concluded the Hoyles failed to pay Ms. Ramos and Ms. Maco the minimum wage for all hours worked.  The jury awarded Ms. Ramos $36,887.00 and Ms. Maco $18,230.00.

The jury also concluded the Hoyles failed to pay each woman for all of the hours worked under the contract.  The jury awarded Ms. Ramos $40,234.00 and Ms. Maco $24,869.00 in this regard.  On the TVPRA claim, the jury awarded Ms. Ramos and Ms. Maco $1,000.00 each for punitive damages.  In addition, the jury gave Ms. Ramos $2,500.00 for her retaliation claim against the Hoyles.

B. <u>The Trial Evidence</u>.

The following is a summary of the trial evidence in a light most favorable to Ms. Ramos and Ms. Maco:

In 2002, the Hoyles and Ms. Ramos executed an employment contract in Peru.  Ms. Ramos agreed to act as the Hoyle's housekeeper and nanny in Puerto Rico and later in Key

Biscayne, Florida.  In exchange, the Hoyles agreed to provide a salary of $7 per hour for 8 hours of work per day (not including days off), room and board, and the legal fees associated with obtaining proper immigration authorization to work in the United States.

At trial, Ms. Ramos admitted receiving all of the wages due to her when she lived with the Hoyles in Puerto Rico from 2002 through 2004.

In August 2004, the Hoyles and Ms. Ramos moved to Key Biscayne.  Ms. Ramos testified that when she moved with the Hoyles to Key Biscayne she worked from 7:00 a.m. until 10:00 p.m., roughly 15 hours a day, 5 ½ days a week, and was paid $800 a month.  Ms. Ramos also testified that she took various breaks during her work day.  Ms. Ramos left her job on June 27, 2005 at 6:00 a.m.

In April 2006, the Hoyles entered into an employment contract with Ms. Maco in Peru.  Ms. Maco agreed to act as the Hoyles' housekeeper and nanny in Key Biscayne, Florida.  In exchange, the Hoyles agreed to provide a salary of $7 per hour for 8 hours of work per day (not including days off), room and board, and the legal fees associated with obtaining proper immigration authorization to work in the United States.  Ms. Maco testified that she worked from 7:00 a.m. until 10:00 p.m., approximately 15 hours a day, 5 ½ days a week, and was paid $1,000 a month.  Ms. Maco also testified that she took various breaks during her work day.  Ms. Maco left her job in May 2008.

Under the contracts, Ms. Ramos and Ms. Maco lived in the Hoyle home and received wages for their services.  Ms. Ramos and Ms. Maco each had a private room and bathroom, they received sufficient food, and they had days off when they would leave the Hoyle home.

The Court gave the following jury instruction regarding how far back in time Ms. Ramos and Ms. Maco could be compensated under the FLSA and FMWA:

> The Plaintiffs are entitled to recover lost wages from the present time back to no more than two years before this lawsuit was filed on June 24, 2008, unless you find the employer either knew, or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA or the FMWA.  If you find that the employer knew, or showed reckless disregard for the matter of whether, its conduct was prohibited by the FLSA or by the FMWA, the Plaintiff is entitled to recover lost wages from the present time back to no more than three years before this lawsuit was filed.  You may award damages beyond three years if you find Plaintiffs were prevented from filing this action by extraordinary circumstances.

Court's Instructions to the Jury [D.E. 171], at p. 10.

The Court gave the following jury instruction regarding the rates of pay allowable under the FLSA and FMWA:

> The minimum wage required to paid during the period of time involved in this case was $5.15 per hour from 2002 through 2004, $6.15 per hour beginning May 2, 2005, $6.40 per hour beginning on January 1, 2006, $6.67 per hour beginning on January 1, 2007, and $6.79 per hour beginning on January 1, 2008.

Court's Instructions to the Jury [D.E. 171], at p. 8.

## II. Argument

A.      Legal Standards.

Under Federal Rule of Civil Procedure 59(e), a party may file a motion to alter or amend a judgment.  "Under Rule 59(e) there are 'three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.'" *Lamonica v. Safe Hurricane Shutters, Inc.,* Case No. 07-61295-CIV, 2009 WL 806594 (S.D. Fla. Mar. 19, 2009) (internal citations omitted).

Here, the jury's verdict is contrary to Florida law and the Court needs to correct the jury's clear error to prevent manifest injustice.

B.      The Jury Gave Ms. Ramos an Improper Award under the FLSA and FMWA.

As a matter of law, under the FLSA, FMWA, and jury instructions, Ms. Ramos cannot recover the $36,887.00 award given to her by the jury.

