IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ALEJANDRA RAMOS RAMOS                          CASE NO.:  08-CV-21809
and MARIA ONELIA MACO CASTRO,                  MARTINEZ/BROWN

      Plaintiffs,

v.

JAVIER HOYLE and PATRICIA
PERALES,

      Defendants.

_____  /

### PLAINTIFFS' MOTION TO COMPEL DISCOVERY IN AID OF EXECUTION

Plaintiffs, ALEJANDRA RAMOS RAMOS and MARIA ONELIA MACO CASTRO, pursuant to Federal Rule of Civil Procedure 33, 34, 37, 69 and United States District Court for the Southern District of Florida Rule 7.1 and 26.1(H)(1), move to compel discovery in aid of execution that was served on Defendants on March 23, 2010.

### BACKGROUND

1.      On August 10, 2009, in accordance with the jury's verdict, this Court entered a final judgment against Defendants Javier Hoyle and Patricia Perales in the amounts of $80,621 for Plaintiff Ramos and $44,099 for Plaintiff Maco Castro.

2.      On March 1, 2010, this Court entered an Amended Final Judgment to conform its post trial rulings with the original Final Judgment against Defendants Javier Hoyle and Patricia Perales in the amounts of $116,508 for Plaintiff Ramos and $61,329 for Plaintiff Maco Castro.

3.      On March 23, 2010, Plaintiffs served Defendants with Discovery in Aid of Execution.  See Composite **Exhibit "A"**.

4.      Despite extending the time for Defendants time to respond to said

1

DEUTSCH ROTBART & ASSOCIATES, P.A.

BOCA RATON  •  FORT LAUDERDALE  •  MIAMI

discovery, they failed to respond to Plaintiffs' Discovery in Aid of Execution.

5.     Plaintiffs did not file the instant Motion immediately because Defendants filed a Motion to Stay dated April 26, 2010 [DE 209]; thus, Plaintiffs waited for a ruling from this Court which ultimately denied said Defendants' Motion to Stay on May 5, 2010 [DE 212].

6.     On June 7, 2010, the undersigned counsel conferred with Defendants by sending a correspondence to them requesting that they immediately forward their responses to Plaintiffs' discovery in Aid of Execution, and informed Defendants that if Plaintiffs were not in receipt of said discovery by June 11, 2010, undersigned counsel would be filing this instant motion to compel said discovery.

7.     As of the date of the filing of this *Motion*, Defendants have failed to respond to Plaintiff's correspondence and/or produce a single document or response to the interrogatories that comprise Plaintiffs' discovery in aid of execution (i.e. Composite **Exhibit "A"**).

8.     Plaintiffs request the Court compel Defendants to respond to discovery and/or issue an order to show cause requiring Defendants to appear in front of the Court to explain their failure to respond and continued disregard for Court procedures.

9.      Plaintiffs have retained the undersigned counsel to represent them in this matter and are required to pay counsels' reasonable attorneys' fees and costs for bringing this Motion before this honorable Court.

**<u>STANDARD</u>**

A judgment creditor may obtain discovery from any person as set out in the Federal Rules of Civil Procedure. Fed. R. Civ. P. 69(a). The scope of that discovery is

broad, including "any matter, not privileged, which is relevant to the subject matter involved in the pending action...."  Fed. R. Civ. P. 26(b)(1). *See also Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978) (holding that Rule 26 should be construed broadly.) *See also* Fed. R. Civ. P. 33, 34 (outlining various discovery procedures to be used consistent with Rule 26.)

Where Defendants do not obtain a stay of judgment pending appeal, Plaintiffs may execute upon the judgment. *National Service Industries, Inc. v. Vafla Corp.*, 694 F.2d 246, 250 (11th Cir. 1982) (citing *Hovey v. McDonald,* 109 U.S. 150, 157 (1883)); *American Grain Association v. Lee-Vac, Ltd.,* 630 F.2d 245, 247 (5th Cir.1980). Discovery in aid of execution is allowed where a judgment may be executed upon despite the filing of an appeal. *See Sirloin Room, Inc. v. American Employers Insurance Co.,* 360 F.2d 160, 161 (5th Cir.1966).

Judgment creditors may seek to locate assets of the judgment debtor. *See National Service Industries, Inc. v. Vafla Corp.*, 694 F.2d 246 (11th Cir. 1982). Judgment creditors may inquire broadly to obtain information about assets, wherever those assets may be located, with the goal of satisfying the judgment. *See Gross v. JFD Mfg. Co.*, 31 F.R.D. 256 (E.D. N.Y. 1962) (allowing broad inquiry aimed at satisfying a judgment); *Caisson Corp. v. County West Bldg. Corp.*, 62 F.R.D. 331, (E.D. Pa. 1974) (holding that judgment debtor may make broad inquiry to locate assets, including concealed assets); *First Federal Savings & Loan Association v. Fisher,* 422 F.Supp. 1, 4 (N.D.Ga.1976), *aff'd,* 544 F.2d 902 (5th Cir.1977) (noting that information may be sought about assets wherever located).

Written discovery procedures as outlined in the Federal Rules, as well as state

DEUTSCH ROTBART & ASSOCIATES, P.A.
BOCA RATON • FORT LAUDERDALE • MIAMI

processes, are available to the judgment creditor. *See A.F.L. Falck S.p.A. v. E.A. Karay Co., Inc.,* 131 F.R.D. 46 (S.D. N.Y. 1990).

