## AGREEMENT AND RELEASE

THIS AGREEMENT AND RELEASE (the "Agreement") is made and entered into as of August 31, 2010 (the "Effective Date"), by and between ALEJANDRA RAMOS ("Ramos"), and individual, MARIA ONELIA MACO CASTRO ("Castro"), an individual, FLORIDA IMMIGRANT ADVOCACY CENTER, INC, ("FIAC") a Florida Non Profit Corporation, and DEUTSCH ROTBART AND ASSOCIATES, P.A. ("Rotbart") a Florida corporation (individually or collectively referred to as the "Judgment Holders") and JAVIER HOYLE and PATRICIA PERALES, a married couple (collectively the "Debtors")(any party herein being referred to individually or collectively as the "Party" or the "Parties").

### RECITALS:

WHEREAS, Ramos and Castro brought a civil action, Case Number 08-21809-CIV-MARTINEZ-BROWN (the "Lawsuit"), in the United States District Court of the Southern District (the "Court") of Florida which resulted in a final judgment being entered on March 1, 2010 (the "Labor Order"). The Labor Order awarded Ramos $116,508 in total damages; Castro $61,329.00 in total damages. A copy of the Labor Order is hereby attached as Exhibit A; and

WHEREAS, on May 5, 2010, the Court entered an order awarding Castro and Ramos Attorneys fees in the amount of $334,302.00 and costs of $8,096.20 (the "Fee Order"). The Fee Order is hereby attached as Exhibit B; and

WHEREAS, the Parties desire to settle and resolve the amount and terms by which the Debtors will satisfy the Labor Order and Fee Order to avoid the substantial costs, inconvenience and uncertainties of further litigation surrounding the collection of such sums owed; and

WHEREAS, in order to settle and resolve all pending claims and all contemplated threatened or potential claims or causes of action of every kind or nature, the parties have negotiated this Agreement.

NOW, THEREFORE, the Parties hereto agree as follows:

A. **Recitals**. The foregoing recitals are true and correct and are incorporated herein by reference.

B. **Consideration by Debtors**. In consideration this Agreement the Debtors shall deliver to the Judgment Holders the following:

    i. Five Hundred thousand dollars ($500,000.00) (the "Settlement Amount") to the Judgment Holders in full and complete satisfaction of the Labor Order and Fee Order which shall be paid as follows:

        (a) One Hundred and Twenty Five Thousand Dollars ($125,000) shall be paid to the Deutsch Rotbart, P.A. Trust Account within five (5) days of the Effective Date;

        (b) The Debtors shall pay nine thousand dollars ($9,000) a month to the Deutsch Rotbart, P.A. Trust Account, beginning on September 15, 2010 and due on the second day of the month for the succeeding five (5) months, beginning on October 2, 2010;

(c) The Debtors shall pay the remaining balance of the Settlement Amount after payments of the amounts outlined in section B.i.(a) and (b) above no later than February 1, 2011.

(d) The Debtors shall be allowed to pay the full Settlement Amount at any time prior to February 1, 2011.

ii. The allocation of the Settlement Amount amongst the Judgment Holders shall be determined solely amongst them and the Debtors shall not be liable to any Party whatsoever for any disagreements that may arise amongst the Judgment Holders regarding the allocation of the Settlement Amount.

iii. The Debtors shall not have any contact whatsoever for all times in the future with any family members of Ramos and Castro in Peru or any other part of the world. Any legal action consummated by Ramos and Castro in order to prevent the Debtors or any other family members or associates of the Debtors to ensure the safety of Ramos and Castro shall not be considered a breach of this Agreement.

iv. The Settlement Amount shall be non-dischargeable through the bankruptcy courts should the Debtors file for Bankruptcy protection prior to the Settlement Amount being fully paid.

v. Should the Debtors fail to timely make any of the payments outlined in section B.i. above the Debtors shall give the Judgment Holders at the time of execution of the Agreement a consent judgment to be filed in the Lawsuit if the Debtors default under any provision of section B.i. above for a total award to the Judgment Holders of five hundred and seventy five thousand ($575,000) (the "Consent Judgment"). The Consent Judgment, less all amounts previously paid by Debtors to the Judgment Holders, shall then be immediately due and owing. A copy of the consent judgment is hereby attached as Exhibit C. As well, the Debtors shall be entitled consent garnishment in the amount of $9,000 per month from the Debtor Hoyle's employer without opposition whatsoever.