Ms. Ramos worked with the Hoyles from 2002 until June 2005.  Ms. Ramos filed this lawsuit on June 28, 2008.  The Court provided the jury with the following limiting instruction regarding how far back Ms. Ramos and Ms. Maco could be entitled to recover lost wages:

> The Plaintiffs are entitled to recover lost wages from the present time back to no more than two years before this lawsuit was filed on June 24, 2008, unless you find the employer either knew, or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA or the FMWA.  If you find that the employer knew, or showed reckless disregard for the matter of whether, its conduct was prohibited by the FLSA or by the FMWA, the Plaintiff is entitled to recover lost wages from the present time back to no more than three years before this lawsuit was filed.  You may award damages beyond three years if you find Plaintiffs were prevented from filing this action by extraordinary circumstances.

Court's Instructions to the Jury [D.E. 171], at p. 10.

This jury instruction is based in part on the Portal-to-Portal Pay Act which establishes the statute of limitations for filing a claim for violation of the FLSA:

> if the cause of action accrues on or after May 14, 1947--may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued

29 U.S.C. §255(a).  *See also Adams v. U.S.,* Case No. 00-447 C, 2003 WL 22339164 (Fed. CL. Aug. 11, 2003) ("The importance of the statutory limitations period is significant in back pay cases such as this because the statute of limitations determines how many years of compensation each claimant receives. Since these are continuing claims, a separate cause-of-action accrues each payday. Thus, a six year statute of limitations means that an employee could recover six years of back pay or overtime compensation from the date of filing; whereas, a two year statute would limit recovery to only two years worth of such compensation."); *E.E.O.C. v. Hernando Bank, Inc.*, 724 F.2d 1188, 1194 (5th Cir. 1984) ("The FLSA provides for the payment of unpaid

wages, but limits an award to the two-year period (and in some instances three-year period) immediately preceding the filing of the lawsuit.").

There was no trial evidence that Ms. Ramos delayed filing this lawsuit for three years because of any extraordinary circumstances. In fact, the evidence revealed she did not want to be part of this lawsuit, and that Ms. Maco and FIAC lawyers needed several attempts to convince Ms. Ramos to join this action. Further, Ms. Ramos left the Hoyles residence on her own accord and (except for certain isolated telephone calls) had no contact with them after leaving. For this reason, there was no way for the Hoyles to perform any act that prevented Ms. Ramos from bringing her claim.

Further, there was no evidence of any willful violation on the part of the Hoyles. Ms. Ramos did not claim that she complained about the Hoyles failing to pay her. In fact, the first time the Hoyles learned that Ms. Ramos had a claim for the hours she worked was when her counsel sent the Hoyles a pre-suit letter demanding payment of $148,944.60. This behavior prevented the Hoyles from curing any alleged deficiencies in Ms. Ramos' payment when Ms. Ramos was employed. At trial, the jury awarded Ms. Ramos $36,887.00 for her wage claims. Clearly then, there is no evidence of any willful violation of the wage laws by the Hoyles.

Given these circumstances, the most lost wages Ms. Ramos could ever recover under FLSA and FMWA would be from three years before the lawsuit was filed -- since June 24, 2005 (and that is only if there was a finding that the Hoyles willfully violated the wage laws).

The undisputed evidence revealed Ms. Ramos left the Hoyles' home before the work day began on June 27, 2005. Therefore, the most Ms. Ramos could recover would be for three days of work -- from June 24, 2005 until June 26, 2005. Ms. Ramos testified that she left at 6:00 a.m. on June 27th, therefore, she would not be paid for that day.

The rate applicable for these days is $6.15 per hour. *See* Court's Instructions to the Jury [D.E. 171], at p. 8. Ms. Ramos testified that the most she worked a day was approximately 15 hours -- from 7:00 a.m. until 10:00 p.m. Accordingly, assuming the Hoyles paid Ms. Ramos nothing for her work during these three days, the Hoyles would owe her for 15 hours a day at a rate of $6.15 per hour. This results in a wage deficiency of $92.25 per day and $276.75 for the three days.

Given these undisputed facts, the jury's award of $36,887.00 to Ms. Ramos was clear error, and the Court should amend the Final Judgment. Ms. Ramos is entitled to an award of no more than $276.70 under the FLSA and FMWA.

        C.      <u>The Jury Awarded Ms. Ramos and Ms. Maco a Double Recovery for Wages</u>.

In their FLSA, FMWA, and breach of contract claims, Ms. Ramos and Ms. Maco allege the same thing -- that the Hoyles did not pay them for the work they performed. The jury awarded Ms. Ramos and Ms. Maco damages for violating the FLSA and FMWA and for breaching the contract. These awards constitute an impermissible double recovery because Ms. Ramos and Ms. Maco are essentially getting paid twice for the hours they worked. The reason is clear.