An award of damages to the judgment creditor is allowed where judgment debtors fail to respond in a timely fashion to discovery in aid of execution. *See* Fed. R. of Civ. P. 37; *National Service Industries, Inc. v. Vafla Corp.*, 694 F.2d 246, 250 (11th Cir. 1982). The aim of sanctions in a discovery process is to ensure the litigation process has integrity and no party is prejudiced. *See Gratton v. Great American Communications,* 178 F.3d 1373 (C.A.11.Ala.,1999); *Aztec Steel Co. v. Florida Steel Corp.*, 691 F.2d 480 (C.A.11.Fla.,1982). If *pro se* defendants fail to respond to discovery requests, they should be sanctioned as would be any litigant represented by an attorney. *Moon v. Newsome*, 863 F.2d 835 (11th Cir. 1989).

**LEGAL ANALYSIS**

In this case, Defendants failed completely to respond to Plaintiffs' discovery requests or to respond to Plaintiffs' effort to confer regarding this motion. Plaintiffs seek information in order to execute on the judgment, including information about Defendants' assets. Plaintiffs may execute upon the judgment at this time because Defendants do not have a stay of execution pending appeal. Defendants did not renew their request for a stay based on the payment of a *supersedeas* bond after their motion was denied without prejudice for failure to consult with Plaintiffs.

Plaintiffs are highly prejudiced by Defendants' failure to comply with discovery requests. Plaintiffs cannot move forward to recover on their judgment if Plaintiffs do not have full information about the location and nature of Defendants' assets. Defendants are, to the best of Plaintiffs' knowledge, living in Peru. Defendants have listed their Key

DEUTSCH ROTBART & ASSOCIATES, P.A.

BOCA RATON • FORT LAUDERDALE • MIAMI

Biscayne condominium with a realtor for sale. Defendants have retained an attorney in Georgia to represent them in their appeal but have no attorney of record in Florida. The judgment creditors in this case face significant risk as a result of the delay in execution caused by Defendants' failure to reply in a timely manner.

Moreover, the integrity of the litigation process is compromised when Defendants can move forward with an appeal while ignoring Plaintiffs' discovery requests and failing to respond to communications from Plaintiffs at all.

Although Defendants are representing themselves, it is appropriate for the Court to compel discovery, award reasonable attorneys' fees and costs, and provide any other relief appropriate given the complete failure of Defendants to respond to discovery requests.

WHEREFORE, based on the authority cited and the argument presented, Plaintiffs request the Court enter an Order granting Plaintiffs' Motion to Compel Discovery in Aid of Execution and order Defendants to respond to discovery forthwith; award Plaintiffs' their reasonable attorneys' fees and costs for bringing this Motion before this honorable Court; and provide any other relief that this Court deems appropriate and just under the circumstances.

### <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1.A.3</u>

I HEREBY CERTIFY that Counsel for Plaintiffs have attempted in good faith to resolve this matter by agreement with the pro se Defendants via written correspondence prior to filing the instant *Motion*. However, despite these efforts, no agreement was reached between the parties.

Respectfully submitted,

5

DEUTSCH ROTBART & ASSOCIATES, P.A.
Counsel for Plaintiffs
4755 Technology Way, Suite 106
Boca Raton, Florida 33431
Telephone:    561.361.8010
Facsimile:     561.361.8086

BY:   Erika Deutsch Rotbart s/.
        Erika Deutsch Rotbart, Esq.
        Florida Bar No.: 0047686

FLORIDA IMMIGRANT ADVOCACY CENTER
Counsel for Plaintiffs
3000 Biscayne Blvd.
Suite 400
Miami, Florida 33137
Telephone: 305.573.1106 ext. 1020
Facsimile: 305.576.6273

BY: Mary Gundrum s/.
        Mary Gundrum, Esq.
        Florida Bar No.: 0937339
        Jennifer Hill
        Florida Bar No.:  0041151

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **June 28, 2010**, the foregoing document was electronically filed with the Clerk of the court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in a manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

DEUTSCH ROTBART & ASSOCIATES, P.A.
Counsel for Plaintiffs

BY:   Erika Deutsch Rotbart s/.
        Erika Deutsch Rotbart, Esq.
        Florida Bar No.: 0047686

FLORIDA IMMIGRANT ADVOCACY CENTER
Counsel for Plaintiffs

BY:   Mary Gundrum s/.

6

Mary Gundrum, Esq.
Florida Bar No.: 0937339
Jennifer Hill, Esq.
Florida Bar No.:  0041151

## **SERVICE LIST**
*ALEJANDRA RAMOS and MARIA ONELIA CASTRO*
*v. JAVIER HOYLE and PATRICIA PERALES*
*CASE NO:  08-CV-21809 MARTINEZ/BROWN*

Erika Deutsch Rotbart, Esq.
Deutsch Rotbart & Associates, P.A.
4755 Technology Way
Suite 106
Boca Raton, FL 33431
Telephone:  561.361.8010
Facsimile:    561.361.8086
E-mail:  edrotbart@dralawfirm.com

Marry Gundrum, Esq.
Jennifer Hill, Esq.
FLORIDA IMMIGRANT ADVOCACY
CENTER
3000 Biscayne Blvd.
Suite 400
Miami, Florida 33137
Telephone: 305.573.1106 ext. 1020
Facsimile: 305.576.6273
Email:  mgundrum@fiacfla.org
Email:  jhill@fiacfla.org

Mr. Javier Hoyle
Ms. Patricia Perales
P.O. Box 491496
Miami, FL 33149-1496
Email: jh.2501@hotmail.com

DEUTSCH ROTBART & ASSOCIATES, P.A.
B O C A   R A T O N   •   F O R T   L A U D E R D A L E   •   M I A M I