C. **Consideration by Judgment Holders.** In consideration for payment of the Settlement Amount according to the section B above, the Judgment Holders agree to the following:

i. The Judgment Holders agree to keep the terms of this Agreement confidential, including the names of the Debtors, Javier Hoyle and Patricia Hoyle, and the Debtor's employer. While they cannot control whether the media discusses a case that went to jury trial in open court, plaintiffs have no interest in seeking out additional press or selling any story about the case.

ii. Ramos and Castro shall not have any contact whatsoever for all times in the future with the Debtors or any of their family members. Any legal action consummated by the Debtors in order to prevent Ramos and Castro or any other family members or associates of Ramos and Castro to ensure the safety of the Debtors and their family shall not be considered a breach of this Agreement.

D. **Court Approval.** This Agreement is subject to approval of the federal court of competent jurisdiction, and the parties realize that there may be provisions that are voided by the Court and each agree to accept such terms addressed, revised and/or modified by said Court. Notwithstanding the Court's approval this provision, the payments referenced above shall commence immediately and without any delay in obtaining the Court's approval of this Agreement.

E. **Satisfaction of Judgment.** Upon payment of the Settlement Amount, the Judgment Holders shall executed and provide to Debtors and file in the Case the satisfaction of Judgment in the form. Each party shall bear their own attorney's fees and court costs except as otherwise set forth herein.

F. **Mutual General Release.** Except for the obligations specified in this Agreement the parties agree that:

(a) Effective as of the Effective Date hereof, the Judgment Holders for themselves and their respective principals, agents, contractors, representatives, partners, associates, affiliates, heirs, devisees, beneficiaries, trustees, successors, assigns, and all other persons entities with whom they are or were affiliated or associates, do upon full payment of the settlement amount hereby forever unconditionally and irrevocably release, remise, acquit and discharge Debtors, and their respective principals, agents, contractors, representatives, partners, associates, affiliates, heirs, devisees, beneficiaries, trustees, successors, assigns, and all other persons and entities with whom they are or were affiliated or associated, of an from any and all obligations, duties, liabilities, claims, debts, demands, damages, losses, accounts, rights, costs, expenses, entitlements, burdens, bonds, suits, actions and causes of action of every type and nature (whether at law or in equity, in common law or by statute, in contract or in tort, negligent or intentional, known or unknown, foreseen or unforeseen, foreseeable or unforeseeable, direct or indirect, personal or derivative, joint or several, dependent or independent, fraudulent or inadvertent, compensatory or punitive, actual or special, fixed or contingent, matured or unmatured, expired or unexpired, or otherwise) that existed or occurred prior to the Effective Date.

(b) Effective as of the Effective Date hereof, Debtors for themselves and their respective principals, agents, contractors, representatives, partners, associates, affiliates, heirs, devisees, beneficiaries, trustees, successors, assigns, and all other persons entities with whom they are or were affiliated or associates, do upon full payment of the settlement amount hereby forever unconditionally and irrevocably release, remise, acquit and discharge Judgment Holders, and their respective principals, agents, contractors, representatives, partners, associates, affiliates, heirs, devisees, beneficiaries, trustees, successors, assigns, and all other persons and entities with whom they are or were affiliated or associated, of an from any and all obligations, duties, liabilities, claims, debts, demands, damages, losses, accounts, rights, costs, expenses, entitlements, burdens, bonds, suits, actions and causes of action of every type and nature (whether at law or in equity, in common law or by statute, in contract or in tort, negligent or intentional, known or unknown, foreseen or unforeseen, foreseeable or unforeseeable, direct or indirect, personal or derivative, joint or several, dependent or independent, fraudulent or inadvertent, compensatory or punitive, actual or special, fixed or contingent, matured or unmatured, expired or unexpired, or otherwise) that existed or occurred prior to the Effective Date.

G. **Entire Agreement.** This Agreement constitutes the entire agreement between the parties respecting the matters set forth herein and supersedes all prior agreements between the parties relative to the transactions contemplated herein.

H. **Governing Law and Venue.** This Agreement shall be governed by and construed under the internal laws of the State of Florida, without regard to the principles of conflicts of law. The parties consent and agree that the United States District Court in the Southern District of Florida, Miami-Dade County, Florida shall retain the jurisdiction over the case and the parties to enforce the terms of this Agreement. Accordingly, Miami-Dade County, Florida shall be the exclusive, proper, and convenient venue for any legal proceeding relating to this Agreement, and each of them waives any defenses, whether asserted by motion or pleadings, that Miami-Dade County, Florida is an improper or inconvenient venue.

I. **Counterparts.** To facilitate execution, this Agreement may be executed in as many counterparts as may be convenient or required. All counterparts shall collectively constitute a single instrument. It shall not be necessary in making proof of this Agreement to produce or account for more than a single counterpart containing the respective signatures of, or on behalf of, and the respective acknowledgments of, each of the parties hereto. Any signature or acknowledgment page to any counterpart may be detached from such counterpart without impairing the legal effect of the signatures or acknowledgments thereon and thereafter attached to another counterpart identical thereto except having attached to it additional signature or acknowledgment pages.

IN WITNESS WHEREOF, the parties have executed this Agreement, consisting of four (4) pages in total and two (2) total pages for signature, to be effective as of the date first written above.

[THIS SPACE LEFT INTENTIONALLY BLANK Witnesses
ALEXANDRA RAMOS

_(signatures)_

ENRIQUE BARTHE
NOTARY PUBLIC
STATE OF FLORIDA
Comm# DD961509
Expires 4/22/2014

NOTARY

MARIA ONELIA MACO CASTRO

FLORIDA IMMIGRANT ADVOCACY CENTER, INC.

OSCAR A ALVAREZ
MY COMMISSION # DD 853517
EXPIRES: March 10, 2013
Bonded Thru Notary Public Underwriters

MOMC

4 of 5

[Signature]

[Notary stamp: OSCAR A ALVAREZ, MY COMMISSION # DD 853517, EXPIRES: March 10, 2013, Bonded Thru Notary Public Underwriters]

By: [Signature]
Its: EXECUTIVE DIRECTOR, FIAC

[Signatures]

DEUTSCH ROTBART AND ASSOCIATES, P.A.

By: ERIKA DEUTSCH ROTBART
its: PRES. / DIRECTOR

STATE OF FLORIDA       ) ss.
COUNTY OF  FLORIDA     )

On the 2nd day of Sept in the year 2010 before me, the undersigned, a notary public in and for said state, personally appeared ~~ALEXANDRA RAMOS, MARIA ONELIA MACO CASTRO,~~ _____ the _____ for Florida Immigrant Advocacy Center, Inc and ERIKA DEUTSCH ROTBART, who are personally known to me or have provided _____. _____ as evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

[Notary stamp: NED KIMMELMAN, Commission # DD 869712, Expires March 17, 2013, Bonded Thru Troy Fain Insurance 800-385-7019]

[Signature]
Notary Public

My Commission Expires: _____

Witnesses

_____

_____

_____

JAVIER HOYLE
[Signature]

PATRICIA PERALES
[Signature]

Notary affixed or attached hereto.

5 of 5

## INDIVIDUAL ACKNOWLEDGEMENT CERTIFICATE

Republic of Peru )
Province and City of Lima ) ss:
Embassy of the )
United States of America )

I, **Amber Aura,** Vice Consul of the United States of America at Lima, Peru, duly commissioned and qualified, do hereby certify that on this day the individual(s) named below appeared before me and acknowledged to me that the attached instrument was executed freely and voluntarily:

JAVIER HOYLE
PATRICIA PERALES

This Embassy assumes no responsibility for the contents of the document.

Amber Aura
Vice Consul
U.S. Embassy, Lima

My commission expires:
**INDEFINITELY**

September 02, 2010
(Date)