Under the contract, the Hoyles agreed to pay Ms. Ramos and Ms. Maco $7.00 per hour. This wage is higher than the minimum wage. As a result, Ms. Ramos and Ms. Maco were entitled to $7.00 for each hour worked, not the $7.00 plus the minimum wage. *See Am. Bridge Div., U.S. Steel Corp. v. Int'l Union of Operating Engineers, Local 487*, 772 F.2d 1547, 1552 (11th Cir. 1985) (reversing an award for increased labor costs, in order to avoid a double recovery, because the hourly labor rate was excessive by $7.31); *Green Mountain Corp. Inc. v. Frink,* 604 So.2d 579, 580 (Fla. 4th DCA 1992) ("Because Frink's claims for breach of contract

and fraud sought the same remedy, namely the wages he would have earned had Green Mountain not breached the contract, Frink was not entitled to recover under both theories."); *Kingswharf, Ltd. v. Kranz*, 545 So. 2d 276, 278 (Fla. 3d DCA 1989) ("We must also reverse the award of damages on the counts for breach of contract and for breach of warranty and remand those counts for a new trial as to damages only.  Both counts were based on the same elements of damages, and there is clearly a duplication in the damages awarded. Double recovery on the same element of damages is prohibited").

The jury awarded Ms. Ramos $40,234.00 for her work under the contract.  This amount exceeded the award under the wage statutes.  As a result, the Court should amend the judgment to provide Ms. Ramos $40,234.00 under the contract count and nothing under the wage statutes. Alternatively, the Court could award Ms. Ramos $276.75 for the three days she is eligible for payment under the wage statutes, and $39,958.00 under the contract claim ($40,235.00 minus $276.75).  Either way, Ms. Ramos would only receive a total of $7.00 per hour worked-- not a windfall of contract wages plus minimum wages.

Similarly, the jury awarded Ms. Maco $24,869.00 for the breach of contract.  This amount also exceeded the award under the wage statutes.  As a result, the Court should amend the judgment to provide $24,869.00 under the contract count and nothing under the wages statutes.  Alternatively, the Court could award Ms. Maco $18,230.00 for FLSA and FMWA claims and $6,639.00 under the contract claim ($24,869.00 minus $18,230.00).

In short, Ms. Ramos and Ms. Maco may either recover the total of $7.00 an hour for each hour worked under the contract, or through a combination of the contract and the wages statutes. They are not entitled to additional payment.

D.  There is No Evidence to Support the Damages Under the TVPRA and Retaliation Claims.

The jury's award of punitive damages under Ms. Ramos' and Ms. Maco's TVPRA claim, and compensatory damages under Ms. Ramos' claim for retaliation, although small, are nonetheless improper because there was no evidence to support these awards.

Ms. Ramos and Ms. Maco did not put on any evidence to show their damages under the TVPRA. Nonetheless, the jury gave Ms. Ramos and Ms. Maco each $1,000.00 in punitive damages for their TVPRA claim despite the fact that the jury did not find the Hoyles liable for compensatory damages under the TVPRA. Therefore, the jury's award of punitive damages under the TVPRA is incorrect because there was no basis in law or in fact for this award.

Further, Ms. Ramos did not put on any evidence to show her monetary damages under her retaliation claim. In spite of that, the jury awarded Ms. Ramos $2,500.00 in damages. This is also incorrect because there was no basis in law or in fact for this award.

*CASE NO.:  08-CV-21809-MARTINEZ/BROWN*

### III. Conclusion

The Hoyles respectfully request that the Court grant the relief requested herein, and prevent manifest injustice by amending the Final Judgment so that Ms. Ramos and Ms. Maco only recover damages for either their claims for violation of the FLSA and FMWA, or breach of contract, and that if Ms. Ramos recover under the FLSA and FMWA, her award be reduced as described herein.  Further, the Hoyles request that the Court amend the Final Judgment so that Ms. Ramos and Ms. Maco do not receive an award of punitive damages under the TVPRA, and so that Ms. Ramos not receive an award for her retaliation claim.

       Respectfully submitted,

       GREENBERG TRAURIG, P.A.
       *Counsel for Defendants*
       1221 Brickell Avenue
       Miami, Florida 33131
       Telephone:  (305) 579-0500
       Facsimile:  (305) 579-0717

       BY:__/s/ Sandra J. Millor_____
           STEPHEN JAMES BINHAK
           Florida Bar No.  0736491
           binhaks@gtlaw.com
           SANDRA J. MILLOR
           Florida Bar No.  0013742
           millors@gtlaw.com

CASE NO.:  08-CV-21809-MARTINEZ/BROWN

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2009, I electronically filed the foregoing Defendants' Motion to Amend Final Judgment with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

   /s/ Sandra J. Millor_____
SANDRA J. MILLOR

### Service List

**Erika Deutsch Rotbart, Esq.**
DEUTSCH ROTBART & ASSOCIATES, P.A.
4755 Technology Way
Suite 106
Boca Raton, Florida 33433

**Mary Gundrum, Esq.**
**Jennifer Hill, Esq.**
FLORIDA IMMIGRANT ADVOCACY CENTER
3000 Biscayne Blvd.
Suite 400
Miami, Florida 